IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LIFE TECHNOLOGIES CORPORATION; APPLIED BIOSYSTEMS, LLC; INSTITUTE FOR PROTEIN RESEARCH; ALEXANDER CHETVERIN; HELENA CHETVERINA; and WILLIAM HONE | : : : : : : | CIVIL ACTION |
| vs. | : : | |
| ILLUMINA, INC. and SOLEXA, INC. | : | NO. 09-706-RK |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                                                           **JUNE 7, 2010**

Presently before the Court is a Motion to Stay Defendants' Patent Counterclaims Pending Re-examination of Defendants' Patents-in-Suit by the U.S. Patent and Trademark Office.

HISTORY AND BACKGROUND

On September 21, 2009, Life Technologies Corp. ("Life Tech") together with its wholly owned subsidiary Applied Biosystems, LLC ("AB"), and the Institute for Protein Research, Alexander Chetverin, Helena Chetverina and William Hone (collectively, "Plaintiffs"), initiated this action alleging that the Defendants Illumina, Inc. and Solexa, Inc. (collectively, "Defendants"), infringe U.S. Patents No. 5,616,478, 5,958,698 and 6,001,568, (collectively, the "Chetverin Patents"). In their answer, Defendants counterclaimed against Life Tech and AB alleging infringement of four patents (collectively, the "Illumina Patents").

Life Tech has filed requests for *inter-partes* reexamination with the U.S. Patent and Trademark Office ("PTO") as to all claims for all four patents that Defendants have asserted in their counterclaim. On May 25, 2010 the Court was notified by Life Tech's counsel that the PTO had granted reexamination of all four patents asserted by Illumina in its Counterclaim, and

has issued office actions rejecting all asserted claims as unpatentable. In the present Motion, Life Tech has moved for a stay of Defendants' Patent Counterclaims in this action until the PTO examiner has entered final decisions in the reexaminations.

## APPLICABLE LAW

District Courts have the inherent power to manage their dockets and this includes the power to stay proceedings. Stryker Trauma S.A. v. Synthes (USA), 2008 WL 877848, 1 (D. N.J., 2008); Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). In determining whether a stay is appropriate, the court's discretion is guided by the following factors: (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and the trial of the case; and (3) whether discovery is complete and whether a trial date has been set. See e.g., In Re Laughlin Prods., Inc., 265 F.Supp. 2d, 525, 530 (E.D. Pa. 2003); United Sweetener USA, Inc. v. Nutrisweet Co., 766 F.Supp. 212, 217 (D. Del. 1991).

Plaintiffs argue that the reexaminations are highly likely to result in cancellations or changes of the asserted patent claims and that a stay would streamline issues in this litigation and promote efficient use of the Courts and the parties time. Plaintiffs list the many benefits they claim that could be realized as a result of the reexamination:

- allowing the Court and the parties to rely upon the PTO's technical expertise in analyzing the prior art and evaluating priority issues for the complex subject matter of the Illumina patents. *See id.* (finding "particular merit in permitting an additional layer of review by the PTO before expending further judicial resources" in part because of the number of claim terms and prior art references);

- creating a more complete record of the PTO's examination and Defendants' position as to the scope and meaning of the patent claims that would then assist the Court with claim construction and infringement analyses;

- guaranteed streamlining of all issues for trial, including claim construction, infringement, validity, and damages;

- estopping Life from presenting any invalidity arguments in Court that were raised or could have been raised before the PTO, thus resolving many invalidity issues before the Court need invest any resources in the same issues. *See Wall Corp.*, 2009 WL 528564, at *2 (finding that estoppel under 35 U.S.C. § 315(c) weighs in favor of granting a stay):

- fostering the possibility that the parties may settle their dispute over Defendants' patent counterclaims without invoking the Court's resources.

Defendants counter, that the delay in the reexamination process will be much longer than Life Tech suggests. According to Defendants the most recent statistics from the U.S. Patent Office show an average time to complete the first portion of *inter partes* reexamination now stands at 36.5 months and climbing. This figure does not include the additional years involved in the appeal process.

Defendants also argue that the subject matter underlying Plaintiffs and Defendants infringement (and invalidity) cases is related. That Illumina is the world's leader in high-throughput "next-generation" DNA sequencing technology (through sales of its accused Genome Analyzer® machines) and Life Tech is one of its chief competitors in this area (through sales of its accused SOLiD® DNA-sequencing machines). That each side has asserted that the "next generation" DNA-sequencing technology sold by the other infringes multiple patents, and each side has asserted that the patents of the other are invalid. The defense also argues that because of the nature of this action much time will be required educating the Court and the jury on the fundamentals of DNA biochemistry, how DNA is prepared for sequencing, methods used in DNA sequencing and the market for the parties "next generation" DNA sequencing technologies.

Life Tech argues that proceeding with its invalidity case against Illumina's patents

in this Court could be wasteful because the result could be contradictory to the result of the reexaminations on those patents.  Life Tech's Opening Br. at 4-5, 12; and Life Tech's Reply Br. pgs. 3 and 9.  As Illumina points out this is highly unlikely to happen because 35 U.S.C. § 317(b), which is applicable to *inter-partes* reexaminations, and which mandates that if Life Tech fails to prove that Illumina's patent claims are invalid in this Court, that result will be binding in the reexaminations ("Once a final decision has been entered against a party in a civil action . . . that the party has not sustained its burden of proving the invalidity of any patent claim in suit . . . an *inter partes* reexamination requested by that party or its privies on the basis of such issues may not thereafter be maintained . . . .").  Therefore, if this Court denies the stay, and Life Tech fails to prove that Illumina's claims are invalid, that will bar the PTO from subsequently rendering those claims invalid in the reexaminations and therefore Life Tech will not suffer any prejudice from the denial of the stay.  As Illumina goes on to argue, it is a near certainty that there will be a final decision (i.e. through appeal) in this action before there is such a decision in the reexaminations which are likely to take 6.5 to 8 years to reach a final decision.[1]

## PREJUDICE

If we grant Plaintiff's motion it is likely that the stay will be in place for a long period of time.  The prejudice that would result from the indefinite nature of the stay is increased by the fact that the stay would apply to the four counterclaim patents while the three patents alleged in the Complaint would continue on.  We agree with Illumina's contention that if we grant

---

[1] *See* Izraelewicz Decl., Exh. Q (U.S. Patent & Trademark Office, *Inter Partes* Reexamination Filing Data - March 31, 2010, http://www.uspto.gov/patents/stats/IP_quarterly_report_Mar_31_2010.pdf) (hereinafter "March 2010 PTO *Inter Partes* Reexamination Statistics").  Note also that the average length of an *inter partes* reexamination has increased to 36.5 months in 2010 (*id.*) from 28.5 months in 2008.  This delay may become even longer as *inter partes* reexaminations grow even more popular.

Life's Motion to Stay there is a strong possibility that we will have to try the issues before two different juries, each of which would have to go through the same educational process.  In addition to the above, the parties here, Life Tech and Illumina are direct competitors in the field of DNA-sequencing machines, and each has patents allegedly infringed by the others DNA-sequencing machines.  See Tesco Corp. v. Weatherford Int'l, Inc. 599 F.Supp. 2d, 848, 852 (S.D. Tex. 2009) (denied stay pending *inter-partes* reexamination because "Where the parties are direct competitors, a stay would likely prejudice the non-movant . . . .  Even though the Court may eventually determine that Plaintiff's injuries from lost market share may be fully compensable in money damages, the prejudice from delayed discovery outweigh any mitigating effect those damages might have.");  Cooper Techs. Co. v. Thomas & Betts Corp., 2008 WL 906315, at *1 (E.D. Tex. Mar. 31, 2008) (where parties are direct competitors a stay would prejudice the patent owner); Nat'l Willwell Varco, LP v. Auto-dril, Inc., case no. 5:09-cv-85-TJW (E.D. Tex. Jan. 5, 2010) ("denying stay, in part because, [the] parties are direct competitors and a denial of timely enforcement of either parties patent rights would indeed unduly prejudice that party.").

SIMPLIFICATION OF THE ISSUES BEFORE THE COURT

The reexaminations before the PTO do have the potential for simplifying the issues pertaining to the counterclaim patents in this case.  This potential benefit however, is at the expense of placing the counterclaim on hold for years while the patent case set forth in the original complaint continues on.  Further, when we consider that the patents in the original complaint and those in the counterclaim overlap at least to a certain extent and when we consider further that these claims involve parties who are in direct competition the potential for irreparable harm caused by a stay of the counterclaim far outweighs the possibility of simplifying some of the

claims at issue.

## STAGE OF THE PROCEEDINGS

Plaintiffs argue that a stay would prevent the Court and the parties from expending unnecessary resources, because the case is in a relatively early stage of litigation, that discovery is not complete and trial, although scheduled, is not impending.  Plaintiffs further argue that the close of fact discovery is still five months away and the close of expert discovery is over nine months away and that no depositions have been noticed or scheduled.

Defendants respond to these arguments by contending that a stay will not promote judicial efficiency because the parties are less than six months away from the close of fact discovery and they have already produced more than a million pages of documents relating to Illumina's infringement counterclaim.  In addition Defendants state that Life Tech has spent much effort locating prior art patents and publications in an effort to render the counterclaim patents invalid, all of which Illumina has spent considerable time analyzing in its effort to defend the counterclaim patents.  Because of this, defense argues, the Plaintiffs contention that a stay of the Defendants counterclaims would save the Court and the parties from expending unnecessary resources is overly optimistic.

According to the Revised Scheduling Order (Doc. No. 41) dated February 2, 2010 it could be said that we are about halfway through the pretrial stage with a lot of work ahead of us, but it appears that a good deal of the discovery that has been done deals with the counterclaim.  Because of this I find that this factor does not favor a stay of the counterclaim.

We therefore enter the following Order.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LIFE TECHNOLOGIES CORPORATION; APPLIED BIOSYSTEMS, LLC; INSTITUTE FOR PROTEIN RESEARCH; ALEXANDER CHETVERIN; HELENA CHETVERINA; and WILLIAM HONE | : : : : : : | CIVIL ACTION |
| vs. | : : | |
| ILLUMINA, INC. and SOLEXA, INC. | : | NO. 09-706-RK |

# **O R D E R**

**AND NOW,** this   7th    day June, 2010, the Plaintiffs' Motion to Stay the Counterclaim in the above-captioned case pending reexamination (Doc. No. 49) is **DENIED.**

BY  THE  COURT:


/s/ Robert F. Kelly
ROBERT  F. KELLY
SENIOR  JUDGE