| | |
|---|---|
| KURTIS D. MACFERRIN (CSB No. 178006)<br>BRADFORD P. SCHMIDT (CSB No. 174440)<br>LIFE TECHNOLOGIES CORPORATION<br>5791 Van Allen Way<br>Carlsbad, CA 92008<br>Telephone:  (760) 603-7200<br>Facsimile:   (760) 602-6500<br><br>NICHOLAS GROOMBRIDGE (*pro hac vice*)<br>ELIZABETH WEISWASSER (*pro hac vice*)<br>PETER SANDEL (*pro hac vice*)<br>JENNY C. WU (*pro hac vice*)<br>WEIL, GOTSHAL & MANGES LLP<br>767 5th Avenue<br>New York, NY 10153<br>Telephone: (212) 310-8000<br>Facsimile:  (212) 310-8007<br><br>AUDREY L. MANESS (*pro hac vice*)<br>WEIL, GOTSHAL & MANGES LLP<br>700 Louisiana, Suite 1600<br>Houston, TX 77002<br>Telephone:  (713) 546-5000<br>Facsimile:  (713) 224-9511<br><br>*Attorneys for Plaintiffs*<br>LIFE TECHNOLOGIES CORPORATION,<br>APPLIED BIOSYSTEMS, LLC, INSTITUTE<br>FOR PROTEIN RESEARCH, ALEXANDER<br>CHETVERIN, HELENA CHETVERINA, and<br>WILLIAM HONE | Kevin M. Flowers (*pro hac vice*)<br>Matthew C. Nielsen (*pro hac vice*)<br>Mark H. Izraelewicz (*pro hac vice*)<br>Cullen N. Pendleton (*pro hac vice*)<br>MARSHALL, GERSTEIN & BORUN LLP<br>233 South Wacker Drive<br>6300 Willis Tower<br>Chicago, Illinois 60606-6357<br>(312) 474-6300<br><br>*Attorneys for Third-Party*<br>JOHN WEST *and Defendants*<br>ILLUMINA, INC. and SOLEXA, INC. |

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LIFE TECHNOLOGIES CORPORATION,<br>APPLIED BIOSYSTEMS, LLC, INSTITUTE<br>FOR PROTEIN RESEARCH, ALEXANDER<br>CHETVERIN, HELENA CHETVERINA, and<br>WILLIAM HONE,<br><br>     Plaintiffs/Counterclaim Defendants,<br><br>     v.<br><br>ILLUMINA, INC. and SOLEXA, INC.,<br><br>     Defendants/Counterclaim Plaintiffs. | Case No. 3:11-cv-00703-JAH-POR<br><br>**JOINT DISCOVERY CONFERENCE STATEMENT**<br><br>Hearing: June 20, 2011<br>Time:      2 p.m.<br>Place:     Courtroom 11, 2nd Floor<br>Judge:    Hon. Louisa S. Porter |

JOINT DISCOVERY CONFERENCE STATEMENT                                        Case No. 3:11-cv-00703-JAH-POR

1  **I.      REQUEST AT ISSUE**

See the attached deposition notice, directed to John West. Counsel for Mr. West accepted service of the notice on his behalf on January 7, 2011.

**II.     RESPONSE TO REQUEST**

"We can now accept service of a subpoena on behalf of John West. However, please note that in permitting us to accept service on his behalf, Mr. West does not waive any objections under Rule 45 or any other rules or laws other than waiving personal service. Moreover, Mr. West will permit us to accept service on his behalf only with the understanding that Life's deposition of him, if any, must be scheduled at his convenience." (January 7, 2011 email from J. Labbe to A. Maness).

"Mr. West's objections include, but are not limited to, the following. With the exception of discovery that Life Tech agreed to provide in connection with Illumina's motion to compel, fact discovery closed on January 14 and is now complete, and Life Tech made no effort to depose Mr. West (following its January 4 notice of subpoena) until just recently. It is thus far too late in these proceedings for Life Tech to seek to depose him. Mr. West further objects on the grounds that Life Tech has not shown that he has unique, firsthand, non-repetitive knowledge of any relevant facts. Nor has Life Tech shown that it has exhausted other discovery methods that would have been less burdensome than subjecting Mr. West, a third-party CEO, to a deposition (which would disrupt and unduly burden his and a third-party company's business). For example, Life Tech failed to exhaust the knowledge of several Illumina and/or Solexa witnesses on the topic on which it says it wants to depose Mr. West (Illumina/Solexa's launch), and Life Tech also failed to seek that discovery through other less burdensome methods." (May 13, 2011 email from M. Nielsen to A. Maness).

**A.     PLAINTIFFS' REASONS WHY THEY SHOULD BE PERMITTED TO DEPOSE MR. WEST**

The subpoena to Mr. West is a valid, properly served subpoena that both complies with the Federal Rules and was served within the case fact discovery deadline. Plaintiffs began requesting the deposition of Mr. West as early as October of last year, and counsel for Defendants

indicated that Mr. West would be made available.  After encountering some difficulty in scheduling Mr. West's deposition with Defendants, Plaintiffs served the attached subpoena in January of this year to secure the deposition before the close of fact discovery.  Plaintiffs recognized that Mr. West had (and has) a busy schedule, and, after discussing the matter with defense counsel in January (after service of the subpoena was accepted), Plaintiffs patiently waited for counsel for Mr. West (and the Defendants) to offer possible dates for deposition.  But it was not until mid-April of this year when Plaintiffs were told that Mr. West would not be made available for deposition, and Plaintiffs did not receive Mr. West's objections until mid-May.  Defendants and Mr. West should not be allowed to benefit from the delay that they caused in this discovery dispute.

Mr. West's deposition is also highly relevant to this case:  Mr. West plays a unique role in the history of the plaintiff and defendant companies.  After holding a position as a senior executive at Applied Biosystems (now Life Technologies) for several years, he left and joined Solexa, where he became CEO.  At the time, Solexa was a relatively small company, and Mr. West was heavily involved in strategic decisions and the development of the company's next-generation sequencing system.  As the former CEO of Solexa and as one of the leaders of Illumina's sequencing business, Mr. West has unique and pertinent knowledge that relates to this case, including knowledge regarding the Defendants' competitive positioning in the market, and particularly as it relates to the launch of Defendants' next-generation sequencing system.  For these reasons, Mr. West should be required to appear for deposition.

### B. THIRD-PARTY MR. WEST'S BASES FOR OBJECTIONS

Pursuant to the Stipulated Amended Scheduling Order in this action, fact discovery closed on January 14, 2011. Plaintiffs knew before they filed this action that Mr. West was previously the CEO of Solexa, yet served their subpoena of Mr. West a mere seven days before the court-ordered close of fact discovery, and then (contrary to Plaintiffs' statements above) made absolutely no effort to actually depose him until three months after fact discovery had closed (when Plaintiffs called Mr. West's counsel on April 14, whereupon Mr. West's counsel conveyed

his objections and that he would not appear for deposition). Mr. West was not required to make earlier objections, and indeed, it appeared from Plaintiffs' three-month silence following the close of fact discovery that Plaintiffs had dropped their request to depose Mr. West. Also, contrary to Plaintiffs' statement above, counsel for Mr. West never indicated that Mr. West would appear for a deposition, nor were Plaintiffs ever told that Mr. West – a third party – was within counsel's control such that he "would be made available." For these reasons, it is too late in this action (and a violation of the Court's Scheduling Order) for Plaintiffs to seek to depose Mr. West.

Separately, Mr. West is a third party who has had no affiliation with Illumina or Solexa for several years. He is currently the President and CEO of a third-party stem-cell engineering company (ViaCyte) with no connection to this action. ViaCyte is a private, venture-capital backed company that depends on Mr. West as its President and CEO to lead its efforts to create and commercialize a therapy to treat diabetes using stem-cell technologies, and to do so in an industry (biotechnology) in which the failure rate is high. In view of the tremendous potential for abuse in seeking depositions of such high-ranking executives at the "apex" of their corporations, courts have prohibited such depositions unless the party seeking the deposition shows that (i) the executive has unique, firsthand, non-repetitive knowledge of relevant facts, and (ii) the party has unsuccessfully exhausted less-burdensome methods of seeking the same information

Here, Plaintiffs cannot satisfy either requirement. First, Plaintiffs have not pointed to any basis to support a belief that Mr. West has unique, firsthand, non-repetitive knowledge of the information they say they want from Mr. West (in fact, he does not). Second, Plaintiffs have not unsuccessfully exhausted less-burdensome methods of seeking the same information. Although Plaintiffs took the depositions of a number of Illumina and/or Solexa witnesses during the fact-discovery period, Plaintiffs have not pointed to a single instance in which they unsuccessfully exhausted the knowledge of any such witness on the topic of information they say they want from Mr. West, and Plaintiffs failed to seek discovery on that topic through several other less-burdensome methods available to them. For example, Plaintiffs failed to serve any written discovery requests on that topic, failed to request a specific FED. R. CIV. P. 30(b)(6) deposition on

that topic, and failed to request depositions of witnesses with whom Mr. West was in contact (and whom Illumina identified in its FED. R. CIV. P. 26(a)(1) disclosures).

Dated: June 10, 2011                    Respectfully submitted,

By: */s/ Audrey L. Maness*              By: */s/ Matthew C. Nielsen*

KURTIS D. MACFERRIN                     Kevin M. Flowers (*pro hac vice*)
(CSB No. 178006)                        Matthew C. Nielsen (*pro hac vice*)
Kurtis.MacFerrin@lifetech.com           Mark H. Izraelewicz (*pro hac vice*)
BRADFORD P. SCHMIDT                     Cullen N. Pendleton (*pro hac vice*)
(CSB No. 174440)                        MARSHALL, GERSTEIN & BORUN LLP
Bradford.Schmidt@lifetech.com           233 South Wacker Drive
NICHOLAS GROOMBRIDGE                    6300 Willis Tower
(*pro hac vice*)                        Chicago, Illinois 60606-6357
nicholas.groombridge@weil.com           (312) 474-6300
ELIZABETH WEISWASSER                    E-Mail: mnielsen@marshallip.com
(*pro hac vice*)
elizabeth.weiswasser@weil.com           *Attorneys for Third-Party*
PETER SANDEL (*pro hac vice*)           JOHN WEST *and Defendants*
peter.sandel@weil.com                   ILLUMINA, INC. and SOLEXA, INC.
JENNY C. WU (*pro hac vice*)            .
jenny.wu@weil.com
AUDREY L. MANESS (*pro hac vice*)
audrey.maness@weil.com

*Attorneys for Plaintiffs*
LIFE TECHNOLOGIES CORPORATION,
APPLIED BIOSYSTEMS, LLC,
INSTITUTE FOR PROTEIN RESEARCH, ALEXANDER CHETVERIN, HELENA CHETVERINA, and WILLIAM HONE