1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Life Technologies Corporation et al.,<br><br>    Plaintiff,<br>vs.<br><br>Illumina Inc. Et al.,<br><br>    Defendant. | CASE NO. 11-cv-00703-CAB (DHB)<br><br>ORDER ON PARTIES' CROSS MOTIONS FOR SUMMARY JUDGMENT AND PLAINTIFF'S MOTION TO STRIKE<br>[Doc. Nos. 171, 209, 240] |

    This is a patent infringement case, originally filed in the District of Delaware, and transferred to this District on April 6, 2011. [Doc. No. 184.] Just prior to the transfer, defendants Illumina, Inc. and Solex, Inc. (jointly "Illumina") filed a motion for summary judgment of invalidity of the patents at issue, U.S. Patent Nos. 5,616,478; 5,958,698; and 6,001,568, under 35 U.S.C. §§ 102(b),(e) and (g). [Doc. No. 171.] Plaintiffs Life Technologies Corp., Applied Biosystems, LLC, Institute for Protein Research, Alexander Chetverin, Helena Chetverina, and William Hone (jointly "Life Technologies') filed an opposition. [Doc. No. 207.] Illumina filed a reply. [Doc. No. 215.]

    Life Technologies also filed a cross-motion for summary adjudication of Illumina's prior invention defense, 35 U.S.C. § 102(g). [Doc. No. 209.] Illumina filed an opposition. [Doc No 239.] Life Technologies filed a reply [Doc. No. 239] and a motion to strike certain evidence offered in support of Illumina's opposition [Doc. No. 240]. Illumina filed an opposition to the motion to strike. [Doc. No. 246.] Life Technologies filed a reply. [Doc. No. 247.]

    The case was transferred to the undersigned on March 13, 2012 [Doc. No. 2012], and the

1  motions were heard on April 9, 2012 [Doc. No. 278].  Having considered the submissions of the
2  parties and the arguments of counsel, Illumina's motion for summary judgment of invalidity [Doc. No.
3  171] is **DENIED** and Life Technologies motion for summary adjudication [Doc. No. 209] is
4  **DENIED**.  Life Technologies motion to strike [Doc. No. 240] is **GRANTED**.

5        Summary judgment is appropriate if the pleadings, the discovery and disclosure materials on
6  file, and any affidavits show that there is no genuine issue of material fact and that the movant is
7  entitled to judgment as a matter of law.  Fed.R.Civ.P. 56.  The Court finds that disputed material facts
8  preclude summary judgment or summary adjudication for either party.

9  **Illumina's §102(g) Defense**

10        Illumina contends that Dr. Marilyn Stapleton reduced to practice within the United States the
11  invention disclosed in the patents at issue prior to the application date of the Life Technologies'
12  patents, making the patents invalid under 35 U.S.C. §102(g).  Illumina offers the testimony of Dr.
13  Stapleton and her laboratory notebooks and other documents as evidence that Dr. Stapleton both
14  conceived of and reduced to practice the DNA amplification invention that is claimed in the Life
15  Technologies' patents asserted in this case.  "A person shall be entitled to a patent unless . . . before
16  such person's invention thereof, the invention was made in this country by another inventor who had
17  not abandoned, suppressed, or concealed it." 35 U.S.C. §102(g).

18        To prove conception by another, the party proffering the evidence must provide more than the
19  oral testimony of the asserted inventor; there must be corroborating evidence of that testimony.  *See*
20  *Singh .v Brake,* 317 F.3d 1334,1340-41 (Fed. Cir 2002).  Dr. Stapleton's testimony alone cannot
21  establish by clear and convincing evidence that she conceived the inventions claimed in Life
22  Technologies patents prior to the patent inventors.  Illumnia offers Dr. Stapleton's laboratory
23  notebooks and other papers as contemporaneous evidence corroborating her deposition testimony and
24  further evidencing that Dr. Stapleton reduced to practice the claimed inventions prior to patent
25  inventors.

26        Life Technologies disputes both the adequacy of the information relied upon by Illumina and
27  the content of the evidence as sufficient to establish as a matter of law the Dr. Stapleton's work proves
28  prior invention by clear and convincing evidence.  As to the adequacy of the evidence, the law

provides no "particular formula that an inventor must follow in providing corroboration of [her] testimony of conception." *Id*. at 1341. Whether testimony has been sufficiently corroborated is determined by a "rule of reason" analysis, in which "an evaluation of all pertinent evidence must be made so that a sound determination of the credibility of the inventor's story may be reached." *Id.,citing Price v. Symsek*, 988 F.2d 1187, 1195 (Fed. Cir. 1993).

Whether Dr. Stapleton's testimony, laboratory notebooks and other documents adequately demonstrate by clear and convincing evidence that she conceived and reduced to practice the elements of each claim of the asserted patents is disputed by Life Technologies. Although conception and reduction to practice are questions of law, they are predicated on factual findings, *Singh,* 317 F.3d at 1340, including a determination of Dr. Stapleton's credibility and the sufficiency of her supporting documents, and whether those documents disclose each element of the asserted claims. The disputes as to those material facts preclude summary judgment for Illumina. Illumina's motion as to its §102(g) defense is DENIED. Similarly, the Court finds that these factual disputes regarding whether Dr. Stapleton can establish that she conceived and reduced to practice the patented inventions first, precludes summary adjudication of this defense on behalf of Life Technologies. Life Technologies' motion dismissing Illumina's 102(g) defense is also DENIED.

**The Motion to Strike**

In response to Life Technologies' motion for summary adjudication, Illumina submittted certain invoices and a third party declaration by Dr. Lauranell Burch, to further corroborate Dr. Stapleton's testimony and other evidence. Life Technologies moved to strike this evidence as untimely and prejudicial. [Doc. No. 240.] The Court finds these submissions untimely and their production after the close of discovery with the summary judgment motions already filed, prejudicial to Life Technologies. Illumina has not demonstrated diligence identifying the invoices or the witness, to excuse the untimeliness of the disclosures. The Court did not consider these late submissions with regard to the present motions, and Illumina may not introduce the invoices at trial or call Dr. Burch to testify. The motion to strike is GRANTED.

**Illumina's §102(b) and §102(e) Defenses**

Illumina also moves for summary judgment of invalidity under 35 U.S.C. §102(b), claiming

an International Patent Application, filed by Dr. Stapleton, and published on May 30, 1991, more than one year before the filing date of the patents at issue contains the limitations of all the asserted claims in this litigation, and therefore anticipates the claimed inventions. There is no dispute that the 1991 Application qualifies as prior art. Illumina's element-by-element analysis demonstrating that Dr. Stapleton's 1991 Application discloses all the limitations of the patents at issue, however, is disputed by Life Technologies. The plaintiffs' expert disagrees strongly with Illumina's intepretation of the reference and the analysis of what it discloses. Anticipation is a question of fact and the disputes between the parties as to what the Stapleton 1991 Application discloses are material.

Illumina also asserts that a publication in the May 1991 edition of <u>Priroda</u> (Nature), co-authored by one of the inventors of the patents at issue, discloses all the limitations of the claimed inventions. Although there appears to be no dispute that the publication qualifies as §102(b) prior art, Life Technologies disagrees that the article discloses the patented invention, much less all the elements of the asserted claims, and further disputes the defendants' translation of the publication from Russian to English. Questions of fact between the parties as to what the Priroda publication discloses are material. The motion as to Illumina's §102(b) defenses is DENIED.

Finally, Illumina contends that U.S. Patent No. 5,451,500, that issued to Dr. Stapleton on September 19, 1995, from the International Patent Application published in 1991, also invalidates the asserted claims under §102(e). The parties again dispute whether the '500 patent discloses all the elements of the claimed inventions and further there is disagreement regarding its prior art status. As with the other references discussed above, the Court finds material facts in dispute precluding summary judgment. The motion as to Illumina's §102(e) defense is DENIED.

DATED: April 16, 2012

**CATHY ANN BENCIVENGO**
United States District Judge