MATTHEW D. MURPHEY (SBN 194111)
TROUTMAN SANDERS LLP
11682 El Camino Real, Suite 400
San Diego, CA 92130
Telephone: (858) 509-6000

BRADFORD PAUL SCHMIDT (SBN 174440)
LIFE TECHNOLOGIES CORPORATION
5791 Van Allen Way
Carlsbad, CA 92008
Telephone: (760) 603-7200

NICHOLAS GROOMBRIDGE (*pro hac vice*)
CATHERINE NYARADY (*pro hac vice*)
PETER SANDEL (*pro hac vice*)
JENNY C. WU (*pro hac vice*)
REBECCA FETT (*pro hac vice*)
ROBERT LIN (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of Americas
New York, NY 10019
Telephone: (212) 373-3000

Attorneys for Plaintiffs/Counterclaim Defendants
LIFE TECHNOLOGIES CORPORATION,
APPLIED BIOSYSTEMS, LLC, INSTITUTE
FOR PROTEIN RESEARCH, ALEXANDER
CHETVERIN, HELENA CHETVERINA, and
WILLIAM HONE

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIFE TECHNOLOGIES CORPORATION, APPLIED BIOSYSTEMS, LLC, INSTITUTE FOR PROTEIN RESEARCH, ALEXANDER CHETVERIN, HELENA CHETVERINA, and WILLIAM HONE, <br><br>     Plaintiffs/Counterclaim Defendants, <br><br> v. <br><br> ILLUMINA, INC. and SOLEXA, INC., <br><br>     Defendants/Counterclaim Plaintiffs. | Case No. 3:11-cv-00703-CAB (DHB) <br><br> **[REDACTED] MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO ILLUMINA AND SOLEXA'S MOTION TO EXCLUDE TESTIMONY OF ANNELISE E. BARRON, PH.D. REGARDING THE PROPERTIES OF THE "BTA" SURFACE MATERIAL** <br><br> **[FILED UNDER SEAL]** <br><br> Date:      January 17, 2012 <br> Time:      2:30 p.m. <br> Courtroom:   2 <br> Judge:      Hon. Cathy Ann Bencivengo |

# TABLE OF CONTENTS

**Page(s)**

TABLE OF AUTHORITIES ............................................................................................ ii

I.    PRELIMINARY STATEMENT .......................................................................... 1

II.   LEGAL STANDARD ........................................................................................ 2

III.  FACTUAL BACKGROUND .............................................................................. 3

    A.    Dr. Barron's Qualifications ..................................................................... 3

    B.    The BTA Attachment Chemistry .............................................................. 4

IV.   ARGUMENT ..................................................................................................... 4

    A.    Dr. Barron is Qualified to Offer Expert Testimony ................................. 4

    B.    Dr. Barron's Expert Opinion is Admissible ............................................ 5

    C.    Dr. Barron's Opinion is Well Grounded and Based on the Factual Evidence ......... 6

V.    CONCLUSION .................................................................................................. 9

1

2

<u>**Table of Authorities**</u>

3

**Page(s)**

4

CASES

5

*350 W.A. LLC v. Chubb Group of Ins.,*
  No. 05CV75 WQH (CAB), 2007 WL 4365502 (S.D. Cal. Dec. 5, 2007) ........................... 2, 6

6

7

*Daubert v. Merrell Dow Pharm., Inc.,*
  509 U.S. 579 (1993) .................................................................................................. 2, 3, 6

8

*Lucent Techs., Inc. v. Microsoft Corp.,*
  837 F. Supp. 2d 1107 (S.D. Cal. 2011) .......................................................................... 2

9

10

*Pharmastem Therapeutics, Inc. v. Viacell, Inc.,*
  491 F.3d 1342 (Fed. Cir. 2007) ...................................................................................... 8

11

OTHER AUTHORITIES

12

Fed. R. Evid. 702 ........................................................................................................... 2, 6

*350 W.A. LLC v. Chubb Group of Ins.,* No. 05CV75 WQH (CAB), 2007 WL 4365502 (S.D. Cal. Dec. 5, 2007) — 2, 6
*Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579 (1993) — 2, 3, 6
*Lucent Techs., Inc. v. Microsoft Corp.,* 837 F. Supp. 2d 1107 (S.D. Cal. 2011) — 2
*Pharmastem Therapeutics, Inc. v. Viacell, Inc.,* 491 F.3d 1342 (Fed. Cir. 2007) — 8
Fed. R. Evid. 702 — 2, 6

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Doc#: US1:8302138v1    11-cv-00703-CAB (DHB)

1

## I.   PRELIMINARY STATEMENT

The patents-in-suit relate to methods of creating colonies or clusters of identical DNA molecules.  A key part of this method is confining each starting DNA molecule within a particular physical space so as to ensure that the resulting colonies do not overlap or intermix with one another.  In the accused products, Illumina accomplishes this by attaching the starting DNA molecules to a so-called flow cell in which the colonies or clusters are generated.  This motion concerns the chemical means by which Illumina accomplishes that attachment.



As shown below, the answer to that question is unequivocally "yes."

Dr. Barron is a professor of bioengineering at Stanford University.  Previously, she was a professor of chemical and biological engineering at Northwestern University.  She is a leading scientist in a number of areas involving polymers and DNA including polymer physics and chemistry, molecular manipulations of DNA by methods such as PCR, the behavior of DNA in polyacrylamide gels, and the development of new DNA sequencing technologies.  Dr. Barron has

11-cv-00703-CAB (DHB)

extensive training in chemistry and has published multiple peer-reviewed publications on attachment chemistries, ███████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████

As Illumina's motion makes clear, its real complaint is that it disagrees with Dr. Barron's opinion. Illumina asserts, for example, that Dr. Barron "mischaracterizes the factual record," "ignores contradictory evidence" and "ignore[s] alternative explanations for the evidence." [Opening Br. (Doc. No. 333-1) at 4, 5, 6.] If Illumina genuinely believes this, it is free to cross-examine Dr. Barron or to call its own witnesses to testify on these subjects. But Dr. Barron's testimony cannot be excluded merely because Illumina contends there are "alternative explanations" for inconvenient facts. The role of *Daubert* is not to keep out testimony merely because the opposing party considers it to be incorrect. Just like the other three motions to exclude that Illumina has filed, this motion should be denied.

## II.     LEGAL STANDARD

Expert testimony is admissible under Rule 702 of the Federal Rules of Evidence if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702; *see also Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993). The requirement of Rule 702 "is not intended to authorize a trial court to exclude an expert's testimony on the ground that the court believes one version of the facts and not the other." *Lucent Techs., Inc. v. Microsoft Corp.*, 837 F. Supp. 2d 1107, 1123 (S.D. Cal. 2011). The law is clear that "the weakness [or strength] in the underpinnings of expert opinions may be developed upon cross-examination, as such weakness [or strength] goes to the weight and credibility of the testimony as opposed to its admissibility." *350 W.A. LLC v. Chubb Group of Ins.*, No. 05CV75 WQH (CAB), 2007 WL 4365502, at *21 (S.D. Cal. Dec. 5, 2007) (citing *Bergen v. F/V St. Patrick*, 816 F.3d 1345, 1352

n.5 (9th Cir. 1987)) (internal quotes omitted).  As the Supreme Court noted, "vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof" are the "traditional and appropriate" mechanism for challenging evidence that a party believes to be incorrect.  *Daubert*, 509 U.S. at 596.

## III.   FACTUAL BACKGROUND

### A.   Dr. Barron's Qualifications

Dr. Barron has been a professor for over 15 years.  She is currently the W.M. Keck Associate Professor of Bioengineering at Stanford University.  Prior to her current position, Dr. Barron was a professor of chemical and biological engineering at Northwestern University.  Her research and expertise have focused on four areas: (1) polymer, co-polymer, and hydrogel physics and chemistry; (2) the biophysics of DNA molecules in aqueous salt solutions; (3) molecular biologic manipulations of DNA by methods such as PCR; and (4) the behavior of DNA molecules within polyacrylamide solutions and hydrogels.  [Declaration of Robert Lin in support of Memorandum of Points and Authorities in Opposition to Illumina and Solexa's Motion to Exclude Testimony of Annelise E. Barron, Ph.D. Regarding the Properties of the "BTA" Surface Material (hereinafter "Lin Decl.") Exh. 1 (8/3/2012 Barron Report) at ¶ 4; *see also id.* at ¶¶ 4-13 (providing further details of Dr. Barron's qualifications).]  Her laboratory specializes in the design, chemical synthesis, rigorous purification, and detailed physical characterization of acrylamide-based, water-soluble polymers, with the goal of developing enhanced DNA sequencing technologies.  [*Id.* at ¶ 7.]  Dr. Barron also has extensive training in mathematics, physics, chemistry (synthetic and biochemistry), biophysics, and biology (molecular and cell).  [*Id.* at ¶ 8.]  She has broad and deep knowledge of the scientific understanding of DNA sequencing, and the "technical aspects of the cutting-edge instruments" involved in DNA sequencing, which include the "DNA sequencing instruments manufactured and sold by Illumina." [*Id.* at ¶ 10.]  Dr. Barron has won numerous honors and awards in this field.  [*Id.* at ¶ 11.]  Furthermore, she has co-authored more than "128 peer-reviewed original research articles, critical review of the scientific literature, and book chapters on technical subjects."  [*Id.* at ¶ 13.]

1  Illumina does not dispute that Dr. Barron meets her own and Illumina's requirements for one of

2  ordinary skill in the art.

3    **B.**



18  **IV.    ARGUMENT**

19        **A.        Dr. Barron is Qualified to Offer Expert Testimony**

20        There can be no genuine dispute that Dr. Barron is qualified to provide expert testimony

21  regarding polymer chemistry or surface attachment chemistries.   Dr. Barron's publications

22  include studies and reviews of common attachment chemistries, as well as the characterization of

23  novel chemistries.   Indeed, Dr. Barron's publications include discussions of both silane-based

24  attachment chemistries and silane-free attachment chemistries.   *See e.g*., Erin A.S. Doherty et al.,

25  *Critical factors for high-performance physically absorbed (dynamic) polymeric wall coatings for*

26  *capillary electrophoresis of DNA*, 23 Electrophoresis 2766 (2002) [Lin Decl. Exh. 5.]; Erin A.S.

27  Doherty et al., *Microchannel wall coatings for protein separations by capillary and chip*

28  *electrophoresis*, 24 Electrophoresis 34 (2003) (reviewing surface chemistry attachment

1   techniques and use of silanes) [Lin Decl. Exh. 6]; and Robert J. Meagher et al., *A very thin*

2   *coating for capillary zone electrophoresis of proteins based on a tri(ethylene glycol)-terminated*

3   *alkyltrichlorosilane*, 25 Electrophoresis 405 (2004) (discussing the use of silane coatings) [Lin

4   Decl. Exh. 7.]   Dr. Barron's publications in this regard are directly relevant to the dispute

5   regarding BTA, as it is a silane-based attachment chemistry.   ████████████████

6   ████████████████   Dr. Barron has published that silane-based attachment "works well while

7   fresh . . . [but has] limited stability and lifetime."  Doherty et al. (2002) at 2766 [Lin Decl. Exh.

8   5.]

9        Illumina suggests that Dr. Barron lacks expertise because she has not published research

10  papers specifically regarding the use of BTA.   But Illumina's argument in this regard is a red

11  herring.   In the first instance, Dr. Barron *has* researched and published on attachment chemistries

12  using a broad array of silanes, including the specific silane used for BTA attachment.  *See e.g.*,

13  Meagher et al. (2004) at 407 (describing the use of 3-aminopropanesilane ("APTS")) [Lin Decl.

14  Exh. 7.]  Moreover, Illumina has cited no case law supporting the proposition that an expert needs

15  to have publications relating to the use of a specific chemical, particularly where their expertise in

16  the class of chemicals is undisputed. ███████████████████████████████

17  ████████████████████████████████████████████████

18       **B.      Dr. Barron's Expert Opinion is Admissible**

19       Illumina accuses Dr. Barron of mischaracterizing the factual record and ignoring

20  contradictory evidence.  [*See* Opening Br. (Doc. No. 333-1) at 4-5.]  Not surprisingly, Plaintiffs

21  disagrees with Illumina in this regard.  But even if Illumina's accusations were true, the existence

22  of a disagreement regarding the evidence or interpretation of the data presented does not warrant

23  exclusion under *Daubert*.   Rather, a dispute regarding the significance or interpretation of the

24  evidence is precisely what the fact-finder is to resolve.   Having an expert witness explain

25  documents or evidence contained in the factual record is hardly unusual—providing assistance to

26  the Court on technical issues is one of the primary rationales for having expert testimony under

27  Rule 702.   Nor is the existence of purportedly contradictory evidence a cognizable basis for

28  exclusion.  To the extent that such evidence exists and reveals a weakness in the underpinnings of

1    Dr. Barron's expert opinions, Illumina may explore these issues upon cross-examination, as such

2    "weakness goes to the weight and credibility of the testimony as opposed to its admissibility."

3    *350 W.A. LLC*, 2007 WL 4365502, at *21; *see also Daubert*, 509 U.S. at 596 ("[V]igorous cross-

4    examination, presentation of contrary evidence, and careful instruction on the burden of proof are

5    the traditional and appropriate means of attacking shaky but admissible evidence.")

6    **C.     Dr. Barron's Opinion is Well Grounded and Based on the Factual Evidence**

1      ███████    *See, e.g.*, Linda A. Chrisey et al., *Covalent attachment of synthetic DNA to self-*

2 *assembled monolayer films*, 24 Nucleic Acids Research 3031 (1996) [Lin Decl. Exh. 8]; Emily A.

3 Smith & Wei Chen, *How to Prevent the Loss of Surface Functionality Derived from*

4 *Aminosilanes*, 24 Langmuir 12405 (2008) (Lin Decl. Exh. 9).  Dr. Barron's own publications note

5 that silane-based attachment of polyacrylamide works well while fresh but has "limited stability

6 and lifetime."  *See* Doherty et al., (2002) at 2766 [Lin Decl. Exh. 5]. ████████████

7 ████████████████████████████████████████████████

8 ████████████████████████████████████████████████

9 ████████████████████████████████████████████

10     █████████████████████████████████████████████

11 ████████████████████████████████████████████████

12 ████████████████████████████████████████████████

13 ████████████████████████████████████████████████

14 ████████████████████████████████████████████████

15 ████████████████████████████████████████████████

16 ████████████████████████████████████████████████

17 ████████████████████████████████████████████████

18 ████████████████████████████████████████████████

19 ████████████████████████████████████████████████

20 ████████████████████████████████████████████████

21 ████████████████████████████████████████████████

22 ████████████████████████████████████████████████

23 ████████████████████████████████████████████████

24 ████████████████████████████████████████████████

25 ████████████████████████████████████████████████

26 ████████████████████████████████████

27 _____

28 [1] ████████████████████████████████████████████████
████████████████████████████

Illumina argues that Dr. Barron cannot offer any insight on the BTA surface chemistry beyond what is in the factual record and thus should be excluded. [Opening Br. (Doc. No. 333-1) at 3.] It is, however, entirely common to have an expert assist the jury by explaining complex technical or scientific documents. Given the level of complexity regarding this topic it seems inconceivable that Dr. Barron's technical expertise will not be of assistance in explaining experiments and data such as that discussed in the graph above.

Illumina suggests that *Pharmastem Therapeutics, Inc. v. Viacell, Inc.* supports its motion to exclude Dr. Barron from offering testimony. [Opening Br. (Doc. No. 333-1) at 7 (citing 491 F.3d 1342, 1354 (Fed. Cir. 2007).] However, the *Pharmastem* case stands for the uncontroversial proposition that an expert can only offer testimony in his or her area of expertise. In *Pharmastem*, the Federal Circuit affirmed the district court's post-trial exclusion of an expert's trial testimony because the expert's infringement opinion was based "almost entirely based on an interpretation of the defendants' marketing materials and materials directed to investors" and thus the experience of the expert "as a cell biologist was of no apparent help to the jury." *Pharmastem*, 491 F.3d at 1355. Moreover, the "the jury was fully capable of understanding those [marketing] materials without expert assistance." *Id.* at 1354. By contrast, Dr. Barron's opinions in this case are based on scientific testing related specifically to her expertise in surface attachment chemistries. ██████████████ Here, it is highly unlikely that

Doc#: US1:8302138v1

1    the jury would be fully capable of understanding the scientific testing and silane-based surface

2    chemistry without expert assistance, and thus Dr. Barron's testimony is very likely to be of help

3    to them.

4    **V.    CONCLUSION**

5         Illumina may disagree with Dr. Barron's opinions regarding the usefulness of the BTA

6    surface chemistry in the accused products.   But Illumina can explore those topics on cross-

7    examination.   There is no doubt, however, that Dr. Barron is a qualified expert in the field of

8    silane-based surface chemistry.  That Dr. Barron's opinions are supported by the evidence and the

9    scientific literature further demonstrates that her opinions regarding BTA are admissible under

10   Rule 702.  Illumina's motion should therefore be denied.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

Dated: December 21, 2012                    Respectfully Submitted,

2

3
                                            By:   /s/ Jenny C. Wu
4                                           Jenny C. Wu

5                                           Bradford Paul Schmidt
                                            LIFE TECHNOLOGIES CORPORATION
6                                           5791 Van Allen Way
                                            Carlsbad, CA 92008
7                                           Telephone:  (760) 603-7200

8
                                            Nicholas Groombridge (*pro hac vice*)
9                                           Catherine Nyarady (*pro hac vice*)
                                            Peter Sandel (*pro hac vice*)
10                                          Jenny C. Wu (*pro hac vice*)
                                            Rebecca Fett (*pro hac vice*)
11                                          Robert Lin (*pro hac vice*)
12                                          PAUL, WEISS, RIFKIND, WHARTON &
                                            GARRISON LLP
13                                          1285 Avenue of Americas
                                            New York, NY 10019
14                                          Telephone: (212) 373-3000

15                                          Matthew D. Murphey
16                                          TROUTMAN SANDERS LLP
                                            11682 El Camino Real, Suite 400
17                                          San Diego, CA  92130
                                            Telephone:  (858) 509-6000
18

19                                          *Attorneys for Plaintiffs*
                                            LIFE TECHNOLOGIES CORPORATION,
20                                          APPLIED BIOSYSTEMS, LLC, INSTITUTE FOR
                                            PROTEIN RESEARCH, ALEXANDER
21                                          CHETVERIN, HELENA CHETVERINA, and
                                            WILLIAM HONE
22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that, on December 21, 2012, a true and correct copy of the document

entitled:

**[REDACTED] MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO ILLUMINA'S MOTION TO EXCLUDE TESTIMONY OF ANNELISE E. BARRON, PH.D REGARDING THE PROPERTIES OF THE "BTA" SURFACE MATERIAL**

was transmitted to the parties and counsel of record listed below via the Court's CM-ECF system

as a result of the electronic filing of these documents.

I also certify that true and correct copies of the following sealed lodged proposed

documents entitled:

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO ILLUMINA'S MOTION TO EXCLUDE TESTIMONY OF ANNELISE E. BARRON, PH.D REGARDING THE PROPERTIES OF THE "BTA" SURFACE MATERIAL [FILED UNDER SEAL]**

| | |
|---|---|
| Bradford P. Schmidt<br>LIFE TECHNOLOGIES CORPORATION<br>5791 Van Allen Way<br>Carlsbad, CA 92008<br>Telephone:  (760) 603-7200<br>Email:<br>bradford.schmidt@lifetech.com | *Attorneys for Plaintiffs*<br>LIFE TECHNOLOGIES CORPORATION, APPLIED BIOSYSTEMS, LLC, INSTITUTE FOR PROTEIN RESEARCH, ALEXANDER CHETVERIN, HELENA CHETVERINA, and WILLIAM HONE |
| Nicholas Groombridge  (*pro hac vice*)<br>Catherine Nyarady  (*pro hac vice*)<br>Peter Sandel  (*pro hac vice*)<br>Rebecca Fett (*pro hac vice*)<br>Jenny C. Wu  (*pro hac vice*)<br>Robert Lin (*pro hac vice*)<br>Catherine Nyarady (*pro hac vice*)<br>PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP<br>1285 Avenue Of Americas<br>New York, NY 10019<br>Telephone:  (212) 373-3000<br>Email:<br>ngroombridge@paulweiss.com<br>psandel@paulweiss.com<br>rfett@paulweiss.com<br>jcwu@paulweiss.com<br>rlin@paulweiss.com | *Attorneys for Plaintiffs*<br>LIFE TECHNOLOGIES CORPORATION, APPLIED BIOSYSTEMS, LLC, INSTITUTE FOR PROTEIN RESEARCH, ALEXANDER CHETVERIN, HELENA CHETVERINA, and WILLIAM HONE |

11-cv-00703-CAB (DHB)

| | |
|---|---|
| Matthew D. Murphey<br>TROUTMAN SANDERS LLP<br>11682 El Camino Real, Suite 400<br>San Diego, CA 92130<br>Telephone:  (858) 509-6000<br>Email:<br>matt.murphey@troutmansanders.com | *Attorneys for Plaintiffs*<br>LIFE TECHNOLOGIES<br>CORPORATION, APPLIED<br>BIOSYSTEMS, LLC, INSTITUTE<br>FOR PROTEIN RESEARCH,<br>ALEXANDER CHETVERIN,<br>HELENA CHETVERINA, and<br>WILLIAM HONE |
| E. Joseph Connaughton<br>PAUL, PLEVIN, SULLIVAN & CONNAUGHTON<br>LLP<br>101 Broadway, Ninth Floor<br>San Diego, CA 94304<br>Telephone:  (619) 744-3645<br>Email:<br>connaughton@paulplevin.com | *Attorneys for*<br>*Defendants/Counterclaimants*<br>ILLUMINA, INC. and SOLEXA, INC. |
| Mark H. Izraelewicz *(pro hac vice)*<br>Kevin M. Flowers *(pro hac vice)*<br>Matthew C. Nielsen *(pro hac vice)*<br>Cullen N. Pendleton *(pro hac vice)*<br>John R. Labbe *(pro hac vice)*<br>MARSHALL, GERSTEIN & BORUN LLP<br>233 South Wacker Drive<br>6300 Willis Tower<br>Chicago, IL 60606<br>Telephone:  (312) 474-6300<br>Email:<br>mizraelewicz@marshallip.com<br>kflowers@marshallip.com<br>mnielsen@marshallip.com<br>cpendleton@marshallip.com<br>jlabbe@marshallip.com | *Attorneys for*<br>*Defendants/Counterclaimants*<br>ILLUMINA, INC. and SOLEXA, INC. |
| Ronald M. Wawrzyn *(pro hac vice)*<br>Matthew M. Wawrzyn *(pro hac vice)*<br>WAWRZYN LLC<br>233 South Wacker Drive, 84th Floor, Willis Tower<br>Chicago, IL 60606<br>Telephone:  (312) 283-8330<br>Email:<br>matt@wawrzynlaw.com | *Attorneys for*<br>*Defendants/Counterclaimants*<br>ILLUMINA, INC. and SOLEXA, INC. |
| Jeffrey N. Costakos *(pro hac vice)*<br>Rebecca J. Pirozzolo-Mellowes *(pro hac vice)*<br>FOLEY & LARDNER, LLP<br>777 East Wisconsin Avenue<br>Milwaukee, WI 53202<br>Telephone:  (414) 297-5717<br>Email:<br>jcostakos@foley.com<br>jpirozzolo-mellowes@foley.com | *Attorneys for*<br>*Defendants/Counterclaimants*<br>ILLUMINA INC. and SOLEXA, INC. |

2

Doc#: US1:8302138v1

11-cv-00703-CAB (DHB)

| | |
|---|---|
| Steven J. Balick<br>Andrew Dieter Cordo<br>Lauren E. Maguire<br>Tiffany Geyer Lydon<br>ASHBY & GEDDES<br>500 Delaware Avenue, 8th Floor<br>PO Box 1150<br>Wilmington, DE  19899<br>Telephone:  (302) 654-1888<br>Email:<br>sbalick@ashby-geddes.com<br>acordo@ashby-geddes.com<br>lmaguire@ashby-geddes.com<br>tlydon@ashby-geddes.com | *Attorneys for*<br>*Defendants/Counterclaimants*<br>ILLUMINA, INC. and SOLEXA, INC. |

I declare under penalty of perjury under the laws of the State of California and the United States of America, that the above is true and correct, and that I executed this Certificate of Service on December 21, 2012 at New York, New York.

*s/ Jenny C. Wu*
Jenny C. Wu
E-mail:  JCWu@paulweiss.com

Doc#: US1:8302138v1

11-cv-00703-CAB (DHB)