1
2
3
4

E. JOSEPH CONNAUGHTON (SBN 166765)
**PAUL, PLEVIN, SULLIVAN & CONNAUGHTON** LLP
101 West Broadway, Ninth Floor
San Diego, CA  92101-8285
Telephone: 619-237-5200
Facsimile: 619-615-0700
jconnaughton@paulplevin.com

5
6
7
8
9

Kevin M. Flowers (pro hac vice)
Matthew C. Nielsen (pro hac vice)
Mark H. Izraelewicz (pro hac vice)
Cullen N. Pendleton (pro hac vice)
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Willis Tower
Chicago, Illinois 60606-6357
(312) 474-6300

10
11
12
13

Ronald M. Wawrzyn (pro hac vice)
Matthew M. Wawrzyn (pro hac vice)
WAWRZYN LLC
233 South Wacker Drive
84th Floor, Willis Tower
Chicago, IL 60606
(312) 283-8330

14

Attorneys for Defendants
ILLUMINA, INC. and SOLEXA, INC.

15
16

17

UNITED STATES DISTRICT COURT

18

SOUTHERN DISTRICT OF CALIFORNIA

19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| LIFE TECHNOLOGIES CORPORATION; APPLIED BIOSYSTEMS, LLC; INSTITUTE FOR PROTEIN RESEARCH; ALEXANDER CHETVERIN; HELENA CHETVERINA and WILLIAM HONE,<br><br>Plaintiffs,<br><br>v.<br><br>ILLUMINA, INC. and SOLEXA, INC.,<br><br>Defendants. | CASE NO. 11-CV-0703-CAB-(DHB)<br><br>**ILLUMINA'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT OF PATENT NOS. 6,654,505 AND 6,831,994 AND PARTIAL SUMMARY JUDGMENT OF NO EARLIER PRIORITY DATE FOR U.S. PATENT NO. 6,654,505**<br><br>Date:    January 17, 2013<br>Time:    2:30 p.m.<br>Ctrm:    2<br>Judge:   Hon. Cathy Ann Bencivengo |

ILLUMINA'S MEMO OF POINTS AND
AUTHORITIES IN OPPOSITION TO PLAINTIFFS'
MSJ OF NON-INFRINGEMENT

11-cv-00703-CAB (DHB)

# TABLE OF CONTENTS

I. INTRODUCTION.................................................................................... 1

II. COUNTER-STATEMENT OF MATERIAL FACTS ................................................ 2

    A.    The SOLiD System Image Alignment ................................................ 2

    B.    The '505 Patent.................................................................... 4

III. LEGAL STANDARDS............................................................................ 5

IV. ARGUMENT...................................................................................... 6

    A.    Life Tech Improperly Attempts to Import Limitations into the '994
           Claims from the '505 Claims .................................................... 6

         1.    Life Tech cannot avoid infringing the '994 claims by
               ignoring the actual limitations of the claims............................. 7

         2.    Life Tech cannot avoid infringing the '994 claims by
               arguing about limitations found only in the '505 claims .................. 10

    B.    Life Tech Misconstrues the "tracking" limitation of the '505 Claims................. 11

         1.    Life Tech cannot avoid infringement of the '505 claims by
               misconstruing the "tracking" limitation to require tracking
               individual beads ....................................................... 12

         2.    Life Tech cannot avoid infringement of the '505 claims by
               misconstruing the "tracking" limitation to require directly
               detecting the microparticles ............................................ 15

    C.    The Evidence and Law Support Illumina's Allegations of Indirect
           Infringement....................................................................... 18

         a.    Under controlling precedent, the evidence supports a
               presumption that Life Tech intended to induce
               infringement........................................................... 19

         b.    Under controlling precedent, the evidence supports a
               presumption of Life Tech's knowledge for
               contributory infringement ............................................. 21

    D.    The '505 Patent Properly Claims Priority to the '445 Patent .............................. 22

V. CONCLUSION.................................................................................... 25

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

ILLUMINA'S MEMO OF POINTS AND
AUTHORITIES IN OPPOSITION TO PLAINTIFFS'
MSJ OF NON-INFRINGEMENT

i

11-cv-00703-CAB (DHB)

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Caterpillar Tractor Co. v. Berco, S.P.A.*
714 F.2d 1110 (Fed. Cir. 1983) ................................................................................17

*Cole v. Kimberly-Clark Corp.*
102 F.3d 524 (Fed. Cir. 1996) ...................................................................................6

*DSU Med. Corp. v. JMS Co., Ltd.*
471 F.3d 1293 (Fed. Cir. 2006) .................................................................18, 19, 22

*Ethicon Endo-Surgery, Inc. v. U.S. Surgical Corp.*
149 F.3d 1309 (Fed. Cir. 1998) .................................................................................6

*Fujitsu Ltd. v. Netgear Inc.*
620 F.3d 1321 (Fed. Cir. 2010) ..........................................................................21, 22

*In re Alton*
76 F.3d 1168 (Fed. Cir. 1996) ................................................................................23

*Kao Corp v. Unilever U.S., Inc.*
441 F.3d 963 (Fed. Cir. 2006) ................................................................................23

*MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*
420 F.3d 1369 (Fed. Cir. 2005) ..........................................................................18, 19

*Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*
545 U.S. 913, 125 S.Ct. 2764, 162 L.Ed.2d 781 (2005).........................................22

*Retractable Techs., Inc. v. Becton, Dickinson & Co.*
653 F.3d 1296 (Fed. Cir. 2011) ..........................................................................16, 17

*Ricoh Co. v. Qunata Computer Inc.*
550 F.3d 1325 (Fed. Cir. 2008) .................................................................18, 19, 21, 22

*Spansion, Inc. v. ITC*
629 F.3d 1331 (Fed. Cir. 2010) ................................................................................22

*SunRace Roots Enter. Co., Ltd. v. SRAM Corp.*
336 F.3d 1298 (Fed. Cir.2003) ................................................................................17

*U.S. Phillips Corp. v. Iwasaki Elec. Co. Ltd.*
505 F.3d 1371 (Fed. Cir. 2007) .................................................................................6

*Vas-Cath Inc. v. Mahurkar*
  935 F.2d 1555 (Fed. Cir. 1991) ...................................................................................23

*Vitronics Corp. v. Conceptronic, Inc.*
  90 F.3d 1576 (Fed. Cir. 1996) ....................................................................................15

**FEDERAL: STATUTES, RULES, REGULATIONS, CONSTITUTIONAL PROVISIONS**

35 U.S.C. § 112........................................................................................................................23

35 U.S.C. § 120..................................................................................................................22, 23

35 U.S.C. § 271(b)........................................................................................................2, 14, 18

35 U.S.C. § 271(c).........................................................................................................2, 18, 21

Fed. R. Civ. 56(c)......................................................................................................................5

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

ILLUMINA'S MEMO OF POINTS AND
AUTHORITIES IN OPPOSITION TO PLAINTIFFS'
MSJ OF NON-INFRINGEMENT

iii

11-cv-00703-CAB (DHB)

# I.    INTRODUCTION

Plaintiffs' motion for summary judgment of non-infringement of U.S. Patent No. 6,654,505 ("the '505 patent") and 6,831,994 ("the '994 patent") and partial summary judgment of no earlier priority date for U.S. Patent No. 6,654,505 should be denied in its entirety.

Life Tech's argument regarding the '994 patent fails because Life Tech does not even address the actual claim term in dispute. Instead, Life Tech argues that its SOLiD system does not infringe the '994 patent because SOLiD does not satisfy a limitation found only in the '505 patent claims – "tracking positions of the microparticles." The disputed term in the '994 patent – "signal tracking means" – was construed by Judge Kelley in a manner that did not include the "tracking positions of the microparticles" limitation from the '505 patent. Nothing in the single paragraph Life Tech dedicates to the '994 patent explains why this Court should ignore Judge Kelley's claim construction. In contrast, Illumina's expert, Dr. Shendure, offered a detailed, fact-based explanation of how the SOLiD system met that limitation as construed by Judge Kelly. At the very least there is a factual dispute regarding this issue.

Life Tech's argument for summary judgment regarding the '505 patent fails because Life Tech reads additional limitations (including limitations found only in the dependent claims) into the "tracking positions of the microparticles" limitation of Claim 1. Judge Kelly's construction of "tracking positions of the microparticles" does not require those additional limitations, and they are not supported by the intrinsic record. A proper reading of the claims, as construed by Judge Kelly, while viewing the evidence in the light most favorable to non-movant Illumina, leads to one conclusion: the SOLiD System infringes the '505 patent. At the very least there is a factual dispute regarding this issue.

Life Tech's argument regarding indirect infringement fails because Life Tech knew about the '505 and '994 patents since well-before the first sale of the SOLiD System, and they knew that when they and their customers use beads, they infringe those patents. Under controlling case law, Life Tech's sale of its bead-based SOLiD System, knowledge of the patents, and knowledge that

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

ILLUMINA'S MEMO OF POINTS AND
AUTHORITIES IN OPPOSITION TO PLAINTIFFS'
MSJ OF NON-INFRINGEMENT

1

11-cv-00703-CAB (DHB)

1  its customers use SOLiD in an infringing manner are sufficient to establish intent to induce

2  infringement under 35 U.S.C. § 271(b).[1]  At the very least there is a factual dispute regarding this

3  issue.

4      Life Tech's argument that the '505 claims are not adequately supported by the disclosures

5  of the priority applications also fails. A certificate of correction has issued correcting the priority

6  date. The law does not require disclosure of the "tracking positions of the microparticles" element

7  in *haec verba*. The earlier-filed applications describe the claimed invention in sufficient detail that

8  one of ordinary skill in the art would have concluded that the inventors were in possession of the

9  claimed invention as of the earliest priority date, as explained in detail by Dr. Shendure in his

10  Expert Statement. That is all that is required to preclude summary judgment.

11     Because Life Tech has failed to demonstrate that there is no genuine issue of disputed

12  material fact regarding each issue raised in its motion for summary judgment, Illumina

13  respectfully asks this Court to deny the motion in its entirety.

14     **II.    COUNTER-STATEMENT OF MATERIAL FACTS**

15     Many of the "undisputed material facts" identified by Plaintiffs are, in fact, very much

16  disputed, not material, or not facts at all.

17     **A.    The SOLiD System Image Alignment**



26  ─────────────────────

[1] No specific intent beyond knowledge of the patent is required to prove contributory
27  infringement under 35 U.S.C. § 271(c).

28

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

ILLUMINA'S MEMO OF POINTS AND
AUTHORITIES IN OPPOSITION TO PLAINTIFFS'
MSJ OF NON-INFRINGEMENT

2

11-cv-00703-CAB (DHB)



PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

ILLUMINA'S MEMO OF POINTS AND
AUTHORITIES IN OPPOSITION TO PLAINTIFFS'
MSJ OF NON-INFRINGEMENT

3

11-cv-00703-CAB (DHB)



**B.     The '505 Patent**

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

ILLUMINA'S MEMO OF POINTS AND
AUTHORITIES IN OPPOSITION TO PLAINTIFFS'
MSJ OF NON-INFRINGEMENT

4

11-cv-00703-CAB (DHB)

1

14.     On March 11, 2011, the U.S. Patent Office issued a "Certificate of Correction" to the '505 patent to correct the claim of priority that was part of the original filing of the application that resulted in the '505 patent. This Certificate of Correction provides a priority date for the claims of the '505 patent of December 19, 1994, the filing date of U.S. Patent No. 5,604,097 ("the '097 patent"). [Antons Decl. Exh. 11 ('505 patent certificate of correction)].

15.     U.S. Patent No. 6,013,445 (the '445 patent) and U.S. Patent No. 5,846,719 (the '719 patent) are continuations-in-part of the '097 patent. [Antons Decl. Exh. 11 ('505 patent certificate of correction).]

16.     The '445, '719, and '505 share a common inventor, Dr. Sydney Brenner. [Antons Decl. Exh. 12 ('445 patent, cover page); Antons Decl. Exh. 13 ('719 patent cover page); Antons Decl. Exh. 11 ('505 patent cover page).]

17.     The '445 patent describes a system including a computer and microscope for image acquisition and sequencing. The system described in the '445 patent includes a flow cell, microscope, image capture device, and computer workstation for image capture and performing analyses of sequence data. [Antons Decl. Exh. 12 ('445 patent at 38:50-65).]

18.     The '445 patent describes a system that performs cyclical operations on microparticles, and the system identifies sequences of oligonucleotides bound to individual microparticles. The '445 patent specifies that repeated cycles of "ligation, identification, and cleavage" are performed to give nucleotide sequence information. [Antons Decl. Exh. 12 (the '445 patent at col. 38:50-65); Antons Decl. Exh. 8 (Shendure Expert Rebuttal Statement at ¶ 22).]

19.     Figure 4 of the '445 patent shows that "the relative fluorescence from each of the four tag complements" are "applied to identify nucleotides at positions 5 through 16." [Antons Decl. Exh. 12 (the '445 patent at Figure 4 and col. 36:41-50).]

## III.    LEGAL STANDARDS

Summary judgment is only proper if there are no genuine issues as to any material fact.[2] In

---

[2] Fed. R. Civ. 56(c).

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

ILLUMINA'S MEMO OF POINTS AND
AUTHORITIES IN OPPOSITION TO PLAINTIFFS'
MSJ OF NON-INFRINGEMENT

5

11-cv-00703-CAB (DHB)

1  determining whether there is a genuine issue of material fact, the Federal Circuit has made clear

2  that "the evidence [must be viewed] in a light most favorable to the party opposing the motion

3  with doubts resolved in favor of the opponent."[3]

4      "A district court should approach a motion for summary judgment on the fact issue of

5  infringement with great care."[4] In patent-infringement cases, summary judgment is appropriate

6  only when it is apparent that only one conclusion as to infringement could be reached by a

7  reasonable jury.[5] "Summary judgment on the issue of infringement is proper when no reasonable

8  jury could find that every limitation recited in a properly construed claim either is or is not found

9  in the accused device either literally or under the doctrine of equivalents."[6]

10  ### IV.    ARGUMENT

11  **A.    Life Tech Improperly Attempts to Import Limitations into the '994 Claims from the**

12  **    '505 Claims**

13      Life Tech's argument regarding non-infringement of the '994 patent fails because Life

14  Tech does not even address the actual claim term in dispute. The asserted claims of the '994

15  patent are directed to a system for simultaneously analyzing analytes anchored to microparticles.[7]

16  The system assigns pixels from the images of illuminated microparticles to the microparticle

17  centers.[8]

18

19

20  _____

21  [3] *Ethicon Endo-Surgery, Inc. v. U.S. Surgical Corp.*, 149 F.3d 1309, 1315 (Fed. Cir. 1998).

22  [4] *Cole v. Kimberly-Clark Corp.*, 102 F.3d 524, 528 (Fed. Cir. 1996).

23  [5] *U.S. Phillips Corp. v. Iwasaki Elec. Co. Ltd.*, 505 F.3d 1371, 1374-75 (Fed. Cir. 2007).

24  [6] *U.S. Phillips Corp.*, 505 F.3d at 1374-75.

25  [7] Antons Decl. Exh. 14 (the '994 patent, A abstract).

26  [8] Antons Decl. Exh. 14 (the '994 patent, Abstract; 8:48-10:38).

27  [9] Antons Decl. Exh. 3 (Dep. Tr. Lee Jones (11/19/2010) at 35:8-36:4; 129:5-130:9; 245:13-246:10); Antons Decl. Exh. 2 (Shendure Opening Expert Statement at ¶¶ 44-45, 108, 109).

28

ILLUMINA'S MEMO OF POINTS AND
AUTHORITIES IN OPPOSITION TO PLAINTIFFS'
MSJ OF NON-INFRINGEMENT

6

11-cv-00703-CAB (DHB)

1

2

3

4        In arguing that the accused SOLiD System does not infringe the '994 patent's "signal

5   tracking means" limitation, Life Tech creates a limitation that does not exist in the '994 claims:

6   "tracking positions of the microparticles."[12] The "tracking positions of the microparticles" term is

7   the basis for Life Tech's argument that it does not infringe the '505 patent, but that term ***does not***

8   ***exist*** in the '994 patent: Life Tech is importing it from the '505 patent. The '994 claims recite a

9   "signal tracking means;" a means-plus-function term that Judge Kelly construed to ***not*** require

10  tracking the movement of individual particles.

11       In its motion, Life Tech devoted a single paragraph to its '994 non-infringement

12  argument.[13] In that paragraph, Life Tech offered no justification for its attempt to import a

13  limitation from the '505 patent into the '994 patent. This Court should reject Life Tech's

14  invitation to import that limitation into the '994 claims.

15       In contrast, Illumina's '994 infringement case is consistent with the constructions entered

16  by Judge Kelly, and is supported by substantial evidence.

17  **1.    Life Tech cannot avoid infringing the '994 claims by ignoring the actual**

18          **limitations of the claims**

19       Life Tech argues that the SOLiD System does not infringe the '994 claims because it does

20  not satisfy the "signal tracking means" limitation of the '505 patent.[14] Life Tech's argument fails

21  because it does not even address the actual limitation in the '994 claims.

22  [10] Antons Decl. Exh. 3 (Dep. Tr. Lee Jones (11/19/2010) at 35:8-36:4); Antons Decl. Exh. 2
    (Shendure Opening Expert Statement at ¶¶ 44-45).

23

24  [11] Antons Decl. Exh. 2 (Shendure Opening Expert Statement at ¶ 59-60); Antons Decl. Exh. 7
    (Dep. Tr. Chengyong Yang (7/6/2010) at 40:1-13); Pls.' Mot. Summ. J. (D.I. 341-1) at 7, ¶ 23.

25  [12] Pls.' Mot. Summ. J. (D.I. 341-1) at p. 10, lines 7-15.

26  [13] *Id.* at p. 17, lines 13-27.

27  [14] Pls.' Mot. Summ. J. (D.I. 341-1) at 17.

28

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

ILLUMINA'S MEMO OF POINTS AND
AUTHORITIES IN OPPOSITION TO PLAINTIFFS'
MSJ OF NON-INFRINGEMENT

7                          11-cv-00703-CAB (DHB)

1    Judge Kelly adopted Illumina's proposed construction of "signal tracking means" as

2    meaning "a data processor that runs software that assigns pixels of the fluorescent images of the

3    microparticles to the microparticle center" to perform the function of "correlating the optical

4    signals from microparticles in a sequence of digital images with the centers of those

5    microparticles."[15] To prove that this limitation is infringed, Illumina must show that the SOLiD

6    system software and hardware ("a data processor") assigns pixels of the fluorescent images of

7    microparticles to the microparticle center to perform the recited function. The SOLiD System

8    infringes this limitation. Rather than address the facts as laid out in Dr. Shendure's Expert

9    Statement, Life Tech improperly misconstrues the "signal tracking means" limitation to include

10   the "tracking the positions of the microparticles" limitation recited in Claim 1 of the '505 patent.



---

[15] Antons Decl. Exh. 1 (Claim Construction Order at 32).

[16] Antons Decl. Exh. 2 (Shendure Opening Expert Statement at ¶¶105-114).

[17] Antons Decl. Exh. 2 (Shendure Opening Expert Statement at ¶ 106-110).

[18] Antons Decl. Exh. 2 (Shendure Opening Expert Statement at ¶ 43); Antons Decl. Exh. 3 (Dep. Tr. Lee Jones (11/19/2010) at 26:1-15).

[19] Antons Decl. Exh. 3 (Dep. Tr. Lee Jones (11/19/2010) at 35:8--36:4); Antons Decl. Exh. 2 (Shendure Opening Expert Statement at ¶¶ 44-45).

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

ILLUMINA'S MEMO OF POINTS AND
AUTHORITIES IN OPPOSITION TO PLAINTIFFS'
MSJ OF NON-INFRINGEMENT

8

11-cv-00703-CAB (DHB)



[20] Antons Decl. Exh. 3 (Dep. Tr. Lee Jones (11/19/2010) at 84:15-24); Antons Decl. Exh. 2 (See Shendure Opening Expert Statement at ¶¶ 51, 54).

[21] Antons Decl. Exh. 3 (Dep. Tr. Lee Jones (11/19/2010) at 88 line 19--89:14); Antons Decl. Exh. 2 (Shendure Opening Expert Statement at ¶ 51).

[22] Antons Decl. Exh. 3 (Dep. Tr. Lee Jones (11/19/2010) at 84:15-24); Antons Decl. Exh. 2 (See Shendure Opening Expert Statement at ¶ 51).

[23] Antons Decl. Exh. 2 (Shendure Opening Expert Statement at ¶¶ 106-110).

[24] Antons Decl. Exh. 2 (Shendure Opening Expert Statement at ¶ 106); Antons Decl. Exh. 3 (Dep. Tr. Lee Jones (11/19/2010) at 131:15--132:8; 218:15-19; 229:9--230:1; 231:15--232:13).

[25] Id.

[26] Antons Decl. Exh. 3 (Dep. Tr. Lee Jones (11/19/2010) at 129:5-130:9; 245:13-page 246:10); Antons Decl. Exh. 2 (Shendure Opening Expert Statement at ¶¶ 108, 109).

[27] Id.

[28] Id.

[29] Antons Decl. Exh. 2 (Shendure Opening Expert Statement at ¶¶ 106-110).

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

ILLUMINA'S MEMO OF POINTS AND
AUTHORITIES IN OPPOSITION TO PLAINTIFFS'
MSJ OF NON-INFRINGEMENT

9

11-cv-00703-CAB (DHB)

**2.     Life Tech cannot avoid infringing the '994 claims by arguing about limitations found only in the '505 claims**

Life Tech argues that SOLiD does not infringe the "signal tracking means" limitation of the '994 claims for the same two reasons that it argues it does not infringe the "tracking positions of the microparticles" limitation of the '505 claims. Life Tech simply ignores the fact that these two claim limitations are different and have been construed differently.[32]

Both of Life Tech's arguments fail because neither of the points they address (tracking movements of individual beads, and detecting beads rather than analytes attached to beads) are limitations of the "signal tracking means" limitation of the '994 patent claims. Judge Kelly construed the "signal tracking means" limitation as a means-plus-function limitation, in which the function is "correlating the optical signals from microparticles in a sequence of digital images with the centers of those microparticles," and the corresponding structure that performs that function is "a data processor that runs software that assigns pixels of the fluorescent images of the

---

[30] Antons Decl. Exh. 3 (Dep. Tr. Lee Jones (11/19/2010) at 129:5-130:9; 245:13- 246:10); Antons Decl. Exh. 2 (Shendure Opening Expert Statement at ¶¶ 108, 109).

[31] Antons Decl. Exh. 2 (Shendure Opening Expert Statement at ¶¶ 106-112).

[32] Pls.' Mot. Summ. J. (D.I. 341-1) at 17 ("Based on Dr. Shendure's position, for the same reasons discussed above for the noninfringement of the '505 patent claims, there can be no infringement of the '994 patent claims.").

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

ILLUMINA'S MEMO OF POINTS AND
AUTHORITIES IN OPPOSITION TO PLAINTIFFS'
MSJ OF NON-INFRINGEMENT

10

11-cv-00703-CAB (DHB)

1  microparticles to the microparticle center."[33] This construction does not require that the data

2  processor track the "movement of any individual beads."[34]

3        Nor does this construction require that the data processor detect fluorescent images of the

4  microparticles themselves, rather than of the analytes attached directly to the microparticles. In

5  fact, the opposite is true: the "signal tracking means" limitation has been interpreted to apply to

6  the fluorescent images from the attached analytes. Because Life Tech cannot dispute how the

7  SOLiD software operates, they seek to avoid infringement by importing new limitations into a

8  term that was not construed to include those limitations, while not offering any evidence or

9  explanation that supports their mis-construction. The Court should reject this approach.

10        Life Tech has failed to meet its burden for summary judgment with respect to the "signal

11  tracking means" limitation of the '994 claims, and Illumina respectfully requests that the Court

12  deny this aspect of Life Tech's motion.

**B.    Life Tech Misconstrues the "tracking" limitation of the '505 Claims**

14        The '505 patent solves the problem of movement of microparticles during a sequence of

15  processing steps by utilizing software that can correlate the different positions of the

16  microparticles throughout those steps.[35] Life Tech seeks to avoid a finding that it infringes the

17  '505 claims by reading additional limitations into the "tracking positions of the microparticles"

18  limitation that are not supported by the intrinsic record.

19

20

21

22  _____

[33] Antons Decl. Exh. 1 (Claim Construction Order at 32).

23  [34]

24

25

26  [35] Antons Decl. Exh. 11 (the '505 patent at abstract).

27  [36] Pls.' Mot. Summ. J. (D.I. 341-1) at 11:27-12:16.

28

ILLUMINA'S MEMO OF POINTS AND
AUTHORITIES IN OPPOSITION TO PLAINTIFFS'
MSJ OF NON-INFRINGEMENT

11

11-cv-00703-CAB (DHB)

1

2

3

4

5

6

7

8        A proper reading of the claim construction, while viewing the

9 evidence in the light most favorable to non-movant Illumina, precludes summary judgment.

10     1.    **Life Tech cannot avoid infringement of the '505 claims by misconstruing the**

11       **"tracking" limitation to require tracking individual beads**

12

13

14

15        Life Tech's argument fails because Judge Kelly did not construe

16 this limitation to require that the accused system track individual microparticles *one at a time*.

17      Judge Kelly construed the "tracking positions of the microparticles" limitation to mean

18 "following the movement of microparticles during a sequence of processing steps."[39] Life Tech

19 did not seek a construction that required *separately* following the movement of *individual*

20 microparticles, and the Court's construction does not require that the "tracking" involve

21 separately following the movement of individual microparticles.[40] Life Tech had an opportunity to

22 seek a construction that required *separately* following the movement of individual microparticles,

23 [37] Pls.' Mot. Summ. J. (D.I. 341-1) at 12:17-13:2.

24 [38] Pls.' Mot. Summ. J. (D.I. 341-1) at 12.

25 [39] Antons Decl. Exh. 1 (Claim Construction Order at 35).

26 [40] Antons Decl. Exh. 10 (Life Tech's Claim Construction Brief at 33); Antons Decl. Exh. 1

27 (Claim Construction Order at 32-35).

28

ILLUMINA'S MEMO OF POINTS AND
AUTHORITIES IN OPPOSITION TO PLAINTIFFS'
MSJ OF NON-INFRINGEMENT       12       11-cv-00703-CAB (DHB)

1    but it did not. The claim language as construed by Judge Kelly is not so limited.



19    [41] Pls. Mot. Summ. J. at 12 ("[T]he SOLiD image alignment process adjusts for the differences in
20    the X-, Y-coordinates of an *entire tile* due to imperfections in the motorized stage . . . .")(emphasis
      in original).

21    [42] Antons Decl. Exh. 2 (Shendure Opening Expert Statement at ¶¶ 52-59, 63, 106-110).

22    [43] Antons Decl. Exh. 3 (Dep. Tr. Lee Jones (11/19/2010) at 129:5-130:9; 245:13-page 246:10);
23    Antons Decl. Exh. 2 (Shendure Opening Expert Statement at ¶¶ 108, 109).

24    [44] Antons Decl. Exh. 3 (Dep. Tr. Lee Jones (11/19/2010) at 73:14-18); Antons Decl. Exh. 2
      (Shendure Opening Expert Statement at ¶ 48).

25    [45] *Id.*

26    [46] Antons Decl. Exh. 3 (Dep. Tr. Lee Jones (11/19/2010) at 107:4-9); Antons Decl. Exh. 2
27    (Shendure Opening Expert Statement at ¶ 59).

28

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

ILLUMINA'S MEMO OF POINTS AND
AUTHORITIES IN OPPOSITION TO PLAINTIFFS'
MSJ OF NON-INFRINGEMENT

13

11-cv-00703-CAB (DHB)



Life Tech's newly proposed requirement to get around the individual bead tracking, that the claimed system be able to follow the movement of a microparticle no matter where it goes,[53] is neither required by the claim construction, nor consistent with the intrinsic evidence or common sense. For example, a preferred embodiment of the '505 patent discloses using a "detection means (114)" to help track the microparticles.[54] If a microparticle is outside the view of the detection means, then the microparticle would not be tracked. Life Tech's narrow construction

---

[47] Antons Decl. Exh. 2 (Shendure Opening Expert Statement at ¶ 106); Antons Decl. Exh. 3 (Dep. Tr. Lee Jones (11/19/2010) at 131:15-132:8; 218:15-19; 229:9-230:1; 231:15-232:13).

[48] *Id.*

[49] 35 U.S.C. § 271(b).

[50] Antons Decl. Exh. 2 (Shendure Opening Expert Statement at ¶ 68).

[51] 

[52] *Id.*

[53] Pls's Mot. Summ. J. (D.I. 341-1) at 13.

[54] Antons Decl. Exh. ('505 patent at 8:48-54.)

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

ILLUMINA'S MEMO OF POINTS AND
AUTHORITIES IN OPPOSITION TO PLAINTIFFS'
MSJ OF NON-INFRINGEMENT

14

11-cv-00703-CAB (DHB)

1  of the claim would exclude this preferred embodiment because it could not track the microparticle

2  everywhere the microparticle might go, however unlikely it is that it would go there. A claim

3  construction that excludes the preferred embodiment is "rarely, if ever, correct and would require

4  highly persuasive evidentiary support."[55] Life Tech does not cite any support for its position.



2.  **Life Tech cannot avoid infringement of the '505 claims by misconstruing the "tracking" limitation to require directly detecting the microparticles**

Life Tech's argument that it does not infringe the "tracking positions of the

---

[55] *Vitronics Corp. v. Conceptronic, Inc.,* 90 F.3d 1576, 1584 (Fed. Cir. 1996).

[56] Pls's Mot. Summ. J. (D.I. 341-1) at 13.

[57] Antons Decl. Exh. 2 (Shendure Opening Expert Statement at ¶¶ 57, 63, 68 and 115; *see also* 16, 51, 56 and 59).

[58] Antons Decl. Exh. 2 (Shendure Opening Expert Statement at ¶¶ 57 and 68).

[59] Antons Decl. Exh. 2 (Shendure Opening Expert Statement at ¶¶ 63, 70 and 107).

1  microparticles" limitation because it tracks analytes attached to microparticles, rather than directly

2  detecting microparticles, fails.[60] Life Tech misuses Judge Kelly's discussion of an entirely

3  different claim limitation not found in '505 Claim 1 ("optical characteristic of the microparticle")

4  to argue that Claim 1 is not infringed, and that "tracking positions of the microparticles" of Claim

5  1 should include the same requirement as the "optical characteristic of the microparticle"

6  limitation, despite the fact that "tracking positions of the microparticles" has been construed in

7  this case and was not construed to include those requirements.[61]

8       The microparticle/analyte distinction found in the '505 specification, and recognized by

9  Judge Kelly, on which Life Tech relies is not relevant to the "tracking positions of the

10  microparticles" limitation of '505 Claim 1. Judge Kelly found that this distinction is invoked by

11  the phrase "optical characteristics of said microparticles."[62] That phrase does not appear in Claim

12  1 or its construction. Notably, Life Tech did not request, nor did Judge Kelly construe, that

13  distinction to apply to the "tracking positions of microparticles" limitation of Claim 1.[63]

14       Rather than being applicable to Claim 1, that distinction is relevant only to the "optical

15  characteristics of said microparticle" limitation found in dependent *Claim 2*.[64] That is, the basis

16  for determining the approximate center of the microparticle in Claim 2 is further limited by the

17  "optical characteristics" limitation.[65] There is no basis for using Judge Kelly's discussion of the

18  [60] *See* Pls.' Mot. Summ. J. (D.I. 341-1) at 12.

19  [61] Pls.' Mot. Summ. J. (D.I. 341-1) at 12 ("Two, Dr. Shendure's argument is meritless because it
20  ignores the fact that the '505 patent draws a material difference between tracking microparticles
    (*i.e.*, beads) and tracking analytes (*i.e.*, attachments).")

21  [62] Antons Decl. Exh. 1 (Claim Construction Order (D.I. 132)) at p. 27.

22  [63] Antons Decl. Exh. 1 (Claim Construction Order (D.I. 132)) at pp. 32-35.

23  [64] Antons Decl. Exh. 1 (Claim Construction Order (D.I. 132)) at p. 27 (specifically pointing out
24  that this limitation applied to Claim 2, and listing no other applicable claims).

25  [65] *Retractable Techs., Inc. v. Becton, Dickinson & Co.*, 653 F.3d 1296 (Fed. Cir. 2011) ("Under
    the doctrine of claim differentiation, 'the presence of a dependent claim that adds a particular
26  limitation gives rise to a presumption that the limitation in question is not present in the
    independent claim.' This presumption is 'especially strong when the limitation in dispute is the
27  only meaningful difference between an independent and dependent claim, and one party is urging
    that the limitation in the dependent claim should be read into the independent claim.') (*quoting*
28  (footnote continued on next page)

1   microparticle/analyte distinction in the context of "optical characteristics" in dependent Claim 2

2   to further limit the "tracking positions" limitation that appears in the independent claim. In fact,

3   the presence of this additional limitation in dependent Claim 2 suggests that it is *not* a limitation

4   of Claim 1.[66]

5       As described above, under the proper construction, the SOLiD System meets the

6   "tracking" limitation of Claim 1.

7

8

9

10      With respect to the "optical characteristic" requirement (found in, *e.g.*, Claim 2), Illumina

11  presented substantial evidence that the SOLiD system satisfies that limitation under the Doctrine

12  of Equivalents.[67] At a minimum, this evidence presents a material dispute of fact for any claim

13  limited by the construction of the "optical characteristic" element (e.g., Claim 2). Life Tech did

14  not address any of this evidence in this motion, nor did they explain how that evidence fails to

15  raise a dispute of material fact.[68]

16      Life Tech has failed to meet its burden of showing that there is no genuine dispute of

17  material fact that would justify summary judgment of no infringement of the '505 patent, and

18  (footnote continued from previous page)

19  *SunRace Roots Enter. Co., Ltd. v. SRAM Corp.*, 336 F.3d 1298, 1303 (Fed. Cir.2003)) (internal
20  citations omitted).

21  [66] *Id., see also Caterpillar Tractor Co. v. Berco, S.P.A.*, 714 F.2d 1110, 1116 (Fed. Cir. 1983)
    (holding it was improper to read in a structural limitation found in claim 10 into claim 2 where
22  claim 2 did not expressly provide for such a limitation; "Courts may not introduce into a claim
    limitations which are explicitly contained in other claims.").

23  [67] Antons Decl., Exh. 2 (Shendure Opening Expert Statement ¶¶ 75-89).

24  [68] Pls.' Mot. Summ. J. at 14 (asserting that Illumina has not provided any evidence of equivalence
    for the "tracking" element but remaining silent as to the evidence Illumina presented on the
25  "optical characteristic" element); and *id.* at 3 (stating that Dr. Shendure did not provide evidence
    of equivalence for the one independent claim of the '505 patent, but not addressing the evidence
26  that Dr. Shendure raised in the context of claim 2 for the "optical characteristic" element (a
    dependent claim where that term actually appears).

27

28

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

ILLUMINA'S MEMO OF POINTS AND
AUTHORITIES IN OPPOSITION TO PLAINTIFFS'
MSJ OF NON-INFRINGEMENT

17

11-cv-00703-CAB (DHB)

1  Illumina respectfully requests that the Court deny this aspect of Life Tech's motion.

2  **C.    The Evidence and Law Support Illumina's Allegations of Indirect Infringement**

3  Life Tech's argument for summary judgment of no indirect infringement fails because Life

4  Tech knew about the '505 and '994 patents since well-before the first sale of the SOLiD System,

5  and they knew that when beads are used (and beads are always used), Life Tech's customers

6  infringe those patents. Under controlling case law, Life Tech's sale of its bead-based SOLiD

7  System, knowledge of the patents, and knowledge that its customers are using SOLiD in an

8  infringing manner are sufficient to establish intent to induce infringement under 35 U.S.C. §

9  271(b), and contributory infringement under 35 U.S.C. § 271(c).[69]

10  Under section 35 U.S.C. § 271(b), "[w]hoever actively induces infringement of a patent

11  shall be liable as an infringer." "In order to succeed on a claim of inducement, the patentee must

12  show, first that there has been direct infringement,"[70] and "second, that the alleged infringer

13  knowingly induced infringement and possessed specific intent to encourage another's

14  infringement."[71] "While proof of intent is necessary, direct evidence is not required; rather,

15  circumstantial evidence may suffice."[72]

16  Under the knowledge requirement, "the [patentee] has the burden of showing that the

17  alleged infringer's actions induced infringing acts and that he knew or should have known his

18  actions would induce actual infringements."[73] The requirement that the alleged infringer knew or

19  should have known his actions would induce actual infringement necessarily includes the

20

21  [69] No specific intent beyond knowledge of the patent is required to prove contributory infringement under 35 U.S.C. § 271(c).

22  [70] At the very least there remains a dispute of material fact, that Life Tech's sales of the SOLiD
23  System directly infringe the asserted claims of the '505 patent.

24  [71] *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (*citing MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1378 n. 4 (Fed. Cir. 2005).

25  [72] *DSU Med. Corp.*, 471 F.3d at 1306; *also Ricoh Co. v. Qunata Computer Inc.*, 550 F.3d 1325,
26  1342 (Fed. Cir. 2008).

27  [73] *Ricoh, Ltd.*, 550 F.3d at 1342 (*quoting DSU Med. Corp.*, 471 F.3d at 1306).

28

ILLUMINA'S MEMO OF POINTS AND
AUTHORITIES IN OPPOSITION TO PLAINTIFFS'
MSJ OF NON-INFRINGEMENT

18

11-cv-00703-CAB (DHB)

1   requirement that he or she knew of the patent.[74] "[K]nowledge of the acts alleged to constitute

2   infringement" is not enough.[75] However, the Federal Circuit has explained that when it is

3   undisputed that the alleged infringer had knowledge of the patent, and it can be shown that the

4   alleged infringer had intent to induce the specific acts constituting infringement, intent to cause

5   infringement can be presumed.[76]

6          a.   **Under controlling precedent, the evidence supports a presumption that**

7                **Life Tech intended to induce infringement**

8          It is undisputed that Life Tech knew about the patents.[77]

17         Further, it is undisputed that Life Tech intended to induce the specific acts constituting

---

18   [74] *Id.*

19   [75] *DSU Med.*, 471 F.3d at 1306.

20   [76] *Ricoh, Ltd.*, 550 F.3d at 1342 ("Specific intent may be inferred from circumstantial evidence
21   where a defendant has both knowledge of the patent and specific intent to cause the acts
     constituting infringement.") (*citing MEMC Elec.*, 420 F.3d at 1378 n. 4).

22   [77] Antons Decl. Exh. 4 (Plaintiffs' First Supplemental Response and Objections to Illumina and
23   Solexa's Interrogatory No. 3 at 9).

24   [78] *Id.*

25   [79] *Id.*

26   [80] Antons Decl. Exh. 5 (Illumina and Solexa's Joint Answer and Counterclaim at 13-16).

27   [81] Antons Decl. Exh. 6 (Dep. Tr. Kevin McKernan (11/23/2010) at 325:2-330:10 and Exh. 50).

28

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

ILLUMINA'S MEMO OF POINTS AND
AUTHORITIES IN OPPOSITION TO PLAINTIFFS'
MSJ OF NON-INFRINGEMENT

19

11-cv-00703-CAB (DHB)

1   infringement.



---

[82] Antons Decl. Exh. 3 (Dep. Tr. Lee Jones (11/19/10) at 26, lines 1-15); Antons Exh. 2 (Shendure Expert Statement ¶ 43).

[83] Antons Decl. Exh. 2 (Shendure Expert Statement ¶ 44).

[84] Antons Decl. Exh. 9 (Lee Jones Dep. (11/19/2010) Exh. 7, Applied Biosystems User Guide, see e.g., 14-16, 33-36, 65-74); Antons Decl. Exh. 15 (Applied Biosystems SOLiD System Sets Software); Antons Decl. Exh. 3 (Dep. Tr. Lee Jones (11/19/2010) at 27:24-29:19, 40:25-41:25).

[85] Id.

[86] Antons Decl. Exh. 3 (Dep. Tr. Lee Jones (11/19/2010) at 107:4-9); Antons Decl. Exh. 2 (Shendure Opening Expert Statement at ¶ 59); Pls.' Mot. Summ. J. at 6-7, ¶ 22); Antons Decl. Exh. 7 (Dep. Tr. Chengyong Yang (7/6/2010) at 38:2-15).

[87] Antons Decl. Exh. 2 (Shendure Opening Expert Statement at ¶ 59-60); Antons Decl. Exh. 7 (Dep. Tr. Chengyong Yang (7/6/2010) at 40:1-13); Pls.' Mot. Summ. J. at 7, ¶ 23

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

ILLUMINA'S MEMO OF POINTS AND
AUTHORITIES IN OPPOSITION TO PLAINTIFFS'
MSJ OF NON-INFRINGEMENT

20

11-cv-00703-CAB (DHB)

1   These facts are strikingly similar to the facts in *Ricoh*. There, the Federal Circuit vacated

2   summary judgment of no inducement where it was undisputed that the alleged infringer knew of

3   the patent and there was evidence that the alleged infringer intended the specific acts that

4   constituted infringement.[88] Specifically, the alleged infringer incorporated software that instructed

5   the hardware to perform a series of steps.[89] Ricoh argued the only function of that software was to

6   perform the patented method.[90] In vacating summary judgment, the Federal Circuit reasoned that

7   the district court must consider these facts in deciding summary judgment.[91]

8       Because Life Tech had knowledge of the '505 and '994 patents and had intent to induce

9   customers to use the SOLiD System software to track the movement of the beads during the

10  sequencing process, intent to cause infringement can be presumed.

11              **b.      Under controlling precedent, the evidence supports a presumption of**

12                      **Life Tech's knowledge for contributory infringement**

13      To establish contributory infringement, the patent owner must show:(1) that there is direct

14  infringement, (2) that the accused infringer had knowledge of the patent, (3) that the component

15  has no substantial noninfringing uses, and (4) that the component is a material part of the

16  invention.[92] The only issue Life Tech raises in its motion is whether Life Tech satisfies the

17  knowledge requirement for contributory infringement.[93] Knowledge requires that the alleged

18  infringer "knew that the combination for which its components were especially made was both

19

20  _____

    [88] *Ricoh*, 550 F.3d at 1343.

21  [89] *Id.*

22  [90] *Id.*

23  [91] *Id.*

24  [92] 35 U.S.C. § 271(c); *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1327 (Fed. Cir. 2010).

25  [93] In its motion, Life Tech has not disputed that the SOLiD System Software has no substantial
26  non-infringing uses, or that the component is a material part of the invention. Additionally, as
    described above, there is at the very least a genuine issue of disputed material fact regarding direct
27  infringement of the '505 patent.

28

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

ILLUMINA'S MEMO OF POINTS AND
AUTHORITIES IN OPPOSITION TO PLAINTIFFS'
MSJ OF NON-INFRINGEMENT

21

11-cv-00703-CAB (DHB)

1   patented and infringing."[94] This knowledge requirement for contributory infringement can be

2   presumed when it can be shown that the alleged infringer had knowledge of the patent and the

3   accused devices do not have any substantial noninfringing uses.[95]

4

5

6                                              Life Tech has thus failed to meet its burden

7   for summary judgment with respect to no indirect infringement of the '505 and '994 patents, and

8   Illumina respectfully request that the Court deny this aspect of Life Tech's motion.

9   **D.**      **The '505 Patent Properly Claims Priority to the '445 Patent**

10        Life Tech argues that the '505 claims are not entitled to a priority date of May 22, 1998

11   because there is no support for the "tracking movement of microparticles" limitation in the '445

12   patent.[97] That is simply not true. Because all patents in the chain of continuity provide support for

13   the '505 claims, the claims are entitled to a May 22, 1998 priority date.

14        Under 35 U.S.C. § 120, a patent may gain the benefit of the filing date of an earlier

15   application when that application provides an adequate written description of the claimed

16

17

18   [94] *Fujitsu Ltd.*, 620 F.3d at 1330.

19   [95] *Spansion, Inc. v. ITC*, 629 F.3d 1331, 1355 (Fed. Cir. 2010) (*citing Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 932, 125 S.Ct. 2764, 162 L.Ed.2d 781 (2005) ("One

20   who makes and sells articles which are only adapted to be used in a patented combination will be presumed to intend the natural consequences of his acts; he will be presumed to intend that they

21   shall be used in the combination of the patent." (internal quotation marks omitted)); *Ricoh*, 550 F.3d at 1343 ("Grokster recognized that providing instruction on how to engage in an infringing

22   use 'show[s] an affirmative intent that the product be used to infringe.'" (*quoting Grokster*, 545 U.S. at 936, 125 S.Ct. 2764)); *DSU*, 471 F.3d at 1303 ("[E]ven beyond the minimal intent

23   requirement for contributory infringement, ITL acted with the knowledge of the [asserted] patent ...").

24   [96] Antons Decl. Exh. 4 (Plaintiffs' First Supplemental Response and Objections to Illumina and

25   Solexa's Interrogatory No. 3 at 9); Antons Decl. Exh. 5 (Illumina and Solexa's Joint Answer and Counterclaim at 14-15); Antons Decl. Exh. 6 (Dep. Tr. Kevin McKernan (11/23/2010) at 325:2-

26   330:10 and Exh. 50).

27   [97] Pls.' Mot. Summ. J. at 18.

28

ILLUMINA'S MEMO OF POINTS AND
AUTHORITIES IN OPPOSITION TO PLAINTIFFS'
MSJ OF NON-INFRINGEMENT

22

11-cv-00703-CAB (DHB)

1  invention under 35 U.S.C. § 112.[98] The prior application must describe the invention in sufficient

2  detail that one of ordinary skill in the art could conclude that the inventor was in possession of the

3  claimed invention as of the filing date sought.[99]

4         There is no specific formula or format by which the written-description requirement must

5  be satisfied.[100] The written-description requirement does not require that the exact claim language

6  be used *in haec verba*.[101]

7         Under 35 U.S.C. § 120, the '505 patent is entitled to an effective priority date of

8  December 19, 1994. On March 1, 2011, the Patent Office issued a "Certificate of Correction" to

9  correct the original claim of priority of the '505 patent.[102] Specifically, the '505 patent now claims

10  priority to the '097 patent, which has a filing date of December 19, 1994.[103] The '445 and the

11  '719 patent are continuations-in-part of the '097 patent.[104] All the patents in the chain of

12  continuity share a common inventor, Dr. Sydney Brenner.[105]

13        Contrary to Life Tech's arguments, the '445 patent does not need to expressly use the

14  words "tracking" or "movement" of microparticles to adequately support the "tracking the

15  movement of microparticles" limitation. The system disclosed in the '445 patent records digital

16  images containing signals from the microparticles during a sequence of processing steps (repeated

---

17  [98] *Vas-Cath Inc. v. Mahurkar*, 935 F.2d 1555, 1560 (Fed. Cir. 1991) (reversing summary

18  judgment of invalidity because whether there was adequate support for claims in later-filed application, which claimed the benefit of a the filing date of an earlier patent application under §

19  120).

20  [99] *Id.*

21  [100] *In re Alton*, 76 F.3d 1168, 1172 (Fed. Cir. 1996) ("In order to meet the adequate written description requirement, the applicant does not have to utilize any particular form of disclosure to

22  describe the subject matter claimed . . . .").

23  [101] *Kao Corp v. Unilever U.S., Inc.*, 441 F.3d 963, 967-68 (Fed. Cir. 2006).

24  [102] Antons Decl. Exh. 11 ('505 patent with certificate of correction).

25  [103] *Id.*

26  [104] *Id.*

27  [105] *Id.*

28

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

ILLUMINA'S MEMO OF POINTS AND
AUTHORITIES IN OPPOSITION TO PLAINTIFFS'
MSJ OF NON-INFRINGEMENT

23

11-cv-00703-CAB (DHB)

1   cycles of ligation, identification, and cleavage).[106] The system scans the substrate, acquires an

2   image, and associates the images obtained in successive cycles (*i.e.,* correlates the optical signals

3   generated at the microparticles with corresponding signals in other steps).[107]

4        The '445 patent discloses a system that includes a computer for image acquisition and

5   sequencing.[108] The system includes a flow cell, microscope, image capture device, and computer

6   works station for image capture and performing analyses of sequence data.[109] The workstation

7   disclosed uses software for image capture and analysis function.[110] The '445 patent discloses

8   repeated cycles of ligation, identification and cleavage to generate nucleotide sequence

9   information.[111] In each cycle, the system detects a four-nucleotide "word."[112] Nucleotide

10  identification is achieved by using a microscope to detect a hybridized oligonucleotide labeled

11  with a fluorescent tag and capturing an electronic image of the microparticle.[113] The system scans

12  the substrate, acquires an image, and associates the images obtained in successive cycles (*i.e.,*

13  correlates the optical signals generated at the microparticles with the corresponding signals in

14  other cycles), and determines the nucleotide sequence by assembling multiple four-nucleotide

15  "words" from each cycle.[114] Assembling longer sequences is accomplished by correlating each

---

16  [106] Antons Decl. Exh. 12 ('445 patent at col. 38:50-65); Antons Decl. Exh. 8 (Shendure Expert
    Rebuttal Statement at ¶ 22).
17
    [107] *Id.*
18
    [108] Antons Decl. Exh. 12 ('445 patent at col. 38:30-65); Antons Decl. Exh. 8 (Shendure Expert
19  Rebuttal Statement at ¶ 16 and Exh. A to Rebuttal Expert Statement).

20  [109] *Id.*

21  [110] *Id.*

22  [111] Antons Decl. Exh. 12 ('445 patent at col. 38:50-53); Antons Decl. Exh. 8 (Shendure Expert
    Rebuttal Statement at ¶ 17 and Exh. A to Rebuttal Expert Statement).
23
    [112] Antons Decl. Exh. 12 ('445 patent at col. 38:41-47); Antons Decl. Exh. 8 (Shendure Expert
24  Rebuttal Statement at ¶ 17 and Exh. A to Rebuttal Expert Statement).

25  [113] Antons Decl. Exh. 12 ('445 patent at col. 38:50-65, Fig. 4); Antons Decl. Exh. 8 (Shendure
    Expert Rebuttal Statement at ¶¶ 18-19 and Exh. A to Rebuttal Expert Statement).
26
    [114] Antons Decl. Exh. 12 ('445 patent at col. 38:50-65, Fig. 4); Antons Decl. Exh. 8 (Shendure
27  Expert Rebuttal Statement at ¶¶ 20 and Exh. A to Rebuttal Expert Statement).

28

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

ILLUMINA'S MEMO OF POINTS AND
AUTHORITIES IN OPPOSITION TO PLAINTIFFS'
MSJ OF NON-INFRINGEMENT

24

11-cv-00703-CAB (DHB)

1  separate "word" from an individual microparticle across multiple cycles.[115]

2  Dr. Shendure explained in detail that a person of ordinary skill would have understood that

3  the '445 patent discloses analysis for assembling separate four-nucleotide words identified during

4  each cycle into a longer base-pair sequence in the order of the nucleotides attached to each

5  individual microparticle.[116] To determine the sequence of a polynucleotide on the same

6  microparticle of a bead array when multiple cycles of ligation and identification are carried out,

7  the optical signals generated at each microparticle *must* be correlated. This is disclosed in Figure

8  4 of the '445 patent, which shows that "the relative fluorescence from each of the four tag

9  complements" are "applied to identify nucleotides at positions 5 through 16."[117] To identify

10  nucleotides at multiple positions (such as 5 through 16, as in Figure 4), the optical signals from

11  each microparticle must be correlated over multiple cycles; to correlate those optical signals from

12  the same microparticles, the system must track any movement of the microparticles during the

13  multiple cycles.

14  Consequently, there is at the very least a genuine issue of disputed material fact as to

15  whether the '445 patent supports the "tracking the movement of microparticles" limitation, and

16  Illumina respectfully requests that the Court deny this aspect of Life Tech's motion.

17  **V.    CONCLUSION**

18  For at least the reasons set forth above, Plaintiffs have failed to establish that there are no

19  genuine issues of disputed material fact regarding the issues raised in their motion for summary

20  judgment, and Illumina therefore respectfully requests that the Court deny Life Tech's motion in

21  its entirety.

22

23

24

---

25  [115] *Id.*

26  [116] *Id.*

27  [117] Antons Decl. Exh. 11 ('505 patent at Figure 4 and col. 36:41-50).

28

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

ILLUMINA'S MEMO OF POINTS AND
AUTHORITIES IN OPPOSITION TO PLAINTIFFS'
MSJ OF NON-INFRINGEMENT

25

11-cv-00703-CAB (DHB)

1    Dated: December 21, 2012

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,


By: /s/ E. Joseph Connaughton
     101 West Broadway, Ninth Floor
     San Diego, CA 92101
     (619) 744-3645

     Kevin M. Flowers
     Matthew C. Nielsen
     Mark H. Izraelewicz
     Cullen N. Pendleton
     Marshall, Gerstein & Borun LLP
     233 South Wacker Drive
     6300 Willis Tower
     Chicago, IL 60606
     (312) 474-6300

     Ronald M. Wawrzyn
     Matthew M. Wawrzyn
     Wawrzyn LLC
     233 South Wacker Drive
     84th Floor, Willis Tower
     Chicago, IL 60606
     (312) 283-8330

     *Attorneys for Defendants*
     *Illumina, Inc. and Solexa, Inc.*

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

ILLUMINA'S MEMO OF POINTS AND
AUTHORITIES IN OPPOSITION TO PLAINTIFFS'
MSJ OF NON-INFRINGEMENT

26

11-cv-00703-CAB (DHB)