MATTHEW D. MURPHEY (SBN 194111)
TROUTMAN SANDERS LLP
11682 El Camino Real, Suite 400
San Diego, CA 92130
Telephone: (858) 509-6000

BRADFORD PAUL SCHMIDT (SBN 174440)
LIFE TECHNOLOGIES CORPORATION
5791 Van Allen Way
Carlsbad, CA 92008
Telephone: (760) 603-7200

NICHOLAS GROOMBRIDGE (*pro hac vice*)
CATHERINE NYARADY (*pro hac vice*)
PETER SANDEL (*pro hac vice*)
JENNY C. WU (*pro hac vice*)
REBECCA FETT (*pro hac vice*)
ROBERT LIN (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of Americas
New York, NY 10019
Telephone: (212) 373-3000

*Attorneys for Plaintiffs*
LIFE TECHNOLOGIES CORPORATION,
APPLIED BIOSYSTEMS, LLC, INSTITUTE
FOR PROTEIN RESEARCH, ALEXANDER
CHETVERIN, HELENA CHETVERINA, and
WILLIAM HONE

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIFE TECHNOLOGIES CORPORATION, APPLIED BIOSYSTEMS, LLC, INSTITUTE FOR PROTEIN RESEARCH, ALEXANDER CHETVERIN, HELENA CHETVERINA, and WILLIAM HONE, <br><br> Plaintiffs/Counterclaim Defendants, <br><br> v. <br><br> ILLUMINA, INC. and SOLEXA, INC., <br><br> Defendants/Counterclaim Plaintiffs. | Case No. 3:11-cv-00703-CAB (DHB) <br><br> **[REDACTED] MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' *DAUBERT* MOTION TO EXCLUDE CERTAIN TESTIMONY OF JULIE DAVIS RELATING TO LOST PROFITS AND REASONABLE ROYALTY** <br><br> **[FILED UNDER SEAL]** <br><br> Date: January 17, 2013 <br> Time: 2:30 p.m. <br> Courtroom: 2 <br> Judge: Hon. Cathy Ann Bencivengo |

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

C<small>ASES</small>

4

5

*350 W.A. LLC v. Chubb Group of Ins.*,
   No. 05CV75 WQH (CAB), 2007 WL 4365502 (S.D. Cal. Dec. 5, 2007) ............................... 2

6

7

*Daubert v. Merrell Dow Pharm., Inc.*,
   509 U.S. 579 (1993) ................................................................................................................ 2

8

*Fonar v. General Electric Co.*,
   107 F.3d 1543 (Fed. Cir. 1997) .............................................................................................. 9

9

10

*Georgia-Pacific v. U.S. Plywood Corp.*,
   318 F.Supp. 1116 (S.D.N.Y. 1970) ...................................................................................... 10

11

12

*Gray v. U.S.*,
   Civil No. 05cv1893, 2007 WL 4644736 (S.D. Cal. Mar. 12, 2007) ....................................... 9

13

*Gyromat Corp. v. Champion Spark Plug Co.*,
   735 F.2d 549 (Fed. Cir. 1984)) .............................................................................................. 9

14

15

*i4i Ltd. P'ship v. Microsoft Corp.*,
   598 F.3d 831 (Fed. Cir. 2010) ............................................................................................ 3, 8

16

17

*Kaufman Co., Inc. v. Lantech, Inc.*,
   926 F.2d 1136 (Fed. Cir. 1991) .............................................................................................. 5

18

*Lam, Inc. v. Johns-Manville Corp.*,
   718 F.2d 1056 (Fed. Cir. 1983) .............................................................................................. 5

19

20

*Lucent Techs., Inc. v. Microsoft Corp.*,
   837 F. Supp. 2d 1107 (S.D. Cal. 2011) ................................................................................... 2

21

22

*Multimedia Patent Trust v. Apple Inc.*,
   No. 10-CV-2618-H (KSC), 2012 WL 5873711 (S.D. Cal. Nov. 20, 2012) ........................... 10

23

*Rite-Hite Corp. v. Kelley Co., Inc.*,
   56 F.3d 1538 (Fed. Cir. 1995) (en banc) ................................................................................ 5

24

25

*Siemens Med. Sol'ns USA, Inc. v. Saint-Gobain Ceramics & Plastics, Inc.*,
   637 F.3d 1269 (Fed. Cir. 2011) ........................................................................................... 5, 8

26

*U.S. v. Stone*,
   222 F.R.D. 334 (E.D. Tenn. July 8, 2004) .............................................................................. 9

27

28

## OTHER AUTHORITIES

Fed. R. Evid. 702 ................................................................................................................ 2

Fed. R. Evid. 703 ............................................................................................................. 8, 9

Fed. R. Civ. P. 26(a)(2) ................................................................................................... 10

Doc#: US1:8302409v1

11-cv-00703-CAB (DHB)

1  **I.  PRELIMINARY STATEMENT**

2       Life Technologies Corporation ("Life"), Applied Biosystems, LLC ("AB"),[1] Institute for

3  Protein Research, Alexander Chetverin, Helena Chetverina, and William Hone (collectively,

4  "Plaintiffs") submit this memorandum of points and authorities in opposition to the motion of

5  Illumina, Inc. and Solexa, Inc. (collectively, "Illumina") to exclude certain testimony of Julie

6  Davis, Plaintiffs' damages expert, relating to lost profits and reasonable royalty.[2]

7       Illumina's motion stems not from improper expert analysis or methodology, but rather

8  from its anger over the extent of damages it faces in this case. ███████████████

9  ████████████████████████████████████████████████████

10  ████████████████████████████████████████████████████

11  ████████████████████████████████████████████████████

12  ███████████████████████████ Illumina's brief is filled entirely with its

13  arguments as to why Ms. Davis is incorrect on the merits and its version of the facts.  In a case of

14  this size and complexity, it is of course to be expected that the two sides will have very different

15  views of the facts.  That, however, has nothing to do with *Daubert* or Ms. Davis's qualifications

16  and methodology.  The proper battleground for Illumina to challenge Ms. Davis's opinions is at

17  trial before the jury, not through meritless attempts to exclude proper expert evidence.  Illumina's

18  motion should be denied.

19  **II.  FACTUAL BACKGROUND**

20       Plaintiffs incorporate by reference the factual background included in its concurrently

21  filed opposition to Illumina's motion for summary judgment of no lost profits.

22

23  _____

24  [1] Ms. Davis referred to Life and AB interchangeably in her August 3, 2012 expert report.  The same will be done here except where specifically stated otherwise.

25  [2] As part of its arguments in support of this motion, Illumina has incorporated by reference certain

26  portions of its separately filed motion for summary judgment of no lost profits.  [*See* Opening Br. (Doc. No. 336-1) at 5-6.]  To the extent any of Illumina's pertinent arguments are incorporated by

27  reference but not explicitly addressed in the present motion, Plaintiffs respond to those arguments in their concurrently filed opposition to Illumina's motion for summary judgment of no lost

28  profits.

     11-cv-00703-CAB (DHB)

**III.     LEGAL STANDARD**

Expert testimony is admissible under Rule 702 of the Federal Rules of Evidence if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702; *see also Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993).  The requirement of Rule 702 "is not intended to authorize a trial court to exclude an expert's testimony on the ground that the court believes one version of the facts and not the other." *Lucent Techs., Inc. v. Microsoft Corp.*, 837 F. Supp. 2d 1107, 1123 (S.D. Cal. 2011).  The law is clear that "the weakness [or strength] in the underpinnings of expert opinions may be developed upon cross-examination, as such weakness [or strength] goes to the weight and credibility of the testimony as opposed to its admissibility." *350 W.A. LLC v. Chubb Group of Ins.*, No. 05CV75 WQH (CAB), 2007 WL 4365502, at *21 (S.D. Cal. Dec. 5, 2007) (citing *Bergen v. F/V St. Patrick*, 816 F.3d 1345, 1352 n.5 (9th Cir. 1987)) (internal quotes omitted).  The Supreme Court has made explicit that "vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof" are the "traditional and appropriate" mechanisms for evidence that a party considers to be incorrect. *Daubert*, 509 U.S. at 596.

**IV.     ARGUMENT**

This *Daubert* motion does not relate to Ms. Davis's expertise in determining patent damages or the methodology she used in opining on damages in this case.  Indeed, her qualifications are undisputed.  That is scarcely surprising, as Ms. Davis has been a patent damages expert for more than twenty years and has worked on nearly 200 patent cases in the course of that time.  [Declaration of Robert Lin in support of Memorandum of Points and Authorities in Opposition to Defendants' *Daubert* Motion to Exclude Certain Testimony of Julie Davis Relating to Lost Profits and Reasonable Royalty (hereinafter ("Lin Decl.") Exh. 1 (8/3/2012 Davis Report) at 1.]

1    Rather, this motion relates to Illumina's disagreement with Ms. Davis's conclusions in

2    calculating the amount of lost profits and reasonable royalties owed to Plaintiffs for Illumina's

3    infringement.  In her expert report dated August 3, 2012, Ms. Davis provides detailed analysis for

4    her lost profits and reasonable royalties calculations.  ██████████████████████

5    █████████████████████████████████████████    ███████

6    ████████████████████████████████████████████████

7    ████████████████████████████████████████████████

8    ████████████████████████████████████████████████

9    ████████████████████████████████████████████████

10   ████████████████████████████████████████████████

11   ████████████████████████████████████████████████

12   ████████████████████    Each of these objections, however, is the result of a difference in

13   opinion between Illumina's lawyers and Ms. Davis, and **not** a result of unreliable methodology or

14   insufficient supporting facts.  "When the methodology is sound, and the evidence relied upon

15   sufficiently related to the case at hand, disputes about the degree of relevance or accuracy (above

16   this minimum threshold) may go to the testimony's weight, but not its admissibility."   *i4i Ltd.*

17   *P'ship v. Microsoft Corp.*, 598 F.3d 831, 852 (Fed. Cir. 2010).

18       A.   **Ms. Davis's Conclusion That, But For Illumina's Infringement, Life Would**
             **Have Made All Of Illumina's Sales Is Supported By Reliable Methodology**
19           **And Sufficient Facts**

20           1.   **The Relevant Market Is A Two-Supplier Market**

21   ████████████████████████████████████████████████

22   ████████████████████████████████████████████████

23   ████████████████████████████████████████████████

24   ████████████████████████████████████████████████

25   ████████████████████████████████████████████████

26   ████████████████████████████████████████████████

27   ████████████████████████████████████████████████

28

Doc#: US1:8302409v1                                                    11-cv-00703-CAB (DHB)



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  Opposition to Illumina's Motion for Summary Judgment of No Lost Profits at Section IV.B.2.

1 ███████████████████████████████████████ ████████████

2 ███████████████████████████████████████████████████

3 ███████████████████████████████████████████████████

4 ███████████████████████████████████████████████████

5 ███████████████████████████████████████████████████

6 ████████████████████████████████████████

7     The Federal Circuit has upheld a finding of a two-supplier market based on analogous

8 facts. *See Siemens Med. Sol'ns USA, Inc. v. Saint-Gobain Ceramics & Plastics, Inc.*, 637 F.3d

9 1269, 1287-88 (Fed. Cir. 2011) (affirming a finding of a two-supplier market where product from

10 a third player was offered at a different price point and targeted towards a different set of

11 customers and explaining that "[a]ccurately identifying a two-supplier market requires an analysis

12 which excludes alternatives to the patented product with disparately different prices or

13 significantly different characteristics") (internal quotations omitted).

14   █████████████████████████████████████████████

15 ███████████████████████████████████████████████████

16 ███████████████████████████████████████████████████

17 ████████████████████   [Opening Br. (Doc. No. 336-1) at 5.]  But the place to challenge Ms. Davis's

18 conclusion is at trial through cross-examination.  And, the law does not require the unrealistic

19 exactness that Illumina proposes.  The Federal Circuit has made clear that, in proving lost profits,

20 a patentee need only "show a reasonable probability that, 'but for' the infringement, it would have

21 made the sales that were made by the infringer."  *Rite-Hite Corp. v. Kelley Co., Inc.*, 56 F.3d

22 1538, 1545 (Fed. Cir. 1995) (en banc).  "[A] patentee ***need not negate every possibility*** that the

23 purchaser might not have purchased a product other than his absent the infringement."  *Kaufman*

24 *Co., Inc. v. Lantech, Inc.*, 926 F.2d 1136, 1141 (Fed. Cir. 1991) (emphasis added)*; see also Lam,*

25 *Inc. v. Johns-Manville Corp.*, 718 F.2d 1056, 1065 (Fed. Cir. 1983) ("[W]hile the damages [in

26 lost profits calculation] may not be determined by mere speculation or guess, it will be enough if

27 the evidence shows the extent of the damages as a matter of just and reasonable inference

28 although the result only be approximate.") (internal citations omitted).  Indeed, the fact that Ms.

1   ███████████████████████████████████████████████████████

2   ████████████████████████████████████████████████████████.

3   Thus, as a matter of law and a matter of fact, Ms. Davis's opinion is amply supported by the

4   evidence and thus more than admissible.

5               **2.      There Are No Acceptable Noninfringing Alternatives**

6       ███████████████████████████████████████████████████

7   ███████████████████████████████████████████████████████

8   ███████████████████████████████████████████████████████

9   ███████████████████████████████████████████████████████

10  ███████████████████████████████████████████████████████

11  ████████████████████████████████████████████████

12      Illumina's allegations are contrary to the record in this case, and, even if Illumina were

13  correct, the proper venue for challenging Ms. Davis's conclusions is at trial.   During fact

14  discovery, Illumina's corporate representative witness testified that ██████████████████

15  ███████████████████████████████████████████████████████

16  ███████████████████████████████████████████████████████

17  ███████████████████████████████████████████████████████

18  ███████████████████████████████████████████████████████

19  ███████████████████████████████████████████████████████

20      More fundamentally, however, Illumina is incorrect factually.[4] ████████████████

21  ███████████████████████████████████████████████████████

22  ███████████████████████████████████████████████████████

23  ███████████████████████████████████████████████████████

24  ███████████████████████████████████████████████████████

25  ███████████████████████████████████████████████████████

26  _____

27  [4] ████████████████████████████████████████████████████

28  ████████████████████████████

1   ███████████████████████████████████████████   As discussed in greater detail in

2   Plaintiffs' opposition to Illumina's motion for summary judgment of no lost profits, there is

3   ample evidence in the record on this point.  [*See* Opp. MSJ No Lost Profits at Section IV.B.3.]

1

2

3

4

5

6

7

8

9

10

11

12

13   Illumina has not presented any

14   evidence to suggest otherwise.  As the Federal Circuit has held, "if the substitute cannot be

15   commercialized readily, then it is not available for purposes of a lost profits determination."

*Siemens*, 637 F.3d at 1288.

16

17   . These issues will be tested at trial.  It would be

18   improper to exclude Ms. Davis's opinion based on factual disputes.  Given the sufficiency of Ms.

19   Davis's supporting evidence, Illumina's mere disagreement with her conclusion is the very type

20   of issue that "go[es] to the testimony's weight, but not its admissibility."  *i4i*, 598 F.3d at 852.

21

22   **B.     It Is Legally Proper For Ms. Davis To Rely On Life's Employees For Her Damages Analysis**

23   Illumina also attacks Ms. Davis's opinion for improperly relying on information provided

24   by Life employees to determine whether Life could have increased its production in order to

25   make Illumina's infringing sales had Illumina been excluded from the market.  [Opening Br.

26   (Doc. No. 336-1) at 6.]  There is, however, nothing improper about Ms. Davis's methodology.

27   Federal Rule of Evidence 703 expressly permits reliance on "facts or data in the case that the

28

1    expert has been made aware of or personally observed.  If experts in the particular field would

2    reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not

3    be admissible for the opinion to be admitted."  Fed. R. Evid. 703. ██████████

4    ████████████████████████████████████████████████████████

5    ████████████████████████████████████████████████████████

6    ████████████████████████████████████████████████████████

7    ████████████████████████████████████████████████████████

8    ████████████████████████  █████████████████████

9    ████████████████████    Damages experts can reasonably rely on employee

10   conversations regarding manufacturing capacity.  *See* Davis Decl. ¶¶ 4-8; *see also U.S. v. Stone*,

11   222 F.R.D. 334, at *8 (E.D. Tenn. July 8, 2004) (citing *Indian Coffee Corp. v. Procter & Gamble*

12   *Co*., 752 F.2d 891, 895-97 (3d Cir. 1985) ("Other courts are in agreement that the trial court may

13   consider the expert's own testimony concerning the types of data that are reasonably relied upon

14   by experts in his field.").   This common methodology used for determining manufacturing

15   capacity has been upheld by the Federal Circuit.  *See, e.g.*, *Fonar v. Gen. Elec. Co*., 107 F.3d

16   1543, 1553 (Fed. Cir. 1997) (finding substantial evidence of manufacturing capacity based on

17   patentee's testimony that the patentee had the machinery, sufficient employees, and a "fast growth

18   rate" to show that it could have increased its production); *Gyromat Corp. v. Champion Spark*

19   *Plug Co*., 735 F.2d 549, 554 (Fed. Cir. 1984) (affirming finding of manufacturing capacity based

20   on testimony of president of patentee and accounting exhibit detailing the infringer's sales).

21       Indeed, Illumina knows reliance on company employees can be considered in forming

22   expert opinions.  Illumina can hardly complain about an expert relying on company employees

23   for information when it has done the same. ████████████████████

24   ████████████████████████████████████████████████████████

25

26

27

28



As this Court has previously found, when both parties' experts rely on the same type of information, that is evidence that the information is the type that would be reasonably relied upon by experts. *See Gray v. U.S.*, Civil No. 05cv1893, 2007 WL 4644736, at *7 (S.D. Cal. Mar. 12, 2007) ("At this point, the Court finds it reasonable [under Rule 703] for a vocational expert to rely on consultations with and information provided by recruiters, as evidenced, in part, by Defendant's vocational expert's own consultation with employers and recruiters in the development of his report.").

**C.**   **Ms. Davis Properly Relied On PCR Licenses To Determine The Reasonable Royalty Rate For This Case And The PCR Licenses Relied On By Ms. Davis Are Comparable**

In determining a reasonable royalty rate, a patentee may rely on "the rates paid by the licensee for the use of other patents comparable to the patent in suit." *Georgia-Pacific v. U.S. Plywood Corp.*,

10

318 F. Supp. 1116, 1120 (S.D.N.Y. 1970). "A damages expert may rely on comparable licenses that are different from the hypothetical agreement as long as he accounts for the technological and economic differences between them." *Multimedia Patent Trust v. Apple Inc.*, No. 10-CV-2618-H (KSC), 2012 WL 5873711, at *7 (S.D. Cal. Nov. 20, 2012) (citing *Wordtech Sys., Inc. v. Integrated Networks Solutions, Inc.*, 609 F.3d 1308, 1320 (Fed. Cir. 2010)). Here, Ms. Davis has shown comparability on both fronts.

Doc#: US1:8302409v1

11-cv-00703-CAB (DHB)



Doc#: US1:8302409v1

11-cv-00703-CAB (DHB)



13

11-cv-00703-CAB (DHB)



Here, again, Illumina's real issue is with the opinion that Ms. Davis reaches. Illumina will have the chance to challenge such opinions at trial. Illumina cannot exclude Ms. Davis from rendering those opinions at trial, however, because the methodology is sound and Ms. Davis's conclusions are well-supported.

## V.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court deny Illumina's *Daubert* motion to exclude certain testimony of Julie Davis relating to lost profits and reasonable royalty.

1    Dated: December 21, 2012                 Respectfully Submitted,

2

3                                             By:    /s/ Jenny C. Wu
                                              Jenny C. Wu
4
                                              Bradford Paul Schmidt
5                                             LIFE TECHNOLOGIES CORPORATION
                                              5791 Van Allen Way
6                                             Carlsbad, CA 92008
                                              Telephone:  (760) 603-7200
7

8                                             Nicholas Groombridge (*pro hac vice*)
                                              Catherine Nyarady (*pro hac vice*)
9                                             Peter Sandel (*pro hac vice*)
                                              Jenny C. Wu (*pro hac vice*)
10                                            Rebecca Fett (*pro hac vice*)
                                              Robert Lin (*pro hac vice*)
11                                            PAUL, WEISS, RIFKIND, WHARTON &
                                              GARRISON LLP
12                                            1285 Avenue of Americas
                                              New York, NY 10019
13                                            Telephone: (212) 373-3000
14

15                                            Matthew D. Murphey
                                              TROUTMAN SANDERS LLP
16                                            11682 El Camino Real, Suite 400
                                              San Diego, CA  92130
17                                            Telephone:  (858) 509-6000

18                                            *Attorneys for Plaintiffs*
                                              LIFE TECHNOLOGIES CORPORATION,
19                                            APPLIED BIOSYSTEMS, LLC, INSTITUTE FOR
                                              PROTEIN RESEARCH, ALEXANDER
20                                            CHETVERIN, HELENA CHETVERINA, and
                                              WILLIAM HONE
21

22

23

24

25

26

27

28

Doc#: US1:8302409v1                                              11-cv-00703-CAB (DHB)

1

2

## CERTIFICATE OF SERVICE

3   I hereby certify that, on December 21, 2012, a true and correct copy of the document entitled:

4   **[REDACTED] MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
    TO DEFENDANTS' *DAUBERT* MOTION TO EXCLUDE CERTAIN TESTIMONY OF**

5   **JULIE DAVIS RELATING TO LOST PROFITS AND REASONABLE ROYALTY**

6   was transmitted to the parties and counsel of record listed below via the Court's CM-ECF system

7   as a result of the electronic filing of these documents.

8          I also certify that true and correct copies of the following sealed lodged proposed

9   documents entitled:

10
11  **MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
    DEFENDANTS' *DAUBERT* MOTION TO EXCLUDE CERTAIN TESTIMONY OF**
    **JULIE DAVIS RELATING TO LOST PROFITS AND REASONABLE ROYALTY**

12  **[FILED UNDER SEAL]**

13  will be transmitted to the parties and counsel of record listed below via e-mail:

14

15

| | |
|---|---|
| Bradford P. Schmidt<br>LIFE TECHNOLOGIES CORPORATION<br>5791 Van Allen Way<br>Carlsbad, CA 92008<br>Telephone:  (760) 603-7200<br>Email:<br>bradford.schmidt@lifetech.com | *Attorneys for Plaintiffs*<br>LIFE TECHNOLOGIES<br>CORPORATION, APPLIED<br>BIOSYSTEMS, LLC, INSTITUTE<br>FOR PROTEIN RESEARCH,<br>ALEXANDER CHETVERIN,<br>HELENA CHETVERINA, and<br>WILLIAM HONE |
| Nicholas Groombridge  (*pro hac vice*)<br>Catherine Nyarady (*pro hac vice*)<br>Peter Sandel  (*pro hac vice*)<br>Rebecca Fett (*pro hac vice*)<br>Jenny C. Wu  (*pro hac vice*)<br>Robert Lin (*pro hac vice*)<br>PAUL, WEISS, RIFKIND, WHARTON &<br>GARRISON LLP<br>1285 Avenue Of Americas<br>New York, NY 10019<br>Telephone:  (212) 373-3000<br>Email:<br>ngroombridge@paulweiss.com<br>cnyarady@paulweiss.com<br>psandel@paulweiss.com | *Attorneys for Plaintiffs*<br>LIFE TECHNOLOGIES<br>CORPORATION, APPLIED<br>BIOSYSTEMS, LLC, INSTITUTE<br>FOR PROTEIN RESEARCH,<br>ALEXANDER CHETVERIN,<br>HELENA CHETVERINA, and<br>WILLIAM HONE |

16
17
18
19
20
21
22
23
24
25
26
27
28

1

11-cv-00703-CAB (DHB)

| | |
|---|---|
| rfett@paulweiss.com<br>jcwu@paulweiss.com<br>rlin@paulweiss.com | |
| Matthew D. Murphey<br>TROUTMAN SANDERS LLP<br>11682 El Camino Real, Suite 400<br>San Diego, CA 92130<br>Telephone:  (858) 509-6000<br>Email:<br>matt.murphey@troutmansanders.com | *Attorneys for Plaintiffs*<br>LIFE TECHNOLOGIES<br>CORPORATION, APPLIED<br>BIOSYSTEMS, LLC, INSTITUTE<br>FOR PROTEIN RESEARCH,<br>ALEXANDER CHETVERIN,<br>HELENA CHETVERINA, and<br>WILLIAM HONE |
| E. Joseph Connaughton<br>PAUL, PLEVIN, SULLIVAN & CONNAUGHTON<br>LLP<br>101 West Broadway, Ninth Floor<br>San Diego, CA 92010<br>Telephone:  (619) 744-3645<br>Email:<br>connaughton@paulplevin.com | *Attorneys for*<br>*Defendants/Counterclaimants*<br>ILLUMINA, INC. and SOLEXA, INC. |
| Mark H. Izraelewicz *(pro hac vice)*<br>Kevin M. Flowers *(pro hac vice)*<br>Matthew C. Nielsen *(pro hac vice)*<br>Cullen N. Pendleton *(pro hac vice)*<br>John R. Labbe *(pro hac vice)*<br>Amanda Antons *(pro hac vice)*<br>MARSHALL, GERSTEIN & BORUN LLP<br>233 South Wacker Drive<br>6300 Willis Tower<br>Chicago, IL 60606<br>Telephone:  (312) 474-6300<br>Email:<br>mizraelewicz@marshallip.com<br>kflowers@marshallip.com<br>mnielsen@marshallip.com<br>cpendleton@marshallip.com<br>jlabbe@marshallip.com<br>aantons@marshallip.com | *Attorneys for*<br>*Defendants/Counterclaimants*<br>ILLUMINA, INC. and SOLEXA, INC. |
| Ronald M. Wawrzyn *(pro hac vice)*<br>Matthew M. Wawrzyn *(pro hac vice)*<br>WAWRZYN LLC<br>233 South Wacker Drive, 84th Floor, Willis Tower<br>Chicago, IL 60606<br>Telephone:  (312) 283-8330<br>Email:<br>matt@wawrzynlaw.com<br>ron@wawrzynlaw.com | *Attorneys for*<br>*Defendants/Counterclaimants*<br>ILLUMINA, INC. and SOLEXA, INC. |

2

11-cv-00703-CAB (DHB)

| | |
|---|---|
| Jeffrey N. Costakos *(pro hac vice)*<br>Rebecca J. Pirozzolo-Mellowes *(pro hac vice)*<br>FOLEY & LARDNER, LLP<br>777 East Wisconsin Avenue<br>Milwaukee, WI 53202<br>Telephone:  (414) 297-5717<br>Email:<br>jcostakos@foley.com<br>jpirozzolo-mellowes@foley.com | *Attorneys for*<br>*Defendants/Counterclaimants*<br>ILLUMINA INC. and SOLEXA, INC. |
| Steven J. Balick<br>Andrew Dieter Cordo<br>Lauren E. Maguire<br>Tiffany Geyer Lydon<br>ASHBY & GEDDES<br>500 Delaware Avenue, 8th Floor<br>PO Box 1150<br>Wilmington, DE  19899<br>Telephone:  (302) 654-1888<br>Email:<br>sbalick@ashby-geddes.com<br>acordo@ashby-geddes.com<br>lmaguire@ashby-geddes.com<br>tlydon@ashby-geddes.com | *Attorneys for*<br>*Defendants/Counterclaimants*<br>ILLUMINA, INC. and SOLEXA, INC. |

I declare under penalty of perjury under the laws of the State of California and the United States of America, that the above is true and correct, and that I executed this Certificate of Service on December 21, 2012, at New York, New York.

/s/ Jenny C. Wu
JENNY C. WU *(pro hac vice)*
Email:  JCWu@paulweiss.com

Doc#: US1:8302409v1

3

11-cv-00703-CAB (DHB)