MATTHEW D. MURPHEY (SBN 194111)
TROUTMAN SANDERS LLP
11682 El Camino Real, Suite 400
San Diego, CA 92130
Telephone: (858) 509-6000

BRADFORD PAUL SCHMIDT (SBN 174440)
LIFE TECHNOLOGIES CORPORATION
5791 Van Allen Way
Carlsbad, CA 92008
Telephone: (760) 603-7200

NICHOLAS GROOMBRIDGE (*pro hac vice*)
CATHERINE NYARADY (*pro hac vice*)
PETER SANDEL (*pro hac vice*)
JENNY C. WU (*pro hac vice*)
REBECCA FETT (*pro hac vice*)
ROBERT LIN (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of Americas
New York, NY 10019
Telephone: (212) 373-3000

Attorneys for Plaintiffs/Counterclaim Defendants LIFE TECHNOLOGIES CORPORATION, APPLIED BIOSYSTEMS, LLC, INSTITUTE FOR PROTEIN RESEARCH, ALEXANDER CHETVERIN, HELENA CHETVERINA, and WILLIAM HONE

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

LIFE TECHNOLOGIES CORPORATION, APPLIED BIOSYSTEMS, LLC, INSTITUTE FOR PROTEIN RESEARCH, ALEXANDER CHETVERIN, HELENA CHETVERINA, and WILLIAM HONE,

Plaintiffs/Counterclaim Defendants,

v.

ILLUMINA, INC. and SOLEXA, INC.,

Defendants/Counterclaim Plaintiffs.

Case No. 3:11-cv-00703-CAB (DHB)

**[REDACTED] MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO ILLUMINA'S OPPOSITION TO LIFE'S MOTION FOR SUMMARY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENTS NO. 6,654,505 AND 6,831,994 AND PARTIAL SUMMARY JUDGMENT OF NO EARLIER PRIORITY DATE FOR U.S. PATENT NO. 6,654,505**

**[FILED UNDER SEAL]**

Date: January 17, 2013
Time: 2:30 p.m.
Place: Courtroom 2
Judge: Hon. Cathy Ann Bencivengo

## I. INTRODUCTION

[redacted] For example, the specification teaches using closely packed beads, and other physical or chemical means for constraining movement of beads, precisely because the claimed invention contemplates that the beads of that system are not fixed to the slide and will move individually on the slide. [*See* '505 patent (Doc. No. 342-4) at 5:50-57.] [redacted].

[redacted].

[redacted] Illumina's opposition does not dispute that this is the basis for his opinion. Thus, the same reasons why the opinion is unsupported and wrong apply equally to both patents, and Life is entitled to summary judgment that SOLiD does not infringe.

The lack of any genuine dispute over direct infringement is by itself fatal to Illumina's indirect infringement allegations. On top of that, Illumina has failed to provide any evidence that

Life knew SOLiD infringed either the '505 patent or the '994 patent. The law is clear that knowledge of infringement is required to establish both induced and contributory infringement.

Finally, Illumina has not set forth any genuine dispute that the '505 patent is entitled to an earlier priority date than May 28, 1994. The material facts regarding the disclosures in the priority chain of the '505 patent are straightforward and remain undisputed. Moreover, the Patent Office Appellate Board has now issued its decision on reexamination of the '505 patent, affirming that the asserted claims are not entitled to an earlier priority date because the '445 and earlier patents are significantly narrower. Illumina requested rehearing of certain aspects of the Board's decision but, of particular relevance, has ***not*** sought rehearing of the Board's priority decision.

## II. ARGUMENT

### A. [redacted]

Careful attention shows that Illumina's opposition does not identify any ***genuine*** issue of ***material*** fact. To begin with, Illumina does not dispute two key facts, each of which provides sufficient grounds alone for granting summary judgment:

- [redacted]
- [redacted]

Illumina now attempts to avoid summary judgment by misapplying the Court's claim construction and proposing alternate infringement theories that are wrong and should be rejected.

***First***: [redacted]

---

[1] [redacted]

[redacted] That is not correct. The Court held that "a key aspect of the claimed invention . . . [requires] simultaneously tracking [or following] the positions of individual microparticles in a population of microparticles." [Claim Construction Order (Doc. No. 132) at 33-34; *see also* '505 patent at 8:48-50 ("An important feature…is the ability to keep track of individual microparticles through multiple process steps and/or cycles.").] [redacted] This is confirmed by the '505 patent's disclosure of individual microparticle tracking, which, as the Court recognized, is computationally burdensome. ['505 patent at 5:44-55.] The '505 patent reduces the computational burden by closely packing beads to limit the amount of movement that needs to be tracked relative to the slide. [*See id.* at 5:50-57.] [redacted]

Illumina is also wrong to assert that the Court's construction would exclude a preferred embodiment wherein a "detection means" is used to "keep track of individual microparticles" [*see* Opp. Br. at 14 (citing '505 patent at 8:48-54)] or exclude the use of "movement constraining means" [*see* Opp. Br. at 15]. [redacted]

***Second***: [redacted]



***Third***: [See Opening Br. at 12-13; *see also* '505 patent at 10:41-42 ("An important feature of the system of the invention is the use of microparticles for carrying analytes."); *id.* at Abstract ("An apparatus and system are provided for simultaneously analyzing a plurality of analytes anchored to microparticles.").] The Court's claim construction order recognized the same distinction. The

2

Court made this statement in relation to a term found in claim 2, but the distinction applies equally to claim 1.

***Fourth***: Illumina attempts to assert the doctrine of equivalents. But Illumina did not present any doctrine of equivalents arguments with respect to claim 1 in either its infringement contentions or expert opinions. This is insufficient to defeat summary judgment.

Illumina's reliance on a doctrine of equivalents argument for an entirely different claim violates "long-standing evidentiary requirements for proof of infringement under the doctrine of equivalents." *See Hewlett-Packard Co. v. Mustek Sys., Inc.*, 340 F.3d 1315, 1322-23 (Fed. Cir. 2003). Controlling law requires Illumina to provide evidence "on a limitation-by-limitation basis" and include "particularized testimony and linking argument." *See Tex. Instruments, Inc. v. Cypress Semiconductor Corp.*, 90 F.3d 1558, 1566 (Fed. Cir. 1996); *see also Pennwalt Corp. v. Durand-Wayland, Inc.*, 833 F.2d 931, 935 (Fed. Cir. 1987) (en banc), *cert. denied*, 485 U.S. 961 (1988). Illumina's attorney argument falls well short of this standard. This argument does not relate in any way to whether SOLiD infringes the claimed step of "tracking positions of the microparticles." It cannot defeat summary judgment.[3]

[3] The law does not allow for that. *See Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 29 (stating that the doctrine of equivalents cannot be applied broadly so as to "effectively eliminate [a claim] element in its entirety").

**B.** [redacted] Illumina also does not dispute that Life does not infringe the ’994 claims under the doctrine of equivalents. Thus, Life is entitled to summary judgment.

Once again, Illumina attempts to manufacture the appearance of disputes where there are no genuine disputes by suggesting that the claim term at issue means something other than what the Court has already construed. Illumina's attempt is unavailing. As the Court recognized in its claim construction order, “the tracking function is emphasized throughout the specification as a key aspect of the claimed invention.” [Doc. No. 132 at 33.] The Court was speaking of the ’505 patent, but this is equally relevant to the ’994 patent because they share a common specification.

[redacted]. The claimed function, “to correlate the optical signals from each of the microparticles in each of the sequence of digital images with said center of said microparticle,” is similar to the limitation in claim 1 of the ’505 patent, “correlating the optical signals generated at each microparticle with its corresponding image in each of the plurality of digital images.” [*Compare* ’994 patent (Doc. No. 342-5) claim 1 *with* ’505 patent

claim 1.] Illumina argued to the Court that the steps are duplicative. [Doc. No. 65 at 28.] [redacted]

### C. Illumina Has Not Come Forward With Sufficient Evidence Of Intent To Create Fact Issues For Its Indirect Infringement Allegations

Illumina has presented absolutely no colorable dispute that Life ever suspected or believed—much less "knew"—that it was infringing the '505 and '994 patents (collectively, "Bridgham patents"). Illumina asserts that Life had the requisite knowledge for indirect infringement at least by October 2009 when Illumina first filed its patent counterclaims. [Opp. Br. at 19, 22.] But courts have held that knowledge of a patent derived solely from the filing of a patent infringement complaint is not sufficient to meet the pleading requirements, much less establish indirect infringement. *See Proxyconn Inc. v. Microsoft Corp.*, No. SACV 11-1681, 2012 WL 1835680, at *7 (C.D. Cal. May 16, 2012) ("Plaintiff fails to state a claim for indirect infringement when it merely alleges that '[s]ince at least the filing of the complaint, [Defendant] has had knowledge of the '717 patent.'"); *see also XPoint Techs., Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 355 (D. Del. 2010) (same). Furthermore, Life's expert reports and this motion show that Life does not believe it infringes the Bridgham patents. *See Kinetic Concept, Inc. v. Blue Sky Med. Grp., Inc.*, 554 F.3d 1010, 1024-25 (Fed. Cir. 2009) (no induced infringement where accused infringer did not believe it infringed the patents).

[redacted] The document does not in any way suggest that Life ever suspected—much less "knew"—that it infringed.

Illumina contends that "when it is undisputed that the alleged infringer had knowledge of the patent, and it can be shown that the alleged infringer had intent to induce the specific acts constituting infringement, intent to cause infringement can be presumed." [Opp. Br. at 19.] But

this ignores the Supreme Court's recent pronouncement in *Global-Tech Appliances, Inc. v. SEB S.A.* that "induced infringement . . . requires knowledge that the induced acts constitute patent infringement." 131 S. Ct. 2060, 2068 (2011). Illumina instead relies on a pre-*Global-Tech* case, *Ricoh Co. Ltd. v. Quanta Computer Inc.*, 550 F.3d 1325 (Fed. Cir. 2008). [*See* Opp. Br. at 18-19.] *Ricoh* does not (indeed, cannot) "trump" *Global-Tech*. Moreover, *Ricoh* only stands for the unremarkable proposition that specific intent can be inferred from circumstantial evidence, which is a far cry from establishing a presumption based on tenuous evidence regarding mere knowledge of a patent. *Ricoh*, 550 F.3d at 1342. Illumina is also wrong about *Ricoh* holding that evidence as thin as that which Illumina has presented would survive summary judgment. [*See* Opp. Br. at 21.] In *Ricoh*, the Federal Circuit merely vacated and remanded a summary judgment of no inducement so that the district court would have the opportunity to consider circumstantial evidence present there but which Illumina does not offer. *Ricoh*, 550 F.3d at 1342.

As to contributory infringement, Illumina must prove that Life knew its customers' use of the accused system was both patented and infringing. *Global-Tech*, 131 S. Ct. at 2068 (citing *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 488 (1964)); *see also Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1330 (Fed. Cir. 2010) ("Our case law is clear that [patentee] must show that [defendant] knew that the combination for which its components were especially made was both patented and infringing."). Illumina also has not presented evidence to support a claim that Life acted with requisite knowledge for contributory infringement.

**D. The '445 Patent Does Not Support Illumina's Priority Claim**

Illumina does not dispute that, for the '505 patent to claim an earlier priority date of December 19, 1994, the '445 patent must have disclosed tracking positions of microparticles. [Opp. Br. at 22-23.] Illumina also does not dispute that its expert Dr. Shendure testified that there is no disclosure of moving microparticles in the '445 patent. [*See, e.g.*, Doc. No. 342-15 at 235:11-23.] If the microparticles do not move, it logically follows that there is no need to track the positions of any microparticles.

Illumina, however, argues that the '445 patent must disclose tracking the positions of microparticles because it discloses determining "the sequence of a polynucleotide on the same

microparticle of a bead array when multiple cycles of ligation and identification are carried out," and this allegedly requires tracking. [Opp. Br. at 25.] This is unsupported attorney argument. As explained in Life's opening brief, the '445 patent does not contemplate the movement of microparticles, so there is no need to track any movement of microparticles in order to correlate the optical signals from the same microparticles across multiple images. [Opening Br. at 20.]

In tacit acknowledgement that the '445 patent fails to disclose tracking the positions of microparticles, Illumina instead resorts to disclosures in other patent applications in the priority chain. But one cannot obtain an earlier priority date unless each and every earlier patent application tracing back to that priority date discloses the subject matter of the patent claims at issue. *See Lockwood v. Am. Airlines, Inc.*, 107 F.3d 1565, 1571(Fed. Cir. 2003).

The fact that Illumina has obtained a Certificate of Correction for the '505 patent does not support an earlier priority date. [Opp. Br. at 23.] The Patent Office decision granting Illumina's petition for a Certificate of Correction explicitly states otherwise:

> ***The granting of the petition to accept the delayed benefit claim to the prior-filed applications under 37 CFR 1.78(a)(3) should not be construed as meaning that the patent being reexamined is entitled to the benefit of the prior-filed applications. . . . [T]he examiner, will, in due course, consider this benefit claim and determine whether the patent is entitled to the benefit of the earlier filing date.***

[Lin Decl. Exh. 15 (6/30/10 Decision) at 2 (emphasis as in original).] And when the Examiner considered the priority claim, the Examiner determined that Illumina was ***not*** entitled to priority. [Lin Decl. Exh. 16 (2/18/11 Right of Appeal Notice) at 3-7.]

Life also wishes to inform the Court that in the period since Life filed its opening brief, the Patent Trial and Appeals Board issued its decision affirming the rejection of all asserted claims of the '505 patent. [11/29/2012 '505 Patent Reexamination Board Decision (Doc. No. 348-4).] The Board's decision is dated November 29, 2012, three weeks before Illumina filed its opposition. The Board's decision is relevant not only because it confirms that Illumina's asserted claims are unpatentable, but also because it rejects Illumina's priority claim for an additional reason to that stated above. Specifically, the Board determined that the disclosure in the '445 patent is limited to nucleic acid sequencing, whereas the claims of the '505 patent asserted in this litigation (claims

1-3, 5, 6) are broader. [*Id.* at 9-15.] There is nothing in the asserted ’505 patent claims limiting them or even referring to nucleic acid sequencing. Thus, the ’445 patent does not support the full scope of the ’505 patent claims and cannot support an earlier priority date. *See Lockwood*, 107 F.3d at 1571.

Life recognizes that the Board based its priority decision on an argument not raised in Life’s motion, but the Board issued its decision after Life filed its motion. Illumina is well aware of the decision, as it was issued three weeks before Illumina filed its opposition, and Illumina recognizes the relevance of the reexamination proceedings to this litigation, as shown by Illumina’s arguments regarding the reexamination proceedings in its opposition to Life’s motion for summary judgment on the ’656 patent. [Doc. No. 356 at 2-3, 15 n.7.]

The Board concluded in another part of the decision, concerning claims 10-30 which Illumina newly added to the ’505 patent during reexamination, and which are not asserted in this litigation, that the ’445 patent provides support for the “correlating” element of claim 1 in the ’505 patent. [11/29/2012 ’505 Patent Reexamination Board Decision (Doc. No. 348-4) at 15-22.] That, however, in no way diminishes Life’s point that the “tracking” step is not disclosed in the ’445 patent. Illumina has not presented evidence raising a genuine fact issue regarding support for the “tracking” step, and Life is entitled to summary judgment on priority.

## III. CONCLUSION

For the foregoing reasons, Life respectfully requests that this Court grant summary judgment of noninfringement as to all asserted claims of the Bridgham patents. Further, Life respectfully requests that this Court grant partial summary judgment that the ’505 patent is not entitled to a December 19, 1994 priority date.

Dated: January 10, 2013

Respectfully Submitted,

By: /s/ Jenny C. Wu
Jenny C. Wu

Bradford Paul Schmidt
LIFE TECHNOLOGIES CORPORATION
5791 Van Allen Way
Carlsbad, CA 92008
Telephone: (760) 603-7200

Nicholas Groombridge (*pro hac vice*)
Catherine Nyaraday (*pro hac vice*)
Peter Sandel (*pro hac vice*)
Jenny C. Wu (*pro hac vice*)
Rebecca Fett (*pro hac vice*)
Robert Lin (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of Americas
New York, NY 10019
Telephone: (212) 373-3000

Matthew D. Murphey
TROUTMAN SANDERS LLP
11682 El Camino Real, Suite 400
San Diego, CA 92130
Telephone: (858) 509-6000

*Attorneys for Plaintiffs*
LIFE TECHNOLOGIES CORPORATION, APPLIED BIOSYSTEMS, LLC, INSTITUTE FOR PROTEIN RESEARCH, ALEXANDER CHETVERIN, HELENA CHETVERINA, and WILLIAM HONE

## CERTIFICATE OF SERVICE

I hereby certify that, on January 10, 2013, a true and correct copy of the document entitled:

**[REDACTED] MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO ILLUMINA'S OPPOSITION TO LIFE'S MOTION FOR SUMMARY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENTS NO. 6,654,505 AND 6,831,994 AND PARTIAL SUMMARY JUDGMENT OF NO EARLIER PRIORITY DATE FOR U.S. PATENT NO. 6,654,505**

was transmitted to the parties and counsel of record listed below via the Court's CM-ECF system as a result of the electronic filing of these documents.

I also certify that true and correct copies of the following sealed lodged proposed documents entitled:

**MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO ILLUMINA'S OPPOSITION TO LIFE'S MOTION FOR SUMMARY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENTS NO. 6,654,505 AND 6,831,994 AND PARTIAL SUMMARY JUDGMENT OF NO EARLIER PRIORITY DATE FOR U.S. PATENT NO. 6,654,505 [FILED UNDER SEAL]**

| | |
|---|---|
| Bradford P. Schmidt<br>LIFE TECHNOLOGIES CORPORATION<br>5791 Van Allen Way<br>Carlsbad, CA 92008<br>Telephone: (760) 603-7200<br>Email:<br>bradford.schmidt@lifetech.com | *Attorneys for Plaintiffs*<br>LIFE TECHNOLOGIES CORPORATION, APPLIED BIOSYSTEMS, LLC, INSTITUTE FOR PROTEIN RESEARCH, ALEXANDER CHETVERIN, HELENA CHETVERINA, and WILLIAM HONE |
| Nicholas Groombridge (*pro hac vice*)<br>Catherine Nyarady (*pro hac vice*)<br>Peter Sandel (*pro hac vice*)<br>Rebecca Fett (*pro hac vice*)<br>Jenny C. Wu (*pro hac vice*)<br>Robert Lin (*pro hac vice*)<br>PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP<br>1285 Avenue Of Americas<br>New York, NY 10019<br>Telephone: (212) 373-3000<br>Email:<br>ngroombridge@paulweiss.com<br>cnyarady@paulweiss.com<br>psandel@paulweiss.com<br>rfett@paulweiss.com<br>jcwu@paulweiss.com | *Attorneys for Plaintiffs*<br>LIFE TECHNOLOGIES CORPORATION, APPLIED BIOSYSTEMS, LLC, INSTITUTE FOR PROTEIN RESEARCH, ALEXANDER CHETVERIN, HELENA CHETVERINA, and WILLIAM HONE |

| | |
|---|---|
| rlin@paulweiss.com | |
| Matthew D. Murphey<br>TROUTMAN SANDERS LLP<br>11682 El Camino Real, Suite 400<br>San Diego, CA 92130<br>Telephone: (858) 509-6000<br>Email:<br>matt.murphey@troutmansanders.com | *Attorneys for Plaintiffs*<br>LIFE TECHNOLOGIES CORPORATION, APPLIED BIOSYSTEMS, LLC, INSTITUTE FOR PROTEIN RESEARCH, ALEXANDER CHETVERIN, HELENA CHETVERINA, and WILLIAM HONE |
| E. Joseph Connaughton<br>PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP<br>101 West Broadway, Ninth Floor<br>San Diego, CA 92010<br>Telephone: (619) 744-3645<br>Email:<br>connaughton@paulplevin.com | *Attorneys for Defendants/Counterclaimants*<br>ILLUMINA, INC. and SOLEXA, INC. |
| Mark H. Izraelewicz *(pro hac vice)*<br>Kevin M. Flowers *(pro hac vice)*<br>Matthew C. Nielsen *(pro hac vice)*<br>Cullen N. Pendleton *(pro hac vice)*<br>John R. Labbe *(pro hac vice)*<br>Amanda Antons *(pro hac vice)*<br>MARSHALL, GERSTEIN & BORUN LLP<br>233 South Wacker Drive<br>6300 Willis Tower<br>Chicago, IL 60606<br>Telephone: (312) 474-6300<br>Email:<br>mizraelewicz@marshallip.com<br>kflowers@marshallip.com<br>mnielsen@marshallip.com<br>cpendleton@marshallip.com<br>jlabbe@marshallip.com<br>aantons@marshallip.com | *Attorneys for Defendants/Counterclaimants*<br>ILLUMINA, INC. and SOLEXA, INC. |
| Ronald M. Wawrzyn *(pro hac vice)*<br>Matthew M. Wawrzyn *(pro hac vice)*<br>WAWRZYN LLC<br>233 South Wacker Drive, 84th Floor, Willis Tower<br>Chicago, IL 60606<br>Telephone: (312) 283-8330<br>Email:<br>matt@wawrzynlaw.com<br>ron@wawrzynlaw.com | *Attorneys for Defendants/Counterclaimants*<br>ILLUMINA, INC. and SOLEXA, INC. |
| Jeffrey N. Costakos *(pro hac vice)* | *Attorneys for* |

| | |
|---|---|
| Rebecca J. Pirozzolo-Mellowes *(pro hac vice)*<br>FOLEY & LARDNER, LLP<br>777 East Wisconsin Avenue<br>Milwaukee, WI 53202<br>Telephone: (414) 297-5717<br>Email:<br>jcostakos@foley.com<br>jpirozzolo-mellowes@foley.com | *Defendants/Counterclaimants*<br>ILLUMINA INC. and SOLEXA, INC. |
| Steven J. Balick<br>Andrew Dieter Cordo<br>Lauren E. Maguire<br>Tiffany Geyer Lydon<br>ASHBY & GEDDES<br>500 Delaware Avenue, 8th Floor<br>PO Box 1150<br>Wilmington, DE 19899<br>Telephone: (302) 654-1888<br>Email:<br>sbalick@ashby-geddes.com<br>acordo@ashby-geddes.com<br>lmaguire@ashby-geddes.com<br>tlydon@ashby-geddes.com | *Attorneys for*<br>*Defendants/Counterclaimants*<br>ILLUMINA, INC. and SOLEXA, INC. |

I declare under penalty of perjury under the laws of the State of California and the United States of America, that the above is true and correct, and that I executed this Certificate of Service on January 10, 2013, at New York, New York.

*s/ Jenny C. Wu*
Jenny C. Wu
E-mail: JCWu@paulweiss.com