MATTHEW D. MURPHEY (SBN 194111)
TROUTMAN SANDERS LLP
11682 El Camino Real, Suite 400
San Diego, CA  92130
Telephone: (858) 509-6000

BRADFORD PAUL SCHMIDT (SBN 174440)
LIFE TECHNOLOGIES CORPORATION
5791 Van Allen Way
Carlsbad, CA 92008
Telephone:  (760) 603-7200

NICHOLAS GROOMBRIDGE (*pro hac vice*)
CATHERINE NYARADY (*pro hac vice*)
PETER SANDEL (*pro hac vice*)
JENNY C. WU (*pro hac vice*)
REBECCA FETT (*pro hac vice*)
ROBERT LIN (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of Americas
New York, NY 10019
Telephone: (212) 373-3000

Attorneys for Plaintiffs/Counterclaim Defendants
LIFE TECHNOLOGIES CORPORATION,
APPLIED BIOSYSTEMS, LLC, INSTITUTE
FOR PROTEIN RESEARCH, ALEXANDER
CHETVERIN, HELENA CHETVERINA, and
WILLIAM HONE

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIFE TECHNOLOGIES CORPORATION, APPLIED BIOSYSTEMS, LLC, INSTITUTE FOR PROTEIN RESEARCH, ALEXANDER CHETVERIN, HELENA CHETVERINA, and WILLIAM HONE, <br><br> Plaintiffs/Counterclaim Defendants, <br><br> v. <br><br> ILLUMINA, INC. and SOLEXA, INC., <br><br> Defendants/Counterclaim Plaintiffs. | Case No. 3:11-cv-00703-CAB (DHB) <br><br> **[REDACTED] PLAINTIFFS' REPLY TO ILLUMINA'S OPPOSITION TO PLAINTIFFS' MOTION TO PRECLUDE CERTAIN TESTIMONY OF JOHN GOOLKASIAN** <br><br> **[FILED UNDER SEAL]** <br><br> Date:      January 17, 2013 <br> Time:      2:30 p.m. <br> Place:     Courtroom 2 <br> Judge:    Hon. Cathy Ann Bencivengo |

Life Technologies Corporation, Applied Biosystems, LLC, Institute for Protein Research, William Hone, Helena Chetverina, and Alexander Chetverin (collectively, "Plaintiffs") respectfully submit this reply brief in support of their motion for an order precluding John Goolkasian, the proposed patent expert of Illumina, Inc. and Solexa, Inc. (collectively, "Illumina"), from testifying or otherwise opining on certain matters concerning inequitable conduct.

## I.    INTRODUCTION

The purpose of this motion is to preclude Mr. Goolkasian from testifying about topics that are not properly the subject of expert testimony.  Specifically, as Plaintiffs set forth in their opening brief, Mr. Goolkasian should be precluded from offering testimony at trial about:  (1) the materiality of the prior art that Illumina alleges that Dr. Chetverin intentionally withheld from the PTO; (2) any intent or state of mind of Dr. Chetverin; (3) the ultimate issues of inequitable conduct; (4) the law and any legal conclusions; and (5) any alleged generalized problems or limitations experienced by patent examiners during the application process.  [Opening Br. (Doc. No. 338-1) at 1-2.]  In recognition that Mr. Goolkasian should not be permitted to testify on these subjects, Illumina states that "if the Court prefers" it will not ask him to testify about them.  [Opp. Br. (Doc. No. 365) at 2-3.]  Moreover, Illumina does not challenge the fundamental premises on which Plaintiffs' motion is based.  Specifically:

- ██████████████████████████████████████████████████████████

- Illumina does not dispute that Mr. Goolkasian is not qualified to testify regarding the alleged materiality of the prior art that Dr. Chetverin withheld from the PTO.  [Opp. Br. (Doc. No. 365) at 17.]

- Illumina does not dispute that it would be improper for Mr. Goolkasian to testify about Dr. Chetverin's alleged intent to deceive the PTO.  [*Id.* at 17.]

- Illumina does not dispute that Mr. Goolkasian should not testify on the ultimate issues of inequitable conduct because those issues should be committed to the discretion of the trial court.  [*Id.* at 17.]

- Illumina does not dispute that it is improper for Mr. Goolkasian to testify regarding the law or legal conclusions.  [*Id.* at 17-18.]

- Illumina has agreed that Mr. Goolkasian will not testify regarding the limitations of patent examiners in performing their work.  [*Id.* at 18.]

1

1    Despite these concessions, Illumina repeatedly argues that it should be allowed to offer

2  improper opinion testimony under the guise of purportedly innocent "hypothetical" statements or

3  a mere "overview" of the prosecution history.  For example, Illumina suggests that Mr.

4  Goolkasian should be permitted to testify that in "certain instances, that the only reasonable

5  conclusion that can be drawn from the evidence . . . is that Dr. Chetverin knew the materiality of

6  certain information, and made a deliberate decision to withhold it from the PTO."  [Opp. Br. at

7  17.]  Such testimony is precisely the sort of improper opinion regarding materiality and Dr.

8  Chetverin's state of mind that Illumina agreed it would not offer.  Moreover, such testimony

9  invades the province of the fact finder to determine what reasonable inferences can be drawn

10  from the evidence.  As stated in Plaintiffs' opening brief—and undisputed by Illumina—"Mr.

11  Goolkasian has no specialized knowledge or experience that makes him better able to assess Dr.

12  Chetverin's subjective intent than the fact finder" [Opening Br. at 14], and he "lacks the requisite

13  knowledge, skills, experience, training, or education to appropriately evaluate the purported

14  materiality of the various pieces of prior art."  [*Id.* at 1.]

15  ████████████████████████████████████████████████████

16  ████████████████████████████████████████████████████████

17  ██████████████████████████████████████████████████████

18  ████████████████████████████████████████████████████████

19  ███████████████████████████████████  This is not a factual description of what

20  happened during patent prosecution or mere description of the general patent prosecution process.

21  Rather, it is very thinly-veiled opinion testimony on the issue of materiality and intent.

22    The Court should grant Plaintiffs' motion and enter an order precluding Mr. Goolkasian's

23  improper testimony on the five topics identified in Plaintiffs' Opening Brief (and listed above).

24  If, as Illumina says, it will not offer such testimony, then such an order would result in no harm to

25  Illumina.  If, on the other hand, Illumina intends to try to introduce this testimony disguised as a

26  mere review of the prosecution history, this same dispute will arise during trial and therefore is

27  better resolved now by granting Plaintiffs' motion.

28

11-cv-00703-CAB (DHB)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## II.    ARGUMENT

### A.    Mr. Goolkasian's Proposed Testimony Is Improper Because It Is Not An Objective Or Factual Recitation Of The Prosecution History

Having conceded that Mr. Goolkasian should not be allowed to testify about materiality, intent, the law and legal conclusions regarding inequitable conduct, and limitations on patent examiners, Illumina instead contends that Mr. Goolkasian should be allowed to testify about the "prosecution history of the Chetverin patents-in-suit, *i.e.*, the objective record of the [PTO]." [Opp. Br. at 1.]  Illumina argues, for example, that Mr. Goolkasian should be allowed to testify about:  (1) the facts surrounding how the PTO's initial rejection of the Chetverin Patent claims were overcome [*id.* at 8-11];  (2) the "chronology of specific events that took place in the prosecution history" [*id.* at 11]; and (3) the events in the prosecution history of the Chetverin patents-in-suit related to the prior-art Stapleton '500 patent [*id.* at 12].  But if Illumina truly seeks to introduce only "objective facts" regarding the prosecution history, then it is difficult to see any need for Mr. Goolkasian's proposed testimony, which goes well beyond objective facts.[1]

In particular, Illumina's examples of purportedly "objective" facts surrounding the PTO's initial rejections of the Chetverin Patent claims and how those rejections were overcome are in actuality heavily commingled with improper conjecture and speculation regarding Dr. Chetverin's alleged intent and Mr. Goolkasian's unqualified opinions on the materiality of prior art—the very topics that Illumina has stated that it will not ask Mr. Goolkasian about.  [*Id.* at 8-12.] ▮



---

[1] Any relevant objective facts can be addressed by introducing the prosecution history itself as evidence and/or by examination of other witnesses who have properly relied on objective information within the prosecution history.  Accordingly, it appears that Illumina wishes to offer Mr. Goolkasian's testimony to add color to the objective facts in a manner that it perceives as beneficial to its case.

3

11-cv-00703-CAB (DHB)



[redacted]

[redacted]

Further, Mr. Goolkasian's proposed testimony includes rank speculation as to the extent of Dr. Chetverin's knowledge about U.S. patent prosecution practice and what communications may have taken place between him and his attorneys. [redacted] None of this is an objective recitation of the prosecution history, and Illumina should not be permitted to introduce it through such backdoor means.

1    Accordingly, Mr. Goolkasian should be precluded from testifying about materiality,

2    intent, and legal conclusions disguised as "objective" recitations of the prosecution history.[2]

3        **B.    Mr. Goolkasian Is Not Qualified To Testify About Illumina's Purported
         "Other Facts"**

4

5        Even though Illumina does not dispute Mr. Goolkasian's lack of qualifications as one of

6    ordinary skill in the art, it vaguely asserts that Mr. Goolkasian is qualified to offer testimony

7    about "other facts in the record that are probative of Dr. Chetverin's inequitable conduct."  [Opp.

     Br. at 13.] ████████████████████████████████████

8    ██████████████████████████████████████████████

9    ██████████████████████████████████████████████

10   ██████████████████████████████████████████████

11   ██████████████████████████████████████████████

12   ██████████████████████████████████████████████

13   ██████████████████████████████████████████████

14   ██████████████████████████████████████████████

15   ████████████████████    Once again this is nothing more than an improper attempt to testify

     about materiality (items 1 and 3) and intent (item 2).  None of this is admissible expert testimony.

16

17       Illumina also attempts to justify this improper testimony with the argument that " Mr.

18   Goolkasian relies, in part, on the opinions of Illumina's technical experts, which he is permitted

     to do under Federal Rule of Evidence 703." [*Id.* at 14.]  But the law is clear and undisputed that

19   Mr. Goolkasian's inadmissible testimony on materiality cannot be rendered admissible simply by

20   his reliance on Illumina's technical experts.  *Advanced Tech. Incubator, Inc. v. Sharp Corp.*, No.

21   09-CV-00135, 2010 WL 1170148, at *5 (E.D. Tex. Mar. 22, 2010) and *Wright Asphalt Prods.*

22   *Co., LLC v. Pelican Ref. Co.*, No. 09-CV-1145, 2012 WL 1936416, at *10 (S.D. Tex. May 29,

23   2012).  As stated in the opening brief, the materiality of the references is contested by the various

24

---

25   [2] To the extent that Illumina argues that an opinion regarding the "importance of Dr. Chetverin's
     arguments to overcoming the PTO's prior-art rejections" is objective, it is not. [Opp. Br. at 11
26   (citing Goolkasian Report at ¶ 139).]  That opinion by Mr. Goolkasian regarding the importance
     of Dr. Chetverin's arguments to overcoming the PTO's prior art rejections would necessarily
27   require Mr. Goolkasian to wander into territory in which he is indisputably unqualified.

28

                                                          11-cv-00703-CAB (DHB)

experts in the case.  [Opening Br. at 11-12.]  Mr. Goolkasian not only indisputably lacks the technical qualifications to determine the materiality of any references, but he also lacks the technical qualifications to pick and choose which conflicting technical opinions or testimony to rely upon.  [*Id.*]

Additionally, Mr. Goolkasian's proposed testimony that "Dr. Chetverin disclosed only his publications that were not prior art because they were published too late," which Illumina describes as "factual," is definitively anything but.  [Opp. Br. at 15.]  Rather, it represents Illumina's and Mr. Goolkasian's conjectures about Dr. Chetverin's intent or reasons.  There is no evidence whatsoever that Dr. Chetverin submitted his publications "because they were published too late," and the absence of evidence is apparent from the absolute lack of citation to the factual record by either Illumina or Mr. Goolkasian.  Mr. Goolkasian should not be allowed to testify as such.

The cases cited by Illumina do not support the proposition that Mr. Goolkasian should be allowed to testify as to Illumina's so-called "other facts."[3]  For example, in *Bone Care International LLC v. Pentech Pharmaceuticals, Inc.*, the defendants sought to introduce the expert testimony of Dr. Keana regarding materiality, specifically "alleged inconsistencies between the inventor's affidavits and his representations to the FDA regarding the view of a person of ordinary skill in the art, and to offer an opinion based on inferences from those inconsistencies that the inventor lacked candor in his representation."  No. 08-CV-1083, 2010 WL 3928598, at *9 (N.D. Ill. Oct. 1, 2010).  But unlike the facts of this case, the plaintiffs there acknowledged that the expert was qualified to testify regarding materiality, as he was one of ordinary skill in the relevant art.  The court allowed Dr. Keana to testify based on "[his] background in sciences

---

[3] Other than the three specified examples, the scope of the so-called "other facts" and the relevance of Illumina's cited cases to the admissibility of testimony on those "other facts" are unclear.  [*See, e.g.*, Opp. Br. at 14-15.]  To the extent that the proposed scope includes what the prior art discloses or does not disclose, that is related to materiality and beyond the proper purview of Dr. Goolkasian's qualifications, as discussed in Plaintiffs' opening brief and this brief.  [*See, e.g.*, *id.* at 14.]  To the extent that the proposed scope involves Dr. Chetverin's alleged motivations, that is related to intent and also not proper expert testimony.  [*Id.* at 15.]  In any event, Illumina has already agreed that it will not ask Mr. Goolkasian to opine on materiality or intent.

1  coupled with his experience in pharmaceutical patent prosecution." *Id.* The court, however, also

2  clarified that "Dr. Keana is qualified to offer evidence regarding the history of the '488

3  application's prosecution that may be probative to the issue of intent, but is not qualified to offer

4  conclusions as to the existence of that intent . . . [the court] cautions that Dr. Keana must refrain

5  from speculating as to whether the inventor or attorneys actually had such intent." *Id.* Here, Mr.

6  Goolkasian's expertise does not compare. All parties agree that Mr. Goolkasian is not one of

7  ordinary skill in the art.

8       Moreover, in *Bone Care*, the court precluded the testimony of a patent law expert

9  regarding his conclusions of law on issues in the case and regarding scientific or technical

10  matters. *Id.* at *13-*14. The court, however, allowed the patent law expert to opine as to the

11  priority filing date and other issues going to the validity of the patent "so long as he tethers his

12  testimony to objective facts in the record. Thus, [he] may provide factual context that goes to the

13  underlying contentions of inequitable conduct, obviousness, priority, and other key legal issues,

14  but he may not speculate or offer his subjective conclusions on those contentions." *Id.* Here, Mr.

15  Goolkasian has not tethered his opinion to objective facts. His opinion conflates issues relating to

16  the prosecution history with issues relating to materiality and intent. And Mr. Goolkasian relies

17  only on speculation to provide his subjective conclusions on inequitable conduct.

18       To the extent that Illumina is relying on its cited cases for the proposition that Mr.

19  Goolkasian should be allowed to testify about materiality, all of those cases involve outdated

20  standards for materiality. [Opp. Br. at 13-14.] In 2011, the Federal Circuit significantly

21  heightened the standard for materiality. *Therasense, Inc. v. Becton, Dickinson and Co.*, 649 F.3d

22  1276, 1291 (Fed. Cir. 2011). Instead of materiality being determined based on whether there was

23  a substantial likelihood that a reasonable examiner would find the undisclosed reference

24  important, materiality is now determined based on whether or not the PTO would have allowed

25  the claim to issue if it had been aware of the undisclosed reference. *Therasense*, 649 F.3d at

26  1291-92. This "but-for" materiality standard is often "congruent with the validity determination."

27  *Id.* As set forth in the opening brief, the "but-for" analysis (which often necessitates a validity

28  determination) requires the qualifications of one of ordinary skill in the art. [Opening Br. at 6-

11-cv-00703-CAB (DHB)

12.]  Not being one of ordinary skill in the art, as Illumina has conceded, Mr. Goolkasian is not qualified to testify about materiality either on his own or based on his choice of technical expert testimony, as discussed above.[4]  [*See supra* at Section II.B.]

**C.    Mr. Goolkasian Cannot Testify About What A Patent Examiner Would Have Done Because He Lacks Experience And Qualifications In The Technology At Issue**

Illumina argues that Mr. Goolkasian is qualified to speculate on whether the PTO would have maintained its initial rejections of the Chetverin Patent claims if provided certain information.  But as set forth in the opening brief, the law is clear that "courts will not permit an expert to testify regarding what a patent examiner would have done unless the expert is experienced in the technology at issue." *Pharmacia Corp. v. Par Pharm., Inc.*, No. 10-CV-6011, 2004 WL 5614917, at *2 (D.N.J. Feb. 18, 2004);  *see also Applied Materials, Inc. v. Advanced Semiconductor Materials Am., Inc.*, No. 92-CV-20643, 1995 WL 261407, at *3 (N.D. Cal. Apr. 25, 1995).]  Moreover, "[t]he law makes no exception for the expert testimony of patent examiners, patent attorneys, or any other patent law experts.  If the witness is unqualified to testify from the perspective of 'one of ordinary skill in the art,' then his testimony is inadmissible on the [technological] issue[.]" *Neutrino Dev. Corp. v. Sonosite, Inc.*, 410 F. Supp. 2d 529, 545 (S.D. Tex. 2006).

Here, Illumina admits that Mr. Goolkasian is not qualified to testify from the perspective of one of ordinary skill in the art.  Nevertheless, it argues that Mr. Goolkasian should be allowed to testify as to whether an Examiner would have "maintained its rejections of and not allowed Dr. Chetverin's claims to issue if Dr. Chetverin had disclosed either of his prior-art publications or other material information to the PTO."  [Opp. Br. at 15.]  But the law is clear.  If Mr. Goolkasian

---

[4] For the first time—in a footnote, no less—Illumina contends that Dr. Chetverin committed inequitable conduct through affirmative egregious misconduct and therefore but-for materiality does not need to be established.  [Opp. Br. at 16 n.8.]  Whether Dr. Chetverin committed affirmative egregious misconduct (which he did not) is an issue that directly pertains to Dr. Chetverin's intent, a subject that Illumina has already conceded is not permissible expert testimony.  [*Id.* at 17.]

8

1  is "unqualified to testify from the perspective of 'one of ordinary skill in the art,' then his

2  testimony is inadmissible" on the issue of patentability.  *Neutrino*, 401 F. Supp. 2d at 545.

3        Lastly, Illumina suggests that Mr. Goolkasian should be permitted to testify about what

4  the PTO would have done because he was at one point in his career a member of the PTO's Board

5  of Patent Appeals and Interferences and in that capacity sometimes heard cases on biotechnology

6  patent applications.  [Opp. Br. at 15.]  Once again this is just an attempt to bring in improper

7  testimony that Illumina elsewhere states it will not offer.  In effect, Illumina is saying that it has

8  retained a former judge as a paid expert and he should be allowed to testify about how the

9  tribunal on which he sat would have decided the issue that is now before this Court.  But the law,

10 as set forth in the opening brief, is clear and undisputed.  [Opening Br. at 7-12.]  Mr. Goolkasian

11 cannot testify on technical questions (such as whether prior art would invalidate claims) unless he

12 is qualified as an expert in the pertinent art.  [*Id.*]  Mr. Goolkasian, Illumina, and Life all agree

13 that he is not.

14 **III.    CONCLUSION**

15        For the foregoing reasons, Life respectfully requests an Order precluding Mr. Goolkasian

16 from testifying at trial concerning (1) the materiality of prior art, (2) the intent of Dr. Chetverin,

17 (3) the ultimate issue of inequitable conduct, (4) the law, and (5) the limitations placed on patent

18 examiners during the examination of patent applications.  ████████████████████████

19 ██████████████████████████████████████████████████████████████

20 ████████████████

21

22

23

24

25

26

27

28

11-cv-00703-CAB (DHB)

1   Dated: January 10, 2013            Respectfully Submitted,

2                                      By:   /s/ Jenny C. Wu
3                                      Jenny C. Wu

4                                      Bradford Paul Schmidt
                                       LIFE TECHNOLOGIES CORPORATION
5                                      5791 Van Allen Way
                                       Carlsbad, CA 92008
6                                      Telephone:  (760) 603-7200

7
                                       Nicholas Groombridge (*pro hac vice*)
8                                      Catherine Nyaraday (*pro hac vice*)
                                       Peter Sandel (*pro hac vice*)
9                                      Jenny C. Wu (*pro hac vice*)
                                       Rebecca Fett (*pro hac vice*)
10                                     Robert Lin (*pro hac vice*)
                                       PAUL, WEISS, RIFKIND, WHARTON &
11                                     GARRISON LLP
                                       1285 Avenue of Americas
12                                     New York, NY 10019
                                       Telephone: (212) 373-3000
13

14                                     Matthew D. Murphey
                                       TROUTMAN SANDERS LLP
15                                     11682 El Camino Real, Suite 400
                                       San Diego, CA  92130
16                                     Telephone: (858) 509-6000

17
                                       *Attorneys for Plaintiffs*
18                                     LIFE TECHNOLOGIES CORPORATION,
                                       APPLIED BIOSYSTEMS, LLC, INSTITUTE FOR
19                                     PROTEIN RESEARCH, ALEXANDER
                                       CHETVERIN, HELENA CHETVERINA, and
20                                     WILLIAM HONE

21

22

23

24

25

26

27

28

                                                          11-cv-00703-CAB (DHB)

1

2

**CERTIFICATE OF SERVICE**

3

I hereby certify that, on January 10, 2013, a true and correct copy of the document entitled:

4

5

**[REDACTED] PLAINTIFFS' REPLY TO ILLUMINA'S OPPOSITION TO PLAINTIFFS' MOTION TO PRECLUDE CERTAIN TESTIMONY OF JOHN GOOLKASIAN**

6

was transmitted to the parties and counsel of record listed below via the Court's CM-ECF system

7

as a result of the electronic filing of these documents.

8

I also certify that true and correct copies of the following sealed lodged proposed documents

9

entitled:

10

11

**PLAINTIFFS' REPLY TO ILLUMINA'S OPPOSITION TO PLAINTIFFS' MOTION TO PRECLUDE CERTAIN TESTIMONY OF JOHN GOOLKASIAN [FILED UNDER SEAL]**

| | |
|---|---|
| 12  Bradford P. Schmidt<br>13  LIFE TECHNOLOGIES CORPORATION<br>5791 Van Allen Way<br>14  Carlsbad, CA 92008<br>Telephone:  (760) 603-7200<br>15  Email:<br>16  bradford.schmidt@lifetech.com<br>17 | *Attorneys for Plaintiffs*<br>LIFE TECHNOLOGIES CORPORATION, APPLIED BIOSYSTEMS, LLC, INSTITUTE FOR PROTEIN RESEARCH, ALEXANDER CHETVERIN, HELENA CHETVERINA, and WILLIAM HONE |
| 18  Nicholas Groombridge  (*pro hac vice*)<br>Catherine Nyarady (*pro hac vice*)<br>Peter Sandel  (*pro hac vice*)<br>19  Rebecca Fett (*pro hac vice*)<br>Jenny C. Wu  (*pro hac vice*)<br>20  Robert Lin (*pro hac vice*)<br>21  PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP<br>22  1285 Avenue Of Americas<br>New York, NY 10019<br>23  Telephone:  (212) 373-3000<br>24  Email:<br>ngroombridge@paulweiss.com<br>25  cnyarady@paulweiss.com<br>psandel@paulweiss.com<br>26  rfett@paulweiss.com<br>jcwu@paulweiss.com<br>27  rlin@paulweiss.com | *Attorneys for Plaintiffs*<br>LIFE TECHNOLOGIES CORPORATION, APPLIED BIOSYSTEMS, LLC, INSTITUTE FOR PROTEIN RESEARCH, ALEXANDER CHETVERIN, HELENA CHETVERINA, and WILLIAM HONE |
| 28  Matthew D. Murphey<br>TROUTMAN SANDERS LLP | *Attorneys for Plaintiffs*<br>LIFE TECHNOLOGIES |

11-cv-00703-CAB (DHB)

| | |
|---|---|
| 11682 El Camino Real, Suite 400<br>San Diego, CA 92130<br>Telephone: (858) 509-6000<br>Email:<br>matt.murphey@troutmansanders.com | CORPORATION, APPLIED<br>BIOSYSTEMS, LLC, INSTITUTE<br>FOR PROTEIN RESEARCH,<br>ALEXANDER CHETVERIN,<br>HELENA CHETVERINA, and<br>WILLIAM HONE |
| E. Joseph Connaughton<br>PAUL, PLEVIN, SULLIVAN & CONNAUGHTON<br>LLP<br>101 West Broadway, Ninth Floor<br>San Diego, CA 92010<br>Telephone: (619) 744-3645<br>Email:<br>connaughton@paulplevin.com | *Attorneys for*<br>*Defendants/Counterclaimants*<br>ILLUMINA, INC. and SOLEXA, INC. |
| Mark H. Izraelewicz *(pro hac vice)*<br>Kevin M. Flowers *(pro hac vice)*<br>Matthew C. Nielsen *(pro hac vice)*<br>Cullen N. Pendleton *(pro hac vice)*<br>John R. Labbe *(pro hac vice)*<br>Amanda Antons *(pro hac vice)*<br>MARSHALL, GERSTEIN & BORUN LLP<br>233 South Wacker Drive<br>6300 Willis Tower<br>Chicago, IL 60606<br>Telephone: (312) 474-6300<br>Email:<br>mizraelewicz@marshallip.com<br>kflowers@marshallip.com<br>mnielsen@marshallip.com<br>cpendleton@marshallip.com<br>jlabbe@marshallip.com<br>aantons@marshallip.com | *Attorneys for*<br>*Defendants/Counterclaimants*<br>ILLUMINA, INC. and SOLEXA, INC. |
| Ronald M. Wawrzyn *(pro hac vice)*<br>Matthew M. Wawrzyn *(pro hac vice)*<br>WAWRZYN LLC<br>233 South Wacker Drive, 84th Floor, Willis Tower<br>Chicago, IL 60606<br>Telephone: (312) 283-8330<br>Email:<br>matt@wawrzynlaw.com<br>ron@wawrzynlaw.com | *Attorneys for*<br>*Defendants/Counterclaimants*<br>ILLUMINA, INC. and SOLEXA, INC. |
| Jeffrey N. Costakos *(pro hac vice)*<br>Rebecca J. Pirozzolo-Mellowes *(pro hac vice)*<br>FOLEY & LARDNER, LLP<br>777 East Wisconsin Avenue<br>Milwaukee, WI 53202 | *Attorneys for*<br>*Defendants/Counterclaimants*<br>ILLUMINA INC. and SOLEXA, INC. |

11-cv-00703-CAB (DHB)

| | |
|---|---|
| Telephone:  (414) 297-5717<br>Email:<br>jcostakos@foley.com<br>jpirozzolo-mellowes@foley.com | |
| Steven J. Balick<br>Andrew Dieter Cordo<br>Lauren E. Maguire<br>Tiffany Geyer Lydon<br>ASHBY & GEDDES<br>500 Delaware Avenue, 8th Floor<br>PO Box 1150<br>Wilmington, DE  19899<br>Telephone:  (302) 654-1888<br>Email:<br>sbalick@ashby-geddes.com<br>acordo@ashby-geddes.com<br>lmaguire@ashby-geddes.com<br>tlydon@ashby-geddes.com | *Attorneys for*<br>*Defendants/Counterclaimants*<br>ILLUMINA, INC. and SOLEXA, INC. |

I declare under penalty of perjury under the laws of the State of California and the United States of America, that the above is true and correct, and that I executed this Certificate of Service on January 10, 2013, at New York, New York.

*s/ Jenny C. Wu*
Jenny C. Wu
E-mail:  JCWu@paulweiss.com

11-cv-00703-CAB (DHB)