MATTHEW D. MURPHEY (SBN 194111)
TROUTMAN SANDERS LLP
11682 El Camino Real, Suite 400
San Diego, CA  92130
Telephone:  (858) 509-6000

BRADFORD PAUL SCHMIDT (SBN 174440)
LIFE TECHNOLOGIES CORPORATION
5791 Van Allen Way
Carlsbad, CA 92008
Telephone:  (760) 603-7200

NICHOLAS GROOMBRIDGE (*pro hac vice*)
CATHERINE NYARADY (*pro hac vice*)
PETER SANDEL (*pro hac vice*)
JENNY C. WU (*pro hac vice*)
REBECCA FETT (*pro hac vice*)
ROBERT LIN (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of Americas
New York, NY 10019
Telephone: (212) 373-3000

*Attorneys for Plaintiffs*
LIFE TECHNOLOGIES CORPORATION,
APPLIED BIOSYSTEMS, LLC, INSTITUTE FOR
PROTEIN RESEARCH, ALEXANDER
CHETVERIN, HELENA CHETVERINA, and
WILLIAM HONE

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIFE TECHNOLOGIES CORPORATION, APPLIED BIOSYSTEMS, LLC, INSTITUTE FOR PROTEIN RESEARCH, ALEXANDER CHETVERIN, HELENA CHETVERINA, and WILLIAM HONE, <br><br> Plaintiffs/Counterclaim Defendants, <br><br> v. <br><br> ILLUMINA, INC. and SOLEXA, INC., <br><br> Defendants/Counterclaim Plaintiffs. | Case No.  3:11-cv-00703-CAB (DHB) <br><br> **[REDACTED] REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO EXCLUDE KEVIN HALL AND KEVIN GUNDERSON FROM TESTIFYING AS EXPERT WITNESSES** <br><br> **[FILED UNDER SEAL]** <br><br> Date:        Jan. 17, 2013 <br> Time:        2:30 p.m. <br> Courtroom:  2 <br> Judge:       Hon. Cathy Ann Bencivengo |

1  **I.      INTRODUCTION**

2  ██████████████████████████████████████████████████████████

3  ████████████████████████████████████████████████████

4  ████████████████████████████     Illumina's principal argument in opposition to Plaintiffs'

5  motion to exclude these "expert" witnesses is that Drs. Hall and Gunderson should be permitted to

6  testify as experts under Rule 26(a)(2)(C).  But expert testimony under that provision is permitted

7  only with respect to opinions formed during the ordinary course of business.  Here, the subject

8  matter on which these two "experts" are to testify is not limited to opinions formed during the

9  course of their ordinary employment duties.  Therefore, had Illumina wished to use Drs. Hall and

10  Gunderson as experts it should have provided notice and a report under Rule 26(a)(2)(B).  Contrary

11  to the Court's Scheduling Order, Illumina failed to provide a report from either of these purported

12  experts and should not "be permitted to use evidence or testimony not disclosed at any hearing or at

13  the time of trial."  [Scheduling Order (Doc. No. 284) at 1.]

14  ████████████████████████████████████████████

15  ████████████████████████████████████████████████

16  ██████████████████████████████████████████████████████

17  ████████████████████████████████████████████████████████

18  ████████████████████████████████████████████████

19  ████████████████████████████████████████████████

20  ██████████████████████████████████████████████████████

21  ██████████████████████████  ████████████████████████████

22  ████████████████████████████████████████████

23  ████████████████████████████████████████████████

24  ████████████████████████████████████████████████

25  ████████████████████████████████████████████████████

26  ██████████████████████████████████████████

27  ████████████████████████████

28

Doc#: US1:8322025v1                                                              11-cv-00703-CAB (DHB)

1    In its opposition brief, Illumina attempts to excuse its belated disclosures by suggesting that

2    Plaintiffs are to blame.  Illumina claims that it was unaware that Plaintiffs were seeking lost profit

3    damages and thus was not obligated to disclose its noninfringing alternatives during fact discovery.

4    Illumina suggests that Plaintiffs did not ask the right questions and thus Illumina's failure to be

5    forthcoming during discovery is excused.  Illumina's accusations are baseless, and in any event

6    discovery is not a game.  *United States v. Proctor & Gamble Co.*, 356 U.S. 667, 682 (1958) (The

7    discovery rules were designed to ensure that trial was "less a game of blindman's bluff and more a

8    fair contest with the basic issues and facts disclosed to the fullest practicable extent.").  Having

9    treated fact discovery as a game, Illumina must now accept the consequences and Plaintiffs' motion

10   should be granted.

11   **II.    ARGUMENT**

12         **A.    Illumina Has Failed To Provide Adequate Expert Disclosure Under Rule 26**

13         Illumina argues that Dr. Hall and Dr. Gunderson are non-retained "experts" and thus need

14   not provide expert reports under Rule 26(a)(2)(B) and mere notice under Rule 26(a)(2)(C) is

15   required.  Rule 26(a)(2)(A) requires that all expert witnesses be disclosed, however, with the nature

16   of the disclosure differing between experts falling under Rule 26(a)(2)(B) and those falling under

17   Rule 26(a)(2)(C).  Rule 26(a)(2)(B) mandates that the disclosure must be accompanied by a written

18   report providing a complete statement of all opinions and the basis and reasons for them as well as

19   all facts or data considered in forming said opinions.  *See* Fed. R. Civ. P. 26(a)(2)(B).  Rule

20   26(a)(2)(C) also requires pre-trial disclosure describing "the subject matter on which the witness is

21   expected to present testimony" and "a summary of the facts and opinions to which the witness is

22   expected to testify."  Fed. R. Civ. P. 26(a)(2)(C)(i) and (ii).

23         Whether a witness falls under Rule 26(2)(B) or (2)(C) is determined primarily by the scope,

24   substance, and source of the intended testimony, not on whether the witness was retained for the

25   litigation or is being compensated.  *See Ulbrick v. UPR Products.*, No. 08-13734, 2011 WL

26   500034, at *4 (E.D. Mich. Feb. 8, 2011) (holding that an 'after-the-fact' expert fell under Rule

27   26(a)(2)(B) rather than (C) because "his opinions were formed not, for example, in an attempt to

28   repair the vehicle, but rather in an effort to determine the cause of the accident"); *see also Fielden v.*

2

1   *CSX Tramp*., *Inc*. 482 F.3d 866, 871 (6th Cir. 2007).  While so-called "2C" experts, most often

2   physicians or other healthcare workers, need not provide a detailed report in the same manner as

3   "2B" experts, the scope of their testimony is limited.  The Ninth Circuit has held that a non-retained

4   expert, such as a physician, is "only exempt from Rule 26(a)(2)(B)'s written report requirement to

5   the extent that his opinions were formed during the course of treatment."  *Goodman v. Staples the*

6   *Office Superstore, LLC*, 644 F.3d 817, 825 (9th Cir. 2011).   Other circuits have similarly limited

7   the testimony of non-retained experts.  In excluding physician testimony, the Eleventh Circuit

8   stated:  "Her diagnosis of the injury itself . . . would be permissible lay testimony, but her testimony

9   about the cause of the injury was, as she admitted, a 'hypothesis.'  And the ability to answer

10  hypothetical questions is 'the' essential difference between expert and lay witnesses."  *United*

11  *States v. Henderson*, 409 F.3d 1293, 1300 (11th  Cir. 2005).  The testimony of non-retained experts

12  who fail to provide written reports has been restricted to "descriptions of the work he had done and

13  his observations" and attempts to "elaborate on his observations" have been excluded.

14  *Innogenetics, N.V. v. Abbott Labs*., 578 F. Supp. 2d 1079, 1088 (W.D. Wisc. 2007) (exclusion

15  affirmed *Innogenetics, N.V., v. Abbott Labs*., 512 F.3d 1363 (Fed. Cir. 2008)).

16          The disclosures of Dr. Hall and Dr. Gunderson are, however, not limited to work they have

17  done, observations made, or opinions formed in the normal course of business.  ███████████

18  ████████████████████████████████████████████████████████████████

19  ██████████████████████████████████████████████████████

20  ████████████████████████████████████████████████████████████████

21  ██████████████████████████████████████████████████████████

22  ████████████████████████████████████████████████████

23  ████████████████████████████████████████████████████████████████

24  ██████████████████████████████████████████████████████████████

25  ████████████████████████████████████████████████████████████████

26  ██████████████████████████████████████████████████

27  ██████████████████████████████████████████████████████████████

28  ████████████████████████████████████████████████████

3

1 ████████████████████████████████████████████████████████

2 ███████████████████████████████    The opinions of Hall and Gunderson are purely

3 hypothetical—what **could have** or **would have** happened—**if** certain other things had happened—and

4 thus go far beyond that permitted under Rule 26(a)(2)(C).  *See e.g.*, *Henderson*, 409 F.3d at 1300.

5       Again, Illumina cannot have it both ways:  these witnesses, their knowledge, and their

6 "opinions" should have been disclosed either during fact discovery or as part of a proper expert

7 disclosure under Rule 26(a)(2)(B).  Because Illumina did neither, these witnesses should not be

8 permitted to testify.

9       **B.     Illumina's Excuses for Failing to Disclose Its Alleged Noninfringing
           Alternatives During Fact Discovery are Unavailing**

10

11       Illumina suggests that its failure to disclose its theories regarding noninfringing alternatives

12 was excusable because Plaintiffs did not limit their damages theory during fact discovery and

13 because Plaintiffs failed to adequately pursue the topic during discovery.  These arguments are

14 simply an attempt to distract the Court from the real issue raised by this motion—Illumina's failure

15 to adequately disclose Drs. Hall and Gunderson or the subject matter of their "expert" testimony

16 during fact discovery.

17       Contrary to Illumina's argument, Plaintiffs did not refuse to provide discovery regarding

18 damages or lost profits and, among other things, provided a witness under Rule 30(b)(6) to provide

19 testimony regarding the factual basis for Plaintiffs' lost profits claim.   Specifically, Plaintiffs

20 provided a witness to testify regarding multiple Rule 30(b)(6) topics propounded by Illumina that

21 related, exclusively, to bases for damages under a lost profits theory.  Illumina's topics included,

22 for example, "[t]he number of Plaintiffs' Sequencing Products manufactured per month, the

23 maximum manufacturing capacity, costs associated per unit with increasing the current

24 manufacturing capacity to the maximum capacity, and costs associated per unit with increasing the

25 maximum manufacturing capacity" and  "Marketing-related expenditures necessary to capture new

26 sales or distribution channels."  [Illumina's Amended Rule 30(b)(6) Notice (Doc. No. 116) at

27 _____
1
28 █████████████████████████████████████████████████████
   █████████████████████████████████

4

1   Topics 6(f) and 9(d).]  These topics relate directly to the profits lost by Plaintiffs, the profit margin

2   applicable to Plaintiffs' lost profits claim, and Plaintiffs' ability to make enough product to satisfy

3   demand in the "but for" marketplace.   Illumina cannot plausibly claim to have been unaware that

4   Plaintiffs were evaluating a lost profits claim—it served Rule 30(b)(6) topics on the issue and

5   Plaintiffs provided testimony in response.

6          Illumina's next excuse for failing to disclose its purportedly noninfringing alternatives is

7   that Plaintiffs failed to ask the right questions.  [Opp. Br. at 15-16.]  Illumina ignores the facts that

8   the documents it now relies upon regarding RCA were produced to Plaintiffs only **after** Illumina

9   presented its Rule 30(b)(6) designee on amplification systems and that its 30(b)(6) witness on this

10  issue never mentioned RCA.  Plaintiffs' Rule 30(b)(6) Notice included topics directed to "[t]he

11  design, development, manufacturing and functionalities of each iteration of the Defendants'

12  Sequencing Products or parts thereof, including without limitation . . . (d) Methods utilized for the

13  amplification of nucleic acids."  [Plaintiffs' Amended Rule 30(b)(6) Notice (Doc. No. 109) Topic

14  2, 2(d).]

15

16

17

18

19

20         Plaintiffs also propounded a Rule 30(b)(6) topic calling for testimony regarding "attempts

21  to design around the Chetverin Patents."  [*Id.* at Topic 17.]

22

23

24                            In an attempt to excuse its failure to disclose the requested information,

25  Illumina now claims that Topic 17 should be narrowly read to exclude any projects that were "*part*

26  *of Illumina's ordinary technology development*."  [Opp. Br. at 12 (emphasis in original).]

27

28

5

11-cv-00703-CAB (DHB)



### C.  Illumina Was Required to Disclose Hall and Gunderson as Fact Witnesses Regarding Noninfringing Alternatives

In its brief, Illumina attempts to avoid its failure to disclose Dr. Hall and Dr. Gunderson as persons having knowledge of noninfringing alternatives claiming that Plaintiffs "failed to adequately pursue this issue during fact discovery." [Opp. Br. at 1.]  But it was Illumina that failed to disclose Dr. Gunderson on its Rule 26(a) disclosures or Amended Rule 26(a) disclosures.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### D.  Hall and Gunderson Lack the Requisite Expertise Regarding Cost of Development and Customer Acceptance

Illumina also intends to offer Drs. Hall and Gunderson to testify regarding the "acceptability" of the purportedly noninfringing alternatives to consumers and the cost of development of those alternatives.  [*See* Doc. No. 342-37 at 2, 4.]  No proposed testimony or evidence has been provided that either of these gentlemen has expertise in determining market acceptance or customer demand.   Nor is it clear from the proposed testimony that has been presented that either purported "expert" is in a position to opine on the cost of developing these so-called alternatives and bringing them to market.[3]  *Daubert* applies to "all expert testimony" and Illumina cannot avoid these requirements by invoking Rule 26(a)(2)(C).  *Kumho Tire Co. Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999).  As Illumina has failed to meet its burden of showing the admissibility of expert testimony from Drs. Hall and Gunderson, Plaintiffs' motion to exclude should be granted.

### III.  CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that their motion to exclude the testimony of Kevin Hall and Kevin Gunderson be granted.

---

[3] ████████████████████████████████████████████████.  To the contrary, the background provided by Illumina shows that Dr. Hall's training is in gold chemistry and his patents relate to photography and light-sensitive chemicals.  None of Dr. Hall's publications describe the use of BTA or any alternatives to the accused SFA surface chemistry.  [*See* Hall Exh. B (Doc. No. 357-13).]  Indeed, with the exception of articles published while Dr. Hall was an Illumina employee there is no indication that he has any expertise with nucleic acids such as DNA at all.  The two papers co-authored by Dr. Hall cited by Illumina describe the accused technology, not BTA or non-infringing alternatives.

11-cv-00703-CAB (DHB)

1    Dated: January 10, 2013                Respectfully Submitted,

2

3                                           By:   /s/ Jenny C. Wu
4                                                  Jenny C. Wu

5                                           Bradford Paul Schmidt
                                            LIFE TECHNOLOGIES CORPORATION
6                                           5791 Van Allen Way
7                                           Carlsbad, CA 92008
                                            Telephone:  (760) 603-7200
8
                                            Nicholas Groombridge (*pro hac vice*)
9                                           Catherine Nyarady (*pro hac vice*)
                                            Peter Sandel (*pro hac vice*)
10                                          Jenny C. Wu (*pro hac vice*)
                                            Rebecca Fett (*pro hac vice*)
11                                          Robert Lin (*pro hac vice*)
12                                          PAUL, WEISS, RIFKIND, WHARTON &
                                            GARRISON LLP
13                                          1285 Avenue of Americas
                                            New York, NY 10019
14                                          Telephone: (212) 373-3000
15
                                            Matthew D. Murphey
16                                          TROUTMAN SANDERS LLP
                                            11682 El Camino Real, Suite 400
17                                          San Diego, CA  92130
                                            Telephone:  (858) 509-6000
18
19                                          *Attorneys for Plaintiffs*
                                            LIFE TECHNOLOGIES CORPORATION,
20                                          APPLIED BIOSYSTEMS, LLC, INSTITUTE FOR
                                            PROTEIN RESEARCH, ALEXANDER
21                                          CHETVERIN, HELENA CHETVERINA, and
                                            WILLIAM HONE
22

23

24

25

26

27

28

8

11-cv-00703-CAB (DHB)

1
2

**CERTIFICATE OF SERVICE**

3        I hereby certify that, on January 10, 2013, a true and correct copy of the document entitled:

4    **[REDACTED] REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN**
     **SUPPORT OF PLAINTIFFS' MOTION TO EXCLUDE KEVIN HALL AND KEVIN**
5    **GUNDERSON FROM TESTIFYING AS EXPERT WITNESSES**

6    was transmitted to the parties and counsel of record listed below via the Court's CM-ECF system as

7    a result of the electronic filing of these documents.

8        I also certify that true and correct copies of the following sealed lodged proposed

9    documents entitled:

10   **REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
     **PLAINTIFFS' MOTION TO EXCLUDE KEVIN HALL AND KEVIN GUNDERSON**
11   **FROM TESTIFYING AS EXPERT WITNESSES [FILED UNDER SEAL]**

12

| | |
|---|---|
| Bradford P. Schmidt<br>LIFE TECHNOLOGIES CORPORATION<br>5791 Van Allen Way<br>Carlsbad, CA 92008<br>Telephone:  (760) 603-7200<br>Email:<br>bradford.schmidt@lifetech.com | *Attorneys for Plaintiffs*<br>LIFE TECHNOLOGIES<br>CORPORATION, APPLIED<br>BIOSYSTEMS, LLC, INSTITUTE<br>FOR PROTEIN RESEARCH,<br>ALEXANDER CHETVERIN,<br>HELENA CHETVERINA, and<br>WILLIAM HONE |
| Nicholas Groombridge  (*pro hac vice*)<br>Catherine Nyarady (*pro hac vice*)<br>Peter Sandel  (*pro hac vice*)<br>Rebecca Fett (*pro hac vice*)<br>Jenny C. Wu  (*pro hac vice*)<br>Robert Lin (*pro hac vice*)<br>PAUL, WEISS, RIFKIND, WHARTON &<br>GARRISON LLP<br>1285 Avenue Of Americas<br>New York, NY 10019<br>Telephone:  (212) 373-3000<br>Email:<br>ngroombridge@paulweiss.com<br>cnyarady@paulweiss.com<br>psandel@paulweiss.com<br>rfett@paulweiss.com<br>jcwu@paulweiss.com<br>rlin@paulweiss.com | *Attorneys for Plaintiffs*<br>LIFE TECHNOLOGIES<br>CORPORATION, APPLIED<br>BIOSYSTEMS, LLC, INSTITUTE<br>FOR PROTEIN RESEARCH,<br>ALEXANDER CHETVERIN,<br>HELENA CHETVERINA, and<br>WILLIAM HONE |

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| 1<br>2<br>3<br>4<br>5 | Matthew D. Murphey<br>TROUTMAN SANDERS LLP<br>11682 El Camino Real, Suite 400<br>San Diego, CA 92130<br>Telephone:  (858) 509-6000<br>Email:<br>matt.murphey@troutmansanders.com | *Attorneys for Plaintiffs*<br>LIFE TECHNOLOGIES<br>CORPORATION, APPLIED<br>BIOSYSTEMS, LLC, INSTITUTE<br>FOR PROTEIN RESEARCH,<br>ALEXANDER CHETVERIN,<br>HELENA CHETVERINA, and<br>WILLIAM HONE |
|---|---|---|
| 6<br>7<br>8<br>9<br>10 | E. Joseph Connaughton<br>PAUL, PLEVIN, SULLIVAN & CONNAUGHTON<br>LLP<br>101 West Broadway, Ninth Floor<br>San Diego, CA 92010<br>Telephone:  (619) 744-3645<br>Email:<br>connaughton@paulplevin.com | *Attorneys for*<br>*Defendants/Counterclaimants*<br>ILLUMINA, INC. and SOLEXA, INC. |
| 11<br>12<br>13<br>14<br>15<br>16<br>17<br>18<br>19<br>20<br>21 | Mark H. Izraelewicz *(pro hac vice)*<br>Kevin M. Flowers *(pro hac vice)*<br>Matthew C. Nielsen *(pro hac vice)*<br>Cullen N. Pendleton *(pro hac vice)*<br>John R. Labbe *(pro hac vice)*<br>Amanda Antons *(pro hac vice)*<br>MARSHALL, GERSTEIN & BORUN LLP<br>233 South Wacker Drive<br>6300 Willis Tower<br>Chicago, IL 60606<br>Telephone:  (312) 474-6300<br>Email:<br>mizraelewicz@marshallip.com<br>kflowers@marshallip.com<br>mnielsen@marshallip.com<br>cpendleton@marshallip.com<br>jlabbe@marshallip.com<br>aantons@marshallip.com | *Attorneys for*<br>*Defendants/Counterclaimants*<br>ILLUMINA, INC. and SOLEXA, INC. |
| 22<br>23<br>24<br>25<br>26 | Ronald M. Wawrzyn *(pro hac vice)*<br>Matthew M. Wawrzyn *(pro hac vice)*<br>WAWRZYN LLC<br>233 South Wacker Drive, 84th Floor, Willis Tower<br>Chicago, IL 60606<br>Telephone:  (312) 283-8330<br>Email:<br>matt@wawrzynlaw.com<br>ron@wawrzynlaw.com | *Attorneys for*<br>*Defendants/Counterclaimants*<br>ILLUMINA, INC. and SOLEXA, INC. |
| 27<br>28 | Jeffrey N. Costakos *(pro hac vice)*<br>Rebecca J. Pirozzolo-Mellowes *(pro hac vice)*<br>FOLEY & LARDNER, LLP | *Attorneys for*<br>*Defendants/Counterclaimants*<br>ILLUMINA INC. and SOLEXA, INC. |

2

| | |
|---|---|
| 777 East Wisconsin Avenue<br>Milwaukee, WI 53202<br>Telephone:  (414) 297-5717<br>Email:<br>jcostakos@foley.com<br>jpirozzolo-mellowes@foley.com | |
| Steven J. Balick<br>Andrew Dieter Cordo<br>Lauren E. Maguire<br>Tiffany Geyer Lydon<br>ASHBY & GEDDES<br>500 Delaware Avenue, 8th Floor<br>PO Box 1150<br>Wilmington, DE  19899<br>Telephone:  (302) 654-1888<br>Email:<br>sbalick@ashby-geddes.com<br>acordo@ashby-geddes.com<br>lmaguire@ashby-geddes.com<br>tlydon@ashby-geddes.com | *Attorneys for*<br>*Defendants/Counterclaimants*<br>ILLUMINA, INC. and SOLEXA, INC. |

I declare under penalty of perjury under the laws of the State of California and the United States of America, that the above is true and correct, and that I executed this Certificate of Service on January 10, 2013 at New York, NY.

*s/ Jenny C. Wu*
Jenny C. Wu
E-mail:  JCWu@paulweiss.com

3