MATTHEW D. MURPHEY (SBN 194111)
matt.murphey@troutmansanders.com
TROUTMAN SANDERS LLP
11682 El Camino Real, Suite 400
San Diego, CA  92130
Telephone:  (858) 509-6000

BRADFORD PAUL SCHMIDT (SBN 174440)
bradford.schmidt@lifetech.com
LIFE TECHNOLOGIES CORPORATION
5791 Van Allen Way
Carlsbad, CA 92008
Telephone:  (760) 603-7200

NICHOLAS GROOMBRIDGE (*pro hac vice*)
ngroombridge@paulweiss.com
CATHERINE NYARADY (*pro hac vice*)
cnyarady@paulweiss.com
PETER SANDEL (*pro hac vice*)
psandel@paulweiss.com
JENNY C. WU (*pro hac vice*)
jcwu@paulweiss.com
REBECCA FETT (*pro hac vice*)
rfett@paulweiss.com
ROBERT LIN (*pro hac vice*)
rlin@paulweiss.com
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of Americas
New York, NY 10019
Telephone: (212) 373-3000

Attorneys for Plaintiffs/Counterclaim Defendants
LIFE TECHNOLOGIES CORPORATION, APPLIED
BIOSYSTEMS, LLC, INSTITUTE FOR PROTEIN
RESEARCH, ALEXANDER CHETVERIN,
HELENA CHETVERINA, and WILLIAM HONE

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LIFE TECHNOLOGIES CORPORATION, APPLIED BIOSYSTEMS, LLC, INSTITUTE FOR PROTEIN RESEARCH, ALEXANDER CHETVERIN, HELENA CHETVERINA, and WILLIAM HONE,<br><br>       Plaintiffs/Counterclaim Defendants,<br><br>v.<br><br>ILLUMINA, INC. and SOLEXA, INC.,<br><br>       Defendants/Counterclaim Plaintiffs. | Case No. 3:11-cv-00703-CAB (DHB)<br><br>**OPPOSITION TO ILLUMINA'S OBJECTION TO AND MOTION TO STRIKE PLAINTIFFS' EXPERT DECLARATIONS**<br><br>Date:     January 17, 2013<br>Time:    2:30 p.m.<br>Place:    Courtroom 2<br>Judge:   Hon. Cathy Ann Bencivengo |

20235449v1

## I. INTRODUCTION

Illumina's motion to strike the declarations of Dr. Annelise Barron and Dr. Jeremy Edwards should be denied. Declarations submitted in opposition to motions for summary judgment are specifically authorized by Federal Rule of Civil Procedure 56. And these declarations are particularly significant because they respond to new arguments Illumina failed to present until its rebuttal expert reports even though it had been given the opportunity to do so in response to Plaintiffs' noninfringement contention interrogatory. This attempt to prevent Plaintiffs from presenting evidence in response to Illumina's new arguments should be denied.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56 expressly provides that evidence in the form of affidavits or declarations—whether expert or fact—may be submitted in opposition to a motion for summary judgment. *See* Fed. R. Civ. P. 56(c)(4); *see also Competitive Techs., Inc. v. Fujitsu Ltd.*, 333 F. Supp. 2d 858, 863 (N.D. Cal. 2004) (overruling objections to affidavits submitted with opposition to summary judgment pursuant to Rule 56). Courts have also explained that "[t]here is nothing in Rule 56 suggesting that affidavits used to oppose summary judgment must have been previously disclosed." *Morgal v. Apaio*, No. CV 07-670-PHX-RCB, 2012 WL 5392229, at *5 (D. Ariz. Nov. 9, 2012) (citing Fed. R. Civ. P. 56(c)(1)(A) and (4)).

Where a party seeks to exclude expert evidence on the basis of the timing of its disclosure, as Illumina does here, Federal Rule of Civil Procedure 37 also expressly provides two circumstances under which such an exclusion would be inappropriate. The evidence at issue may still be introduced if the timing of the disclosure is "substantially justified" or "harmless." Fed. R. Civ. P. 37(c)(1).

## III. ARGUMENT

While Illumina seeks to strike the entirety of the Barron, Edwards, Mulholland, Sylvain, and Howe Declarations, Illumina only specifically objects to four topics addressed in only Dr. Barron's and Dr. Edwards's declarations. Thus, the motion should be denied with respect to the Mulholland, Sylvain, and Howe Declarations for failure to provide any basis for striking them and because these declarations are properly submitted under Rule 56. And for the following

reasons, the motion should also be denied with regard to the Barron and Edwards Declarations.

Not only are the Barron and Edwards Declarations wholly proper under Rule 56, but the timing of the submission of those declarations are both substantially justified and harmless to Plaintiffs and fall within the safe harbor of Rule 37. There is no good cause for striking any of these declarations. Plaintiffs address each of these in turn below.

*First*, Illumina attacks as "new" and "untimely" Dr. Edwards's opinion that formamide is not a component of Illumina's amplification system and therefore the "entrapping" limitation of the Chetverin claims is still met. Opening Br. at 14-16. But as Plaintiffs explained in their opposition to Illumina's motion for summary judgment of noninfringement, Dr. Edwards's opinion is responsive to a noninfringement argument that, as Illumina does not dispute, was presented for the first time in Dr. Weinstock's rebuttal expert report—after Dr. Barron had already submitted her infringement report and after the deadlines in the Court's scheduling order for submitting expert reports generally. Doc. No. 370 at 3-4, 7; Opening Br. at 7; Doc. No. 308.

Illumina does not point to anything in the record to show that Plaintiffs could have anticipated this prior undisclosed noninfringement argument. Illumina's cited noninfringement contentions make no mention of formamide. *See* Nielsen Decl. Exh. 1. Plaintiffs had sought Illumina's noninfringement contentions through an interrogatory, and Illumina chose not to provide any details about its formamide-based noninfringement argument in response. *See id.* Illumina cannot then be heard to complain about the timing of Dr. Edwards's declaration if it did not actually disclose this noninfringement argument until after the point that Plaintiffs are allowed to respond. *See* Doc. No. 308 (order setting deadlines for opening and rebuttal expert reports, but not reply expert reports). Moreover, the mere knowledge that Illumina's accused products use formamide as a denaturing agent is not the same as knowledge that Illumina intended to argue that formamide is a component of its amplification system and therefore does not meet the entrapping limitation. This is particularly so given that Plaintiffs and its experts do not consider formamide to be a component of an amplification system based on the common understanding of the term. Illumina's request to strike Dr. Edwards's declaration on this point is nothing more than its disagreement with Dr. Edwards's opinion.

*Second*, Illumina attacks as "new" and "untimely" Dr. Edwards's opinion regarding his understanding of how those of ordinary skill in the art characterize nucleic acid amplification as either linear or exponential, but not geometric. Opening Br. at 16-18. Again, as Plaintiffs explained, Dr. Edwards's opinion is responsive to a noninfringement argument raised for the first time in Illumina's rebuttal expert reports and contrary to its earlier positions during *Markman*. Doc. No. 370 at 10. And again, Illumina's noninfringement contentions make no mention of geometric amplification despite a specific request in Plaintiffs' interrogatories. *See* Nielsen Decl. Exh. 1. As above, Illumina cannot withhold its noninfringement arguments until after the time at which Plaintiffs can respond and then not allow Plaintiffs to respond at all. *See id*. Because Illumina's present definition of exponential amplification is different from the one it presented during the *Markman* phase of this case, Plaintiffs could not have anticipated this particular noninfringement argument. Illumina's disagreement with Dr. Edwards's opinion is better suited for cross-examination at trial rather than in a motion to strike.

*Third*, Illumina attacks as "new" and "untimely" Dr. Barron's opinion that Illumina's amplified DNA products do indeed migrate by diffusion. Opening Br. at 17. As with the prior two topics to which Illumina objects, Dr. Barron's opinion is responsive to a noninfringement argument that Illumina raises for the first time in Dr. Weinstock's rebuttal report—as described in Dr. Barron's declaration and undisputed by Illumina. Doc. No. 370 at 19; Illumina Br. at 17. Illumina's noninfringement contentions make no mention of the synthesized nucleic acid products "anchored" in place as a basis for its defense. Here, too, Illumina cannot object to Dr. Barron's opinion if it chose not to disclose this noninfringement argument until it was too late for her to submit an expert report on the matter. If Illumina wants to question Dr. Barron's opinions, it can do so through cross-examination, not by striking her testimony from the record.

*Fourth*, Illumina attacks as "new" and "untimely" Dr. Edwards's opinion that polyacrylamide was not disclosed in the Stapleton PCT Application as a potential heat-stable matrix for amplification that would result in separate detectable colonies. Dr. Edwards's opinion is far from new. It merely reiterates what was already disclosed in his expert report. As noted in Plaintiffs' Opposition to Illumina's Motion for Summary Judgment of Invalidity, Dr. Edwards's

expert report clearly states that the Stapleton PCT Application does not disclose a heat-stable matrix for amplification, polyacrylamide or otherwise. Doc. No. 368 at 15 (citing 8/31/2012 Edwards Rpt. at ¶ 69).

The case law that Illumina cites is inapplicable here. Most of the cases involve the propriety of supplementing expert reports. But that is not the situation at hand. Rather, this is a question of whether the submission of declarations to oppose summary judgment motions pursuant to Rule 56 are proper. Only a small number of Illumina's cited cases actually relate to the submission of declarations to oppose a summary judgment motion, and none are applicable because the declarations here are both substantially justified and harmless under Rule 37.

For example, in *Laser Design, Int'l LLC v. BJ Crystal, Inc.*, No. C03-1179 JWX, C03-3905 JSW, 2007 WL 735763 (N.D. Cal. Mar. 7, 2007), the Court struck an expert declaration submitted in opposition to a summary judgment motion on the basis that the non-movant had failed to present reasons for the submitting the declarations at that stage. As explained above, however, under the Scheduling Order, Plaintiffs were not afforded the opportunity to respond any sooner. Illumina revealed its noninfringement arguments for the first time in its rebuttal expert reports, after the time at which the Court allowed any further expert reports to be submitted. Doc. No. 308 (order setting deadlines for opening and rebuttal expert reports, not reply expert reports).

Further, Illumina's cries of prejudice are belied by the fact that its relevant reply briefs attack the purportedly objectionable opinions expressed by Dr. Barron and Dr. Edwards. *See, e.g.*, Doc. Nos. 407, 418. Illumina is well-capable of mounting a response.

As for the remainder of Dr. Barron's and Dr. Edwards's declarations, Illumina does not even attempt to explain the reasons for striking that evidence other than that, according to Illumina, the declarations constitute untimely supplemental expert reports. For example, Illumina states cursorily in a footnote that "Dr. Edwards also opines on other topics in his declaration . . . which Illumina also moves to strike for the reasons explained in this brief." Opening Br. 9 n.14. But, as discussed above, the Federal Rules of Civil Procedure are clear. Non-movants may submit expert affidavits in support of their oppositions to summary judgment motions. *See* Fed. R. Civ. P. 56(c)(4).

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court deny Illumina's objections to and motion to strike the Barron, Edwards, Mulholland, Sylvain, and Howe Declarations.

Dated: January 16, 2013

Respectfully Submitted,

By: /s/ Jenny C. Wu
Jenny C. Wu

Bradford Paul Schmidt
LIFE TECHNOLOGIES CORPORATION
5791 Van Allen Way
Carlsbad, CA 92008
Telephone: (760) 603-7200

Nicholas Groombridge (*pro hac vice*)
Catherine Nyaraday (*pro hac vice*)
Peter Sandel (*pro hac vice*)
Jenny C. Wu (*pro hac vice*)
Rebecca Fett (*pro hac vice*)
Robert Lin (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of Americas
New York, NY 10019
Telephone: (212) 373-3000

Matthew D. Murphey
TROUTMAN SANDERS LLP
11682 El Camino Real, Suite 400
San Diego, CA 92130
Telephone: (858) 509-6000

Attorneys for Plaintiffs/Counterclaim Defendants
LIFE TECHNOLOGIES CORPORATION,
APPLIED BIOSYSTEMS, LLC, INSTITUTE FOR
PROTEIN RESEARCH, ALEXANDER
CHETVERIN, HELENA CHETVERINA, and
WILLIAM HONE

## **CERTIFICATE OF SERVICE**

I hereby certify that, on January 16, 2013, a true and correct copy of the document entitled:

**OPPOSITION TO ILLUMINA'S OBJECTION TO AND MOTION TO STRIKE PLAINTIFFS' EXPERT DECLARATIONS**

was transmitted to the parties and counsel of record listed below via the Court's CM-ECF system as a result of the electronic filing of these documents.

| | |
|---|---|
| Bradford P. Schmidt<br>LIFE TECHNOLOGIES CORPORATION<br>5791 Van Allen Way<br>Carlsbad, CA 92008<br>Telephone: (760) 603-7200<br>Email:<br>bradford.schmidt@lifetech.com | Attorneys for Plaintiffs/Counterclaim Defendants<br>LIFE TECHNOLOGIES CORPORATION, APPLIED BIOSYSTEMS, LLC, INSTITUTE FOR PROTEIN RESEARCH, ALEXANDER CHETVERIN, HELENA CHETVERINA, and WILLIAM HONE |
| Nicholas Groombridge  (*pro hac vice*)<br>Catherine Nyarady (*pro hac vice*)<br>Peter Sandel  (*pro hac vice*)<br>Rebecca Fett (*pro hac vice*)<br>Jenny C. Wu  (*pro hac vice*)<br>Robert Lin (*pro hac vice*)<br>PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP<br>1285 Avenue Of Americas<br>New York, NY 10019<br>Telephone: (212) 373-3000<br>Email:<br>ngroombridge@paulweiss.com<br>cnyarady@paulweiss.com<br>psandel@paulweiss.com<br>rfett@paulweiss.com<br>jcwu@paulweiss.com<br>rlin@paulweiss.com | Attorneys for Plaintiffs/Counterclaim Defendants<br>LIFE TECHNOLOGIES CORPORATION, APPLIED BIOSYSTEMS, LLC, INSTITUTE FOR PROTEIN RESEARCH, ALEXANDER CHETVERIN, HELENA CHETVERINA, and WILLIAM HONE |
| Matthew D. Murphey<br>TROUTMAN SANDERS LLP<br>11682 El Camino Real, Suite 400<br>San Diego, CA 92130<br>Telephone: (858) 509-6000<br>Email:<br>matt.murphey@troutmansanders.com | Attorneys for Plaintiffs/Counterclaim Defendants<br>LIFE TECHNOLOGIES CORPORATION, APPLIED BIOSYSTEMS, LLC, INSTITUTE FOR PROTEIN RESEARCH, ALEXANDER CHETVERIN, HELENA CHETVERINA, and WILLIAM HONE |

| | | |
|---|---|---|
| 1<br>2<br>3<br>4 | E. Joseph Connaughton<br>PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP<br>101 West Broadway, Ninth Floor<br>San Diego, CA 92010<br>Telephone:  (619) 744-3645<br>Email:<br>connaughton@paulplevin.com | Attorneys for Defendants/Counterclaim Plaintiffs<br>ILLUMINA, INC. and SOLEXA, INC. |
| 5<br>6<br>7<br>8<br>9<br>10<br>11<br>12<br>13<br>14 | Mark H. Izraelewicz *(pro hac vice)*<br>Kevin M. Flowers *(pro hac vice)*<br>Matthew C. Nielsen *(pro hac vice)*<br>Cullen N. Pendleton *(pro hac vice)*<br>John R. Labbe *(pro hac vice)*<br>Amanda Antons *(pro hac vice)*<br>MARSHALL, GERSTEIN & BORUN LLP<br>233 South Wacker Drive<br>6300 Willis Tower<br>Chicago, IL 60606<br>Telephone:  (312) 474-6300<br>Email:<br>mizraelewicz@marshallip.com<br>kflowers@marshallip.com<br>mnielsen@marshallip.com<br>cpendleton@marshallip.com<br>jlabbe@marshallip.com<br>aantons@marshallip.com | Attorneys for Defendants/Counterclaim Plaintiffs<br>ILLUMINA, INC. and SOLEXA, INC. |
| 15<br>16<br>17<br>18<br>19 | Ronald M. Wawrzyn *(pro hac vice)*<br>Matthew M. Wawrzyn *(pro hac vice)*<br>WAWRZYN LLC<br>233 South Wacker Drive, 84th Floor, Willis Tower<br>Chicago, IL 60606<br>Telephone:  (312) 283-8330<br>Email:<br>matt@wawrzynlaw.com<br>ron@wawrzynlaw.com | Attorneys for Defendants/Counterclaim Plaintiffs<br>ILLUMINA, INC. and SOLEXA, INC. |
| 20<br>21<br>22<br>23<br>24 | Jeffrey N. Costakos *(pro hac vice)*<br>Rebecca J. Pirozzolo-Mellowes *(pro hac vice)*<br>FOLEY & LARDNER, LLP<br>777 East Wisconsin Avenue<br>Milwaukee, WI 53202<br>Telephone:  (414) 297-5717<br>Email:<br>jcostakos@foley.com<br>jpirozzolo-mellowes@foley.com | Attorneys for Defendants/Counterclaim Plaintiffs<br>ILLUMINA INC. and SOLEXA, INC. |
| 25<br>26<br>27<br>28 | Steven J. Balick<br>Andrew Dieter Cordo<br>Lauren E. Maguire<br>Tiffany Geyer Lydon<br>ASHBY & GEDDES<br>500 Delaware Avenue, 8th Floor<br>PO Box 1150 | Attorneys for Defendants/Counterclaim Plaintiffs<br>ILLUMINA, INC. and SOLEXA, INC. |

| | |
|---|---|
| Wilmington, DE  19899<br>Telephone:  (302) 654-1888<br>Email:<br>sbalick@ashby-geddes.com<br>acordo@ashby-geddes.com<br>lmaguire@ashby-geddes.com<br>tlydon@ashby-geddes.com | |

I declare under penalty of perjury under the laws of the State of California and the United States of America, that the above is true and correct, and that I executed this Certificate of Service on January 16, 2013, at New York, New York.

                                                    s/ Jenny C. Wu
                                                  Jenny C. Wu
                                                  E-mail:  JCWu@paulweiss.com