MATTHEW D. MURPHEY (SBN 194111)
matt.murphey@troutmansanders.com
TROUTMAN SANDERS LLP
11682 El Camino Real, Suite 400
San Diego, CA 92130
Telephone: (858) 509-6000

BRADFORD PAUL SCHMIDT (SBN 174440)
LIFE TECHNOLOGIES CORPORATION
5791 Van Allen Way
Carlsbad, CA 92008
Telephone: (760) 603-7200

NICHOLAS GROOMBRIDGE (*pro hac vice*)
DAVID J. BALL, JR. (*pro hac vice*)
CATHERINE NYARADY (*pro hac vice*)
JENNY C. WU (*pro hac vice*)
ERIN A. WIGGINS (*pro hac vice*)
JOSEPHINE YOUNG (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of Americas
New York, NY 10019
Telephone: (212) 373-3000

Attorneys for Plaintiffs/Counterclaim Defendants
LIFE TECHNOLOGIES CORPORATION, APPLIED BIOSYSTEMS, LLC, INSTITUTE FOR PROTEIN RESEARCH, ALEXANDER CHETVERIN, HELENA CHETVERINA, and WILLIAM HONE

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LIFE TECHNOLOGIES CORPORATION, APPLIED BIOSYSTEMS, LLC, INSTITUTE FOR PROTEIN RESEARCH, ALEXANDER CHETVERIN, HELENA CHETVERINA, and WILLIAM HONE, <br><br> Plaintiffs/Counterclaim Defendants, <br><br> v. <br><br> ILLUMINA, INC. and SOLEXA, INC., <br><br> Defendants/Counterclaim Plaintiffs. | Case No. 3:11-cv-00703-BTM (DHB) <br><br> **[REDACTED] PLAINTIFFS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION FOR RECONSIDERATION OF THE MARCH 20, 2013 SUMMARY JUDGMENT ORDER** <br><br> **[HIGHLY CONFIDENTIAL—FILED UNDER SEAL]** <br><br> Date: June 14, 2013 <br> Time: 11:00 AM <br> Place: 15B - Annex <br> Judge: Hon. Barry Ted Moskowitz <br><br> **[PER CHAMBERS, NO ORAL ARGUMENT UNLESS REQUESTED]** |

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ............................................................................................. 1

II. ARGUMENT ................................................................................................... 2

    A.  The Order Should Be Reconsidered and Vacated Because It Failed To Faithfully Apply Judge Kelly's Claim Constructions ........................... 2

        1.  The Order Changed The Claim Constructions ....................................... 2

        2.  Illumina's Opposition Brief Misses The Point ....................................... 4

    B.  The Order Is Clearly Erroneous Because It Disregarded Critical Disputed Facts ............................................................................................. 4

    C.  Plaintiffs' Infringement Evidence Under The Original Claim Constructions Was Both Timely And Consistent ....................................... 8

    D.  Plaintiffs Should Be Allowed To Challenge The New Claim Constructions and Provide New Infringement Evidence In Response To Any Modifications ................................................................................. 9

III. CONCLUSION ............................................................................................... 10

## I. INTRODUCTION

The Summary Judgment Order ("Order") should be reconsidered and vacated because it is based on new, fundamentally different claim constructions (which are the "law of the case"), and Plaintiffs have the right to address and contest those new claim constructions and present infringement evidence under any altered constructions. The Order should also be reconsidered and vacated under the existing Claim Construction Order as clearly erroneous for misapprehending the claim constructions and the clear language of the claims and for disregarding evidence that demonstrates Illumina's infringement and at the very least should have been viewed in the light most favorable to Plaintiffs.

Illumina's opposition is based largely on the unfounded assertion that Plaintiffs seek to change the construction of "amplification system" adopted by Judge Kelly in 2010. The reality is that Judge Kelly adopted Plaintiffs' proposed construction and construed "amplification system" to require "a set of components that together can amplify a nucleic acid." Claim Const. Order [Doc. No. 132] at 4-6. However, the Order *sua sponte* amended that claim construction to now require that the system have "***all*** the components necessary to achieve ***exponential*** amplification." [Doc. No. 488 at 3-4 (emphasis added).] It was only by erroneously introducing these new requirements—that the claimed system have "***all*** the components" and must also perform "***exponential*** amplification"—that Judge Bencivengo was able to conclude that Illumina did not infringe.

The Order compounded that error when it adopted a new construction of "aqueous liquid phase" requiring that each and every component of the amplification system be aqueous. [Doc. No. 488 at 5, 7 (wrongly concluding that formamide cannot be included in the aqueous liquid phase because it is not itself aqueous).] But Judge Kelly expressly rejected that construction and instead held that the "components of the amplification system included in the aqueous liquid phase do not have to be fully dissolved or even suspended in liquid." [Doc. No.

132 at 7.] Thus, even if formamide is part of Illumina's amplification system—which it is not—and assuming Illumina is correct that formamide is not in the water-based phase, Illumina's products and methods still infringe.

Plaintiffs' summary judgment opposition applied Judge Kelly's constructions and presented genuine disputes of material facts that precluded summary judgment. Judge Bencivengo did not account for this evidence and failed to view it in a light most favorable to Plaintiffs, thereby committing clear error. Further, the revised claim constructions are a change in controlling law, and if any of the new constructions is maintained, Plaintiffs should be afforded a chance to prove infringement under it. Lastly, Illumina does not contest the extraordinary circumstances that led Plaintiffs' expert to be unavailable at a critical time during the summary judgment phase of the case. The Order should be reconsidered and vacated, and this case should proceed to trial.

## II.    ARGUMENT

### A.    The Order Should Be Reconsidered and Vacated Because It Failed To Faithfully Apply Judge Kelly's Claim Constructions

#### 1.    The Order Changed The Claim Constructions

The summary judgment ruling was not based on the original claim constructions. *See, e.g.*, Pls. Recons. Br. [Doc. No. 495-1] at 3-4, 15, 19-20. That there were changes is apparent from Judge Bencivengo's statement at the summary judgment hearing—which Illumina's opposition brief actually highlights—that the Chetverin Patents and Illumina's accused products are "very different" because in the asserted claims "everything has got to stay in one place" and in Illumina's product "everything is washing in and out." Defs.' Resp. Opp'n Br. [Doc. No. 500] at 2 (citing Jan. 17, 2013 Hr'g Tr. at 39:22-40:2). That observation is directly contrary to Judge Kelly's conclusion that the Chetverin Patents do in fact cover embodiments where amplification system components are washed in and out: "the invention encompasses a system in which ***individual components of an***

*amplification system can be transported in and out of the matrix*." Claim Constr. Order [Doc. No. 132] at 13 (emphasis added); *see also* '478 Patent at 10:13-14.

***First***, the Order changed the construction of "amplification system" from "a set of components that together can amplify a nucleic acid" to "***all*** the necessary components necessary to achieve ***exponential*** amplification." *Compare* Claim Constr. Order [Doc. No. 132] at 6 *with* Order [Doc. No. 488] at 3-4 (emphasis added). The new construction erroneously conflated the two separately claimed steps of (i) providing an "amplification system," and (ii) incubating the provided amplification system "under conditions promoting exponential synthesis of nucleic acids." *See, e.g.*, Pls.' Recons. Br. [Doc. No. 495-1] at 7. Conditions that act on the amplification system to "promot[e] exponential synthesis" are not the same as the components of the amplification system itself.

***Second***, Judge Bencivengo reconstrued "aqueous liquid phase" to require that all components of the amplification system included in the liquid phase be aqueous themselves. Order [Doc. No. 488] at 7-8. The Claim Construction Order previously rejected that reading of the claims, explicitly stating that the individual components of the claimed amplification system "do not have to be fully dissolved or even suspended in liquid" in order for the claimed liquid phase to be "aqueous." [Doc. No. 132 at 7.] Illumina does not deny this.

***Third***, the Order erroneously construed claims 1 and 2 of the '568 Patent, which are directed to a preformed immobilized medium, to require the use of that medium to exponentially synthesize nucleic acids. Pls.' Recons. Br. [Doc. No. 495-1] at 26; Order [Doc. No. 488] at 8. The plain language of the claims is drawn to a physical item—a medium comprising a "polymerase enzyme system" (which was construed the same as "amplification system") that is "capable of performing" exponential synthesis. And "to infringe a claim that recites capability and not actual operation, an accused device 'need only be capable of operating' in the described mode." *Finjan, Inc. v. Secure Computing Corp.*, 626 F.3d 1197, 1204

(Fed. Cir. 2010) (quoting *Intel Corp. v. U.S. Int'l Trade Comm'n*, 946 F.2d 821, 832 (Fed. Cir. 1991)). The claims define the medium partly in terms of what it is capable of doing, and expressly do not require that any method steps be performed. Thus, it was clear error to require the actual use of that medium (which contains the "amplification system") in exponential synthesis.

### 2. Illumina's Opposition Brief Misses The Point

Unable to deny that summary judgment was divorced from the Claim Construction Order, Illumina makes irrelevant and unsubstantiated responses.

***First***, Illumina attacks Plaintiffs for supposedly seeking a different claim construction of "amplification system." That attack is meritless; the Claim Construction Order reflected the constructions that Plaintiffs sought and obtained.

***Second***, Illumina argues that Plaintiffs seek to revise the construction of "amplification system" to require a specific list of components. But Illumina's sole support is an isolated statement that the components of Illumina's amplification system are consistent with the exemplary components of an amplification system identified by the patents. That is all. *See* Defs.' Recons. Opp'n Br. [Doc. No. 500] at 8 (citing Pls.' Recons. Br. [Doc. No. 495-1] at 10).

***Third***, Illumina argues that Plaintiffs seek to reconstrue "amplification system" such that it is "*hypothetically* 'capable' of exponential amplification." *See id.* at 23 (emphasis in original). But as explained above, claims 1 and 2 of the '568 Patent explicitly require only that the amplification system be "***capable of***" performing exponential synthesis. This is why the claim construction ordered by Judge Kelly explicitly included the word "***can***." [Doc. No. 132 at 4, 6 ("LifeTech and Illumina both agree that the amplification system is a set of components that together ***can*** amplify an nucleic acid.") (emphasis added)].

### B. The Order Is Clearly Erroneous Because It Disregarded Critical Disputed Facts

The Order should have applied the following facts—which Illumina does not

contest—to Judge Kelly's constructions. These facts demonstrate: (i) formamide is not a component of the "amplification system," and (ii) even if formamide were a component, the liquid phase that includes formamide is still "aqueous."

- In the claims, the "amplification system" provided is not the same as the "conditions" used to promote exponential synthesis, which involves both amplification and denaturation. *See, e.g.*, '478 Patent, claim 1; Pls.' SJ Opp'n Br. [Doc. No. 370-16], Lin Ex. 14 (Barron Report) at App. C; *see also* [Doc. No. 495-1 at 6].

- Illumina's products use heat as a "condition" to denature nucleic acids. *See, e.g.*, Illumina's SJ Br. [Doc. No. 320-2], Wawrzyn Ex. 1 (Weinstock Rebuttal Report) ¶ 42; *see also* [Doc. No. 495-1 at 13].

- Formamide is simply used to lower the amount of heat needed to denature nucleic acids.[1] *See, e.g.*, Illumina's SJ Br. [Doc. No. 320-2], Wawrzyn Ex. 1 (Weinstock Rebuttal Report) ¶ 46; *see also* [Doc. No. 495-1 at 2, 8].

- The "Amplification Mix" used to amplify nucleic acids is different from the "formamide wash" used to establish denaturing conditions. *See, e.g.*, Pls.' SJ Hr'g Slides at 7; Pls.' SJ Opp'n Br. [Doc. No. 370-16], Lin Ex. 14 (Barron Report) at App. C (citing Boutell Dep. Tr. at 24-29); *see also* [Doc. No. 495-1 at 15-16].

- In the claims, not every amplification system component in the liquid phase needs to be "water-based"—they "do not have to be fully dissolved or even suspended in liquid." Claim Constr. Order [Doc. No. 132] at 7; *see also* [Doc. No. 495-1 at 10-11, 19-20].

- 

---

[1] Indeed, as even Illumina cannot deny, Illumina's documents describe the use of formamide as a "denaturing condition." [Doc. No. 495-1 at 10-12.]

██████████████████████████████████████████████████████

Illumina assert that Plaintiffs did not dispute its "Statement of Undisputed Material Facts" attached to its summary judgment motion (*see* Defs.' Recons. Opp'n Br. [Doc. No. 500] at 14-15), but the entirety of Plaintiffs' opposition to that motion was dedicated to disputing that Statement. Although Illumina contends that it was "never disputed that Illumina uses formamide to amplify nucleic acids" (*id.* at 24), which is "essential to Illumina's amplification system" (*id.* at 6), and that formamide "is never part of any aqueous phase" (*id.* at 15), those issues were—and remain—very much in dispute.

In addition, Illumina's opposition confirms the incorrectness of the Order. ***First***, Illumina is conspicuously silent about the Order's erroneous statement that RNase H, like formamide, is a "denaturing enzyme" component in the 3SR amplification system and accompanying conclusion that formamide is a denaturant component of Illumina's amplification system. *See* Order [Doc. No. 488] at 7. Illumina does not and cannot dispute that RNase H is not a "denaturing enzyme." To the extent Illumina now argues that RNase H is an amplification system component that is not involved in copying—that is, amplifying—nucleic acid, *see* Defs.' Recons. Opp'n Br. [Doc. No. 500] at 6, this is a new argument that is materially contradicted by both the patent specifications and Dr. Barron.[3] Thus, the Order's reliance on RNase H as a "denaturing enzyme" is another clear error.

***Second***, Illumina is wrong that formamide is analogous to a buffer. Unlike

██████████████████████████████████████████████████████

---

[3] *See, e.g.*, '478 Patent at 2:50-54; Barron Decl. [Doc. No. 495-14] ¶¶ 44-48 (describing 3SR as a process where three enzymes, including RNase H, act "in concert" to obtain exponentially amplified nucleic acids). Illumina's citation to Dr. Chetverin's 2011 article, *see* Defs.' Recons. Opp. Br. [Doc. No. 500] at 10, is also not relevant. In context, Dr. Chetverin is using the words "amplifying" and "copying" to refer to the act of copying a nucleic acid template.

1  formamide, the buffer is involved in copying because it enables the polymerase
2  enzyme to function.  *See, e.g.*, Illumina's SJ Br. [Doc. No. 320-2], Wawrzyn Ex. 1
3  (Weinstock Rebuttal Report) ¶ 42; http://www.molecularstation.com/pcr/
4  successful-pcr-conditions/ (noting that buffer magnesium ions are essential for
5  polymerases to work).  But according to Illumina, formamide cannot be involved in
6  copying because it prohibits polymerase functionality.  *See, e.g.*, Illumina's SJ Br.
7  [Doc. No. 320-2], Wawrzyn Ex. 1 (Weinstock Rebuttal Report) ¶ 92 ("If
8  formamide remained in the flow cell at the same time and place as the amplification
9  mix" then "no amplification would occur."); *id.* at Ex. A (Illumina's Statement of
10 Undisputed Material Facts) ¶¶ 9, 13.
11         ***Third***, Illumina's argument that all of the materials it uses in its process must
12 be considered components of the amplification system fails because claims 1 and 2
13 of the '568 Patent are directed to a preformed immobilized medium and explicitly
14 recite that the claimed amplification system need only be "capable of performing"
15 an exponential amplification process.  As Dr. Barron explained, the medium
16 comprising Illumina's "Amplification Mix" and primers infringes claims 1 and 2 of
17 the '568 Patent because that medium is "capable of" performing traditional PCR
18 under thermocycling conditions.  Barron Decl. [Doc. No. 495-14] ¶ 52.  Illumina's
19 only response is to complain that "Dr. Barron is wrong."  Defs.' Recons. Opp'n Br.
20 [Doc. No. 500] at 14 (recognizing Dr. Barron's opinion that BST is thermostable,
21 and citing their own expert's opinion that it is not).  This is a classic dispute of
22 material fact.  And whether Illumina's amplification process might include other
23 components beyond what Dr. Barron identified makes no difference.  The presence
24 of additional materials does not avoid infringement when each element recited in
25 the claims is found in an accused device.  *See Stiftung v. Renishaw PLC*, 945 F.2d
26 1173, 1178 (Fed. Cir. 1991).  To grant summary judgment based on limitations not
27 found in the claims and when genuine issues of material fact exist is yet another
28 clear error.

The Order's clear factual errors were further compounded by its failure to view all the evidence in the light most favorable to the non-movant as required by Rule 56. The Order did not, as Illumina asserts, adopt Plaintiffs' description of Illumina's products and methods, Defs.' Recons. Opp'n Br. [Doc. No. 500] at 5; rather, it essentially quoted Illumina's description, set forth in its statement of allegedly "undisputed" material facts, which were and remain very much disputed. In addition, Judge Bencivengo failed to consider significant evidence presented by Plaintiffs, including:

- Dr. Barron's explanation that Illumina's "amplification system" is Illumina's "Amplification Mix" and primers, and that Illumina's formamide wash is used in the incubating step to establish denaturation conditions. Pls.' SJ Opp'n Br. [Doc. No. 370-16], Lin Ex. 14 (Barron Report) at App. C; *see also* [Doc. No. 495-1 at 15].
- Dr. Edwards's declaration stating that, based on his experience as one of skill in the art, formamide is not a component of the amplification system because it is a denaturing agent. [Doc. No. 373-1]; *see also* [Doc. No. 495-1 at 18].

Failing to consider Plaintiffs' evidence, particularly when it should be considered in the light most favorable to Plaintiffs, is clear error.

### C. Plaintiffs' Infringement Evidence Under The Original Claim Constructions Was Both Timely And Consistent

As Plaintiffs explained in their opening brief, the questions of whether formamide is a component of Illumina's amplification system and, in turn, whether Illumina's liquid phase is thus non-aqueous was never put in issue until Dr. Weinstock's August 31, 2012 rebuttal expert report.[4]

---

[4] Illumina wrongly asserts that it had twice disclosed its formamide-related noninfringement arguments earlier. *First*, Illumina's February 18, 2010 interrogatory response merely wrote out 27 different claim terms that are purportedly not met without once using the word "formamide." Illumina's assertion that Plaintiffs should have moved to compel for more detail is troubling—in effect, Illumina is saying that it could have disclosed its true contentions about

1  Thus, Plaintiffs had no opportunity to address Illumina's late-disclosed
2  noninfringement argument based on the Court's scheduling order until the
3  opposition to Illumina's summary judgment motion.  Even then, as Illumina cannot
4  refute, the first meaningful opportunity for Dr. Barron to respond was not until after
5  the summary judgment hearing had concluded.  Illumina did not ask Dr. Barron any
6  questions about its formamide-related arguments during her deposition.  Moreover,
7  as explained by Plaintiffs, Dr. Barron's extraordinary personal circumstances
8  limited her availability to evaluate and respond to Illumina's arguments during the
9  summary judgment stage.  *See* Groombridge Decl. [Doc. No. 495-13] ¶¶ 3-7.
10 Illumina states that reconsideration "should only be granted in 'highly unusual
11 circumstances,'" Defs.' Recons. Br. [Doc. No. 500] at 3, quoting *Carroll v.*
12 *Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003), and Dr. Barron's personal situation
13 represents the epitome of such "highly unusual circumstances."

14 Illumina also asserts incorrectly that the evidence presented by Dr. Barron
15 now and what she said at the summary judgment stage are inconsistent.  For
16 example, Illumina does not challenge that Dr. Barron opined in her August 2, 2012
17 expert report that the claimed "amplification system" is Illumina's "Amplification
18 Mix" and primers, and that the incubating conditions for the overall exponential
19 synthesis includes the use of a formamide wash to facilitate denaturation.[5]

**D.  Plaintiffs Should Be Allowed To Challenge The New Claim Constructions and Provide New Infringement Evidence In**

---

formamide in 2010 but instead withheld them for more than two years.  **Second**, Joe Boutell, one of Illumina's Rule 30(b)(6) witnesses, was simply deposed about how Illumina's products work, and accordingly did not testify about Illumina's noninfringement positions.

[5] Because Illumina had never previously revealed its contentions that formamide is a component of the amplification system and that the liquid phase that includes an amplification system with "neat" formamide is not aqueous, Dr. Barron did not consider those issues in her opening report.  But Plaintiffs have argued already that the liquid phase of Illumina's accused products is still aqueous even if formamide is a component.  Pls.' SJ Opp'n Br. [Doc. No. 370] at 7-8.

**Response To Any Modifications**

Neither party previously addressed the revised claim constructions *sua sponte* adopted in the Order. Claim construction should be reopened so the parties can address them now rather than for the first time on appeal. And even if there is no further *Markman* proceeding, the Order should be vacated because Plaintiffs have presented new infringement evidence under the new claim constructions. *See, e.g.*, *Praxair, Inc. v. ATMI, Inc.*, 543 F.3d 1306, 1324 (Fed. Cir. 2008) (holding that a new trial was required because "a new claim construction" was adopted on appeal).

Illumina does not dispute Plaintiffs' evidence of literal infringement under Judge Bencivengo's new constructions (which alone compels overturning summary judgment). Instead, Illumina asks this Court to disregard Dr. Barron's opinions as "conclusory." Defs.' Recons. Opp'n Br. [Doc. No. 500] at 19-20, 25 (citing *Barmag Barmer Maschinenfabrik AG v. Murata Mach., Ltd.*, 731 F.2d 831 (Fed. Cir. 1984)). But Dr. Barron is exactly the type of "knowledgeable affiant" that the Federal Circuit requires be presented. *Barmag*, 731 F.2d at 836. ███████

███████

███████

Illumina's disagreement simply presents genuine disputes of material fact that preclude summary judgment.

Illumina also professes "outrage" that Plaintiffs advance doctrine of equivalents argument and evidence, but studiously ignores that it is based on the change in claim construction. This is yet another example that there are factual disputes that are properly decided by a jury, not on summary judgment.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court reconsider and vacate its summary judgment ruling.

Dated:  June 7, 2013     Respectfully Submitted,

By:   /s/ Josephine Young
           Josephine Young

Bradford Paul Schmidt
LIFE TECHNOLOGIES CORPORATION
5791 Van Allen Way
Carlsbad, CA 92008
Telephone:  (760) 603-7200

Nicholas Groombridge (*pro hac vice*)
David J. Ball, Jr. (*pro hac vice*)
Catherine Nyarady (*pro hac vice*)
Jenny C. Wu (*pro hac vice*)
Erin A. Wiggins (*pro hac vice*)
Josephine Young (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of Americas
New York, NY 10019
Telephone: (212) 373-3000

Matthew D. Murphey
TROUTMAN SANDERS LLP
11682 El Camino Real, Suite 400
San Diego, CA  92130
Telephone:  (858) 509-6000

Attorneys for Plaintiffs/Counterclaim Defendants
LIFE TECHNOLOGIES CORP., APPLIED BIOSYSTEMS, LLC, INSTITUTE FOR PROTEIN RESEARCH, ALEXANDER CHETVERIN, HELENA CHETVERINA, and WILLIAM HONE

# CERTIFICATE OF SERVICE

I hereby certify that, on **June 7, 2013**, a true and correct copy of the document entitled:

**[REDACTED] PLAINTIFFS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION FOR RECONSIDERATION OF THE MARCH 20, 2013 SUMMARY JUDGMENT ORDER**

will be transmitted to the parties and counsel of record listed below via the Court's CM-ECF system as a result of the electronic filing of these documents.

I also hereby certify that, on **June 7, 2013**, a true and correct copy of the sealed lodged proposed document entitled:

**PLAINTIFFS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION FOR RECONSIDERATION OF THE MARCH 20, 2013 SUMMARY JUDGMENT ORDER [FILED UNDER SEAL]**

will be transmitted to the parties and counsel of record listed below via email.

| | |
|---|---|
| Bradford P. Schmidt<br>LIFE TECHNOLOGIES CORPORATION<br>5791 Van Allen Way<br>Carlsbad, CA 92008<br>Telephone: (760) 603-7200<br>Email:<br>bradford.schmidt@lifetech.com | Attorneys for Plaintiffs/Counterclaim Defendants<br>LIFE TECHNOLOGIES CORPORATION, APPLIED BIOSYSTEMS, LLC, INSTITUTE FOR PROTEIN RESEARCH, ALEXANDER CHETVERIN, HELENA CHETVERINA, and WILLIAM HONE |
| Nicholas Groombridge (*pro hac vice*)<br>David J. Ball, Jr. (*pro hac vice*)<br>Catherine Nyarady (*pro hac vice*)<br>Jenny C. Wu (*pro hac vice*)<br>Erin A. Wiggins (*pro hac vice*)<br>Josephine Young (*pro hac vice*)<br>PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP<br>1285 Avenue Of Americas<br>New York, NY 10019<br>Telephone: (212) 373-3000<br>Email:<br>ngroombridge@paulweiss.com<br>dball@paulweiss.com<br>cnyarady@paulweiss.com | Attorneys for Plaintiffs/Counterclaim Defendants<br>LIFE TECHNOLOGIES CORPORATION, APPLIED BIOSYSTEMS, LLC, INSTITUTE FOR PROTEIN RESEARCH, ALEXANDER CHETVERIN, HELENA CHETVERINA, and WILLIAM HONE |

| | | |
|---|---|---|
| 1<br>2 | jcwu@paulweiss.com<br>ewiggins@paulweiss.com<br>jyoung@paulweiss.com | |
| 3<br>4<br>5<br>6<br>7<br>8 | Matthew D. Murphey<br>TROUTMAN SANDERS LLP<br>11682 El Camino Real, Suite 400<br>San Diego, CA 92130<br>Telephone:  (858) 509-6000<br>Email:<br>matt.murphey@troutmansanders.com | Attorneys for Plaintiffs/Counterclaim Defendants LIFE TECHNOLOGIES CORPORATION, APPLIED BIOSYSTEMS, LLC, INSTITUTE FOR PROTEIN RESEARCH, ALEXANDER CHETVERIN, HELENA CHETVERINA, and WILLIAM HONE |
| 9<br>10<br>11<br>12<br>13 | E. Joseph Connaughton<br>PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP<br>101 West Broadway, Ninth Floor<br>San Diego, CA 92010<br>Telephone:  (619) 744-3645<br>Email:<br>connaughton@paulplevin.com | Attorneys for Defendants/Counterclaim Plaintiffs ILLUMINA, INC. and SOLEXA, INC. |
| 14<br>15<br>16<br>17<br>18<br>19<br>20<br>21<br>22<br>23 | Mark H. Izraelewicz (*pro hac vice*)<br>Kevin M. Flowers (*pro hac vice*)<br>Matthew C. Nielsen (*pro hac vice*)<br>Cullen N. Pendleton (*pro hac vice*)<br>John R. Labbe (*pro hac vice*)<br>Amanda Antons (*pro hac vice*)<br>MARSHALL, GERSTEIN & BORUN LLP<br>233 South Wacker Drive<br>6300 Willis Tower<br>Chicago, IL 60606<br>Telephone:  (312) 474-6300<br>Email:<br>mizraelewicz@marshallip.com<br>kflowers@marshallip.com<br>mnielsen@marshallip.com<br>cpendleton@marshallip.com<br>jlabbe@marshallip.com<br>aantons@marshallip.com | Attorneys for Defendants/Counterclaim Plaintiffs ILLUMINA, INC. and SOLEXA, INC. |
| 24<br>25<br>26<br>27 | Ronald M. Wawrzyn (*pro hac vice*)<br>Matthew M. Wawrzyn (*pro hac vice*)<br>WAWRZYN LLC<br>233 South Wacker Drive, 84th Floor, Willis Tower<br>Chicago, IL 60606<br>Telephone:  (312) 283-8330<br>Email:<br>matt@wawrzynlaw.com | Attorneys for Defendants/Counterclaim Plaintiffs ILLUMINA, INC. and SOLEXA, INC. |
| 28 | | |

| | |
|---|---|
| ron@wawrzynlaw.com | |
| Jeffrey N. Costakos (*pro hac vice*)<br>Rebecca J. Pirozzolo-Mellowes (*pro hac vice*)<br>FOLEY & LARDNER, LLP<br>777 East Wisconsin Avenue<br>Milwaukee, WI 53202<br>Telephone:  (414) 297-5717<br>Email:<br>jcostakos@foley.com<br>jpirozzolo-mellowes@foley.com | Attorneys for Defendants/Counterclaim Plaintiffs ILLUMINA INC. and SOLEXA, INC. |
| Steven J. Balick<br>Andrew Dieter Cordo<br>Lauren E. Maguire<br>Tiffany Geyer Lydon<br>ASHBY & GEDDES<br>500 Delaware Avenue, 8th Floor<br>PO Box 1150<br>Wilmington, DE  19899<br>Telephone:  (302) 654-1888<br>Email:<br>sbalick@ashby-geddes.com<br>acordo@ashby-geddes.com<br>lmaguire@ashby-geddes.com<br>tlydon@ashby-geddes.com | Attorneys for Defendants/Counterclaim Plaintiffs ILLUMINA, INC. and SOLEXA, INC. |

I declare under penalty of perjury under the laws of the State of California and the United States of America, that the above is true and correct, and that I executed this Certificate of Service on June 7, 2013, at New York, New York.

                                 */s/ Josephine Young*  
                                 Josephine Young  
                                 E-mail:  JYoung@paulweiss.com